## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **Robert Lewis Jr., *on behalf of himself and others similarly situated*,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **CASE:1:25-cv-02757-SCJ** |
| | ) | |
| **Key Digital Strategies LLC** | ) | **Defendant's Memorandum** |
| | ) | **in Support of its Motion to** |
| **DEFENDANT.** | ) | **Dismiss** |

### DEFENDANT KEY DIGITAL STRATEGIES LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW, Key Digital Strategies LLC ("Defendant"), the named Defendant in the above-styled action, by and through the undersigned counsel, and hereby files this *Defendant Key Digital Strategies LLC's Memorandum in Support of its Motion to Dismiss* ("Motion"), providing authorities and citations in support of the Motion, by showing the Court the following:

### FACTUAL BACKGROUND

Pursuant to Plaintiff's Nature of this Action (presumably, Plaintiff's Complaint) filed on May 16, 2025 ("Complaint"), Plaintiff, Robert Lewis Jr. ("Plaintiff"), allegedly resides in the Northern District of Georgia; however, no address is listed for Plaintiff in the Complaint. (*Compl.* ¶ 8). Plaintiff allegedly has owned the registered phone number (XXX) XXX-4145 since November 2024 and registered said phone number with the Do Not Call Registry. (*Compl.* ¶¶ 8-10).

1

Without any further information or support for any of the foregoing facts, Plaintiff's factual assertions cannot be verified.

Defendant is aware of the phone number alleged in the Complaint. The phone number: (XXX) XXX-4145, was used in registering for Poll2Action, which is a website allowing for people to share ideas relating to the economic climate. (*Counterclaim.* ¶ 4 ). Poll2Action is connected with Defendant. (*Counterclaim.* ¶¶ 1-4).

As verified by Defendant's system, the phone number belongs to "Sheril Price" ("Price") (*Ans.* ¶ 5). Price asserted that phone number, (XXX) XXX-4145, was her phone number, and opted-in to receive advertising and marketing materials by check-marking the respective box. (*Ans.* ¶ 5). After selecting the box, Price agreed to be subject to the terms and conditions of use, which were clearly, conspicuously, and conveniently stated after the checked box and links to the incorporated privacy policy and terms and conditions are also included on the website. (*Ans.* ¶¶ 5-8). Notably, the terms and conditions specifically require that any dispute be addressed through arbitration in Tarrant County, Texas. (*Ans.* ¶ 6).

After consenting to receipt of advertising and promotional materials, Defendant texted the registered number with messages beginning on April 15, 2025 the first message and every message telling the number to reply "STOP" to opt out, and continuing until April 29, 2025, as the number never replied STOP. On April 29,

2025, a message was sent from the number elected to stop receiving messages by sending the "Stop" message. Defendant did not send any subsequent text messages pursuant to it's policy which carefully follows all legal requirements.

According to the Complaint, Plaintiff received "a total of five text messages to telephone number (XXX) XXX-4145—one on April 15, 2025 and four on April 16, 2025." (*Compl.* ¶ 12). Plaintiff claims that he never consented to information or promotional materials, and that because of the five text messages promoting products, "Plaintiff suffered actual harm." (*Compl.* ¶¶ 17-20). Other than the mere assertion of ownership, Plaintiff failed to identify how he is, in fact, associated with phone number at issue, instead of Price, and furthermore, he did not identify the specific actual harm suffered in connection with the text messages.

## CITATION TO AUTHORITY

Plaintiff cannot assert its claims in the Complaint against Defendant in this Court because this Court lacks jurisdiction and is not a proper venue. Furthermore, the Complaint fails to satisfy the threshold necessary to survive a motion to dismiss. Due to the ambiguity in the Complaint and the conflicting information in Defendant's records relating to phone number (XXX) XXX-4145, Plaintiff's Complaint cannot survive a motion to dismiss.

**A. This Court Lacks Jurisdiction to Adjudicate the Dispute**.

This Court lacks jurisdiction to adjudicate the dispute because the alleged

phone number was used by a party (whether Plaintiff or Price), who specifically consented to arbitration in the event of any dispute relating to use of the user's data. (*Ans.* ¶¶ 5-6). Under federal law, a contract to arbitrate a dispute is binding, and "'[a]bsent some violation of public policy, a federal court must refer to arbitration any controversies covered by the provisions of the arbitration clause.'" *Payne v. WBY, Inc.*, 141 F.Supp.3d 1344, 1347-48 (N. Dist. Ga. 2015) (quoting *Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1114 (11th Cir. 2001)). Federal law imputes a presumption in favor of arbitration. *Id.* (citing to *Ivax Corp. v. B. Braun of American, Inc.*, 286 F.3d 1309, 1320 (11th Cir. 2002)).

Here, the user of the phone number consented to arbitration when any dispute arises relating to the use of the user's data. (*Ans.* ¶ 5). By check-marking the box, thereby manifesting assent to being subject to the terms and conditions, the user agreed to the following statement: "By checking this box, I consent to the use of my personal information as outlined in the Terms & Conditions (including mandatory arbitration) and Privacy Policy." (*Ans.* ¶¶ 5-10). Furthermore, the Terms & Conditions state the following: "You agree that disputes will be submitted to binding arbitration under the Rules of Arbitration of the American Arbitration Association in Tarrant County, Texas . . .." The user of the phone number fully consented to arbitration, and thus, this Court lacks the jurisdiction to address the issues.

**B. This Court is the Improper Venue for Plaintiff's Claims**.

This Court is the improper venue for Plaintiff's Claims because, as noted above, by check-marking the box, the user of the phone number (whether Price or Plaintiff) specifically consented to resolving any and all disputes through arbitration in Tarrant County, Texas, not the Northern District of Georgia.

**C. Plaintiff's Claims are Baseless Because He Cannot Identify Himself as an Injured Party, Defendant Received Consent to Use the Data, and Plaintiff Fails to Show His Respective Injury**.

The Complaint cannot survive a motion to dismiss because the pleading lacks sufficiently pleaded facts that state a claim to relief. The Eleventh Circuit requires that the court treat as true the allegations in the complaint and view said allegations in plaintiff's favor. *Rivell v. Private Health Care Systems, Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citations omitted). However, a "motion to dismiss under Rule 12(b)(6) 'is granted only when the movant demonstrates that the complaint has failed to include "enough facts to state a claim to relief that is plausible on its face."'" *Kennedy v. Carnival Corp.*, 385 F.Supp.3d 1302, 1311 (S. D. Fl. 2019) (quoting *Dusek v. JP Morgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). Furthermore, the plaintiff must include more than "labels and conclusions," but rather, the complaint must give "sufficient factual matter." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009).

Here, Plaintiff's Complaint fails to contain sufficient factual matter. First, Plaintiff merely asserts that the registered phone number (XXX) XXX-4145 belongs to him; however, without any more information to verify Plaintiff, Defendant's records reflect that phone number (XXX) XXX-4145 belongs to Price, not Plaintiff, or Plaintiff provided a false name to Defendant. (*Ans.* ¶¶ 5-10). Plaintiff cannot bring a cause of action against Defendant on behalf of Price, and if Plaintiff does not own the registered phone number (XXX) XXX-4145, then the remainder of the allegations of the Complaint cannot be true, and thus the Complaint fails to state sufficient facts.

Second, regardless of who the user of the phone number was (whether Plaintiff or Price), said user consented to the use of the user's data, which Defendant received first then provided promotional marketing materials after the phone number opted in to receive such text. (*Ans.* ¶¶ 5-10). Defendant stopped all circulation of materials following its receipt of the first "Stop" message. (*Ans.* ¶¶ 5, 10-11). Therefore, Defendant acted lawfully, both in its circulation of materials after receipt of consent and its stoppage and refusal to send additional messages after receiving notice from the user. Assuming Plaintiff used the phone number (XXX) XXX-4145, Plaintiff cannot assert Defendant being the cause of any injury if Plaintiff consented to the use of such data.

Finally, Plaintiff fails to identify any actual injury suffered by the use of the data. (*Compl.* ¶ 20). The only injury Plaintiff asserts is the receipt of five text messages. (*Compl.* ¶ 20). However, the exhibit in Plaintiff's Complaint reveals that each message had instructions on how to stop receiving further messages. (*Compl.* ¶ 13). Even in the event that Plaintiff is the incorrect recipient of the messages (which Plaintiff cannot show and failed to show in the Complaint), Plaintiff could have easily stopped the messages after the first one he received by sending "Stop."

Due to the ambiguity in the Complaint and the contradicting evidence in Defendant's records, Plaintiff's assertions are mere labels and conclusions, resulting in Plaintiff failing to provide sufficient factual matter to survive a motion to dismiss. Because of the foregoing, this Court should dismiss the Complaint.

## CONCLUSION

Plaintiff's Complaint cannot be heard in this Court. First, this Court lacks personal jurisdiction, and this Court is the improper venue for Plaintiff's claims. Plaintiff's claims must be brought in arbitration in Tarrant County, Texas. Second, Plaintiff fails to state a claim upon which relief can be granted because Plaintiff fails to show how Plaintiff is the injured party, Defendant properly used the data after receiving consent, and Plaintiff fails to identify his specific injury.

Respectfully submitted June 24, 2025

/s/ Blake W. Meadows
Blake W. Meadows
Georgia Bar No. 569729

Christopher J. Horton
Georgia Bar No. 316644
Smith & Meadows, LLC
215 Greencastle Road, Suite B
Tyrone, GA 30290
(404) 835 6506
blake@smithmeadowslaw.com
chris@smithmeadowslaw.com
*Attorneys for Defendant*

## CERTIFICATE OF COUNSEL

I hereby certify that the foregoing has been prepared with Times New Roman,

14 Point font, one of the font point selections approved by the Court in L.R. 5.1C.

Dated: June 24, 2025.

/s/ Blake W. Meadows
Blake W. Meadows
Georgia Bar No. 569729
Christopher J. Horton
Georgia Bar No. 316644
**Smith & Meadows LLC**
215 Greencastle Road, Suite B
Tyrone, Georgia 30290
blake@smithmeadowslaw.com
chris@smithmeadowslaw.com
(404) 835-6506
*Attorneys for Defendant Key*
*Digital Strategies, LLC*

4