## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

ROBERT LEWIS, JR., on behalf of himself
and others similarly situated,

      Plaintiff,

    vs.

KEY DIGITAL STRATEGIES LLC

      Defendant.

Case No. 1:25-cv-02757-VMC

## **PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls-3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020). The TCPA also restricts calls made to numbers on the National Do Not Call Registry.

"The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. §

64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

This case is no different. The Plaintiff alleges a straightforward claim based on his receipt of several unsolicited telemarketing text messages that he did not ask for, and which the Defendant's own evidence (which it isn't even permitted to submit in support of a motion to dismiss) confirms the Plaintiff did not ask for, as

the purported consent for those text messages names someone the Plaintiff does not know. Moreover, the Plaintiff has alleged that such text messages were sent to a Georgia area code. The Defendant's own evidence confirms that Defendant knew that it was contacting a Georgia resident. As such, a "substantial portion" of the events giving rise to this case occurred in Georgia.

The Defendant's challenges to the Plaintiff's allegations must be developed in discovery; the Rules do not support dismissal of the Complaint under the circumstances here. Like nearly every other Court to consider the issue, there unquestionably exist disputed facts that do not warrant dismissal at the pleadings stage. Defendant's affirmative defense of consent is just that: an affirmative defense that should be decided at jury trial. This matter should continue to discovery and the Defendant's motion to dismiss should be denied.

## FACTUAL BACKGROUND

The Plaintiff filed the instant complaint alleging violations of the Telephone Consumer Protection Act for unsolicited text messages despite being on the National Do Not Call Registry. The Defendant has filed a Motion to Dismiss, as well as an answer. This response follows.

## LEGAL STANDARD

Defendant claims to move to dismiss the Plaintiff's complaint, but does not

even address the applicable standard. However, Plaintiff is construing, and this Court should construe, the motion as one under Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure, as Defendant challenges the factual allegations in the Complaint, as well as venue.

Under Rule 12(b)(6), a court may dismiss a complaint that fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rather than require detailed pleadings, the Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

Of note here, for the purposes of a motion to dismiss, the court *must* accept all factual allegations in the complaint as true and draw all reasonable factual inferences in the non-movant's favor. *Twombly*, 550 U.S. at 555. On ruling on such a motion, the Court may not consider the motion that relies on extrinsic evidence outside the pleadings. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir.

2003). Even to the extent that some evidence outside the pleadings poses a factual conflict with the complaint's allegations, the complaint's allegations prevail and control. "Where conflict exists between the allegations in the complaint and evidence outside the pleadings, the court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Capital Corp. Merch. Banking, Inc. v. Corp. Colocation, Inc.*, No. 6:07-cv-1626-Orl-19KRS, 2008 WL 4058014, at *1 (M.D.Fla. Aug. 27, 2008).

The standard for a motion to dismiss under Rule 12(b)(3) is similarly well-established before this Court. "The structure of the federal venue provisions confirms that they alone define whether venue exists in a given forum. In particular, the venue statutes reflect Congress' intent that venue should always lie in some federal court whenever federal courts have personal jurisdiction over the defendant." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013). Venue is proper so long as one of the three "requirements of [28 U.S.C.] § 1391(b) are met." *Id.* When venue is challenged by a Rule 12(b)(3) motion, the plaintiff has the burden of showing that venue in the forum is proper. *Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988). As with a motion to dismiss, the court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004).

5

If venue is held to be improper, the proper remedy is to transfer the case under [28 U.S.C.] § 1406(a) or dismiss the case if venue is wholly improper before any federal court. *Atl. Marine*, 571 U.S. at 56.

# ARGUMENT

## A. Defendant has filed an answer. As such, the motion is moot.

The Defendant filed its Answer to the Complaint, together with its counterclaims (which the Plaintiff will be seeking to dismiss), in addition to filing its motion to dismiss. By doing so, it has waived its right to seek dismissal under Rule 12(b)(6). A Rule 12(b)(6) defense "must be made before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b). As such, Rule 12(g) operates as a bar to the instant motion to dismiss, as Defendant has waived its right to file a motion by subsequently answering the claims. *In re Mackey*, No. 8:24-CV-309-SDM-NHA, 2024 WL 5340727, at *2 (M.D. Fla. Nov. 25, 2024). Therefore, here, "because a responsive pleading—an answer—ha[s] been filed, under the plain language of Rule 12(b), a motion to dismiss [is] inappropriate." *Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002). And, to the extent that the Motion presents arguments that the Complaint fails to state a claim or otherwise challenges the sufficiency of the pleadings, the Motion must be denied as moot, as Defendant has answered. *See Walker v. Mead*, No. 6:13-CV-1894-ORL-36, 2014 WL 2778162, at *1 (M.D. Fla. June 18, 2014) (dismissing 12(b)(6) motion filed contemporaneously with answer as moot and noting that "District Courts in the Eleventh Circuit routinely deny motions to dismiss as moot which are filed simultaneously with or after an answer is filed"). As the Defendant has filed an

Answer, the Court should deny the motion as moot. But even if this Court were to consider the Motion, it is due to be denied.

**B. The Plaintiff states a claim for receiving a text messages without consent while being on the National Do Not Call Registry.**

"The Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, she can add her number to the list. The TCPA then restricts the telephone solicitations that can be made to that number." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019), *cert. denied, DISH Network L.L.C. v. Krakauer*, 140 S. Ct. 676 (2019). The relevant statute, 47 U.S.C. § 227(c)(5), prohibits violating any of the TCPA's implementing regulations. The relevant regulation here, 47 C.F.R. § 64.1200(c)(2), provides that "No person or entity shall initiate any telephone solicitation to: A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."

The regulation further provides that "Any person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) will not be liable for violating this requirement if: It has obtained the subscriber's prior express invitation or permission. Such permission must be evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which

the calls may be placed." 47 C.F.R. § 64.1200(c)(2)(ii). Simply put, the regulation provides an *affirmative defense* of consent and does not permit this Court to adjudicate disputed issues of consent, as here, at the pleadings stage.

Contrary to the Defendant's contention that the "Plaintiff's factual assertions cannot be verified," and that the Defendant needs "more information to verify Plaintiff," that misstates the applicable standard on a motion to dismiss, which requires the Court to draw all facts in favor of the Plaintiff. *Twombly*, 550 U.S. at 555. Plaintiff has done so, pleading that the number is his, as well as the date he obtained it and the date he registered it on the Do Not Call Registry, which were months prior to the subject text messages. (Compl. ¶ 8–11).

Though Mr. Lewis' complaint is straightforward, it articulates far more than threadbare legal conclusions claimed by the Defendant. The complaint unequivocally states that the Defendant routinely sends such messages "without prior express invitation or permission required by the TCPA." (Compl. ¶ 2). The Complaint further alleges the fact that the "Plaintiff did not give Defendant prior express consent or permission to deliver, or cause to be delivered, advertisement or marketing text messages" to his telephone number, that he "did not request information or promotional materials from Defendant," and that he has "suffered actual harm as a result of the subject text messages in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance." (Compl. ¶ 18-20).

Thus, the Plaintiff has been injured, through a "modern relative of a harm with long common law roots," in addition to being statutorily injured, entitling him to statutory damages. *Drazen v. Pinto*, 74 F.4th 1336, 1345 (11th Cir. 2023).

Although those factual allegations may comport with the language of the statute, that does not render the allegations legal conclusions. The Plaintiff has explained the factual reason why he did not provide express consent: because he did not request information or promotional materials from Defendant. (Compl. ¶ 19). Indeed, although the Plaintiff is not required to proffer an explanation for why the Defendant texted him multiple times, he does so, positing that the "subject text messages were intended for someone other than, and unknown to, Plaintiff." (Compl. ¶ 16). To the extent that the Defendant posits some factual dispute as to whether the Plaintiff consented based on the evidence it provides, that disputed factual question will need to be addressed at a jury trial, not a motion to dismiss.

Simply put, Mr. Lewis is not required to plead the lack of prior express consent, which has been universally recognized as an affirmative defense under the TCPA. As the Eighth Circuit has noted, the FCC ruled that "if any question arises as to whether prior express consent was provided by a call recipient, the burden is on the caller to prove that it obtained the necessary prior express consent." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 523 (8th Cir. 2017). Because Plaintiff has pled the *absence* of consent, he has stated a valid claim at the pleadings stage. *Id.*

Plaintiff plainly alleges that the calls were made without consent, unwelcomed, harmed him and did not come as a result of his invitation or request to be contacted, as outlined above.

An affirmative defense, may only be considered in resolving a motion to dismiss when "'the complaint affirmatively and clearly shows the conclusive applicability' of the defense to bar the action." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1277 (11th Cir. 2004) (citations omitted). Plaintiff need not "anticipate and negate any affirmative defenses" defendant might raise. *Beaudin v. Chase Home Fin. LLC*, No. 6:12-CV-1084-ORL-31, 2012 U.S. Dist. LEXIS 148425, 2012 WL 4903317, at *2 (M.D. Fla. Oct. 16, 2012) (citing *Barrios-Arroyo v. J.L. Wilson Concrete, Inc.*, No. 6:08-cv-1944-ORL22DAB, 2008 U.S. Dist. LEXIS 104133, 2008 WL 5381897 (M.D.Fla. Dec.23, 2008)). As such, courts have routinely denied motions to dismiss in TCPA cases based on an affirmative defense. *See, e.g.*, *Franklin v. Depaul Univ.*, No. 16 C 8612, 2017 WL 3219253, at *4 (N.D. Ill. July 28, 2017) (denying a motion to dismiss where, as here, the complaint stated that the plaintiff never provided his phone number to the defendant or gave prior consent to be called); *Kolinek v. Walgreen Co.*, No. 13 C 4806, 2014 WL 3056813, at *4 (N.D. Ill. July 7, 2014) (rejecting the defendant's prior express consent defense because the court was required to take the plaintiff's allegation that he did not consent to automated calls as true for purposes of

the motion to dismiss).

Mr. Lewis' complaint makes no concession that he provided his prior express written consent to receive telemarketing calls. To the contrary, as his complaint makes clear, Mr. Lewis very much disputes the purported website visit that the Defendant wasn't even permitted to incorporate in its moot motion by reference to the operative answer, nor does that purported website visit even name the Plaintiff. To the contrary, it supports the Plaintiff's allegation that the "subject text messages were intended for someone other than, and unknown to, Plaintiff." (Compl. ¶ 16). Moreover, Mr. Lewis denies any relationship with Defendant. (Compl. ¶ 17). Despite the fact that Mr. Lewis is not required to plead the lack of the Defendant's affirmative defense nor plead around it, he has nonetheless done so.

And legally, far from being apparent on the face of the complaint that the Plaintiff consented, here, the Plaintiff has materially disputed that he consented to the subject communications. Plaintiff's factual allegations contained in his Complaint are entitled to the presumption of truth at the pleadings stage. Indeed, this case is analogous to *Soular v. N. Tier Energy LP*, where Court denied a motion to dismiss where the defendant claimed that the Plaintiff consented to receive the subject text messages because he sent the defendant a text message from his phone. No. 15-CV-556 SRN/LIB, 2015 WL 5024786, at *4 (D. Minn. Aug. 25, 2015).

The Court refused to consider the defendant's disputed affidavit and further held

that the allegations were insufficient to infer that simply sending a message to the

defendant constituted consent to receive further messages from the defendant. *Id.*

at *3, *5.

As the Eastern District of Arkansas succinctly explained, exactly as pertinent

here:

> Ms. Shears-Barnes did not allege any pre-existing relationship with Acurian,
> much less a contractual one. Nothing in her Complaint indicates previous
> engagement or interaction with Acurian. Indeed, the exact opposite is true. . . .
> The lack of any alleged prior relationship between Ms. Shears-Barnes and
> Acurian is what distinguishes our case from *Zean*; it is what makes the
> Declaration and exhibits submitted with the pending Motion to Dismiss
> unlike the "contractual documents" about "a contractual relationship"
> considered in *Zean*." . . . Acurian's read of *Zean* is too broad. If the materials
> submitted by Acurian fall into the *Zean* exception merely because they
> contradict Ms. Shears-Barnes's allegation of non-consent, then
> the *Zean* exception would swallow the general rule limiting district courts to
> consideration of the pleadings when resolving a motion to dismiss.

*Shears-Barnes v. Acurian, Inc.*, No. 4:20-CV-00161-LPR, 2021 WL 1201671, at

*4 (E.D. Ark. Mar. 29, 2021). Defendant here commits the same error as did the

defendant in that case, by contenting that the evidence it has submitted should

mean that it wins at the pleadings stage because allegedly it contradicts the

Plaintiff's pled allegations of non-consent in his Complaint.

Rule 12(b)(6) is not permissive. It states: "If, on a motion under Rule

12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded

by the court, the motion *must be* treated as one for summary judgment under Rule

56." FED. R. CIV. P. 12(d) (emphasis added); *see also Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). This is especially so where there exists a dispute as to whether the parties contracted at all; under Georgia law, that question is reserved for the jury and cannot be decided at the pleadings stage. *Turner Broad. Sys., Inc. v. McDavid*, 693 S.E.2d 873, 878 (Ga. App. 2010). That being the case here, the Court should deny the Defendant's motion on this basis and permit this case to proceed to further discovery as disputed issues exist, warranting denial under the summary judgment standard.

### C. Dismissal is improper, even with the existence of a disputed arbitration clause.

Generally speaking, a defendant may move to dismiss a complaint in order to seek arbitration only when it is apparent from the face of the complaint and the documents purportedly therein that the claims are subject to arbitration. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016); *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 774 (3d Cir. 2013); *Dye v. Tamko Bldg. Prods., Inc.*, 908 F.3d 675, 679 (11th Cir. 2018) (affirming dismissal of case when plaintiff's complaint admitted that he unwrapped and installed shingles whose packaging contained an arbitration clause). As the Eleventh Circuit has explained, a Rule 12(b)(6) motion "for failure to state a claim is dedicated entirely to just that issue: whether [the] complaint failed to state a claim." *Atlanta Rotomolding Inc. v. CI Rotomolding USA Inc.*, No. 19-12855, 2022 WL 2114040, at *1 (11th Cir. June

13, 2022). It follows that, if the Complaint states a claim under which the Court can provide a remedy that is not otherwise facially subject to arbitration, the motion should be denied, because it is not evident from the face of the Complaint that arbitration is proper. Indeed, the Defendant's own motion concedes that "Price [i.e. *not* the Plaintiff] agreed to be subject to the terms and conditions of use."

Where a party moves to dismiss on arbitration grounds, this the court must deny the motion, as here, where a factual dispute exists as to the meaning of the purported arbitration terms or if the parties agreed to arbitrate at all. *Id.* As in *Atlanta Rotomolding*, all the Defendant argues is that the Court "lacks the jurisdiction to address the issues" because the Plaintiff "specifically consented to arbitration." *Cf. id.* at *2. That is insufficient; simply asking the court to "grant [defendant's] motion and dismiss the entire Complaint because the parties agreed to arbitrate," without corresponding evidence on the face of the complaint, renders the question of arbitration a factual issue that cannot be decided at the pleadings stage. *Id.* Given that the Defendant's motion merely "mentions arbitration as merely one of many reasons to dismiss," *id.,* and the Defendant has not met its burden of showing that the parties agreed to arbitrate based on information evident from the face of the Plaintiff's complaint, instead attempting to present extrinsic evidence in support of its motion, the Court should not dismiss on this basis either.

**D. Venue is proper.**

The provisions of 28 U.S.C. § 1391(b) outline three places where venue is proper, in order of preference. First, venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). That provision is out, since the Defendant does not reside, for venue purposes, in Georgia. Next, venue is proper in "a judicial district in which a *substantial part of the events or omissions giving rise to the claim occurred*, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2) (emphasis added). That is the provision under which venue is proper here, and which the Plaintiff pleads in his complaint at Paragraph 4. Plaintiff further received the text messages at issue to his "cellular telephone in this district, and Plaintiff received the subject text messages in this district." (Compl. ¶ 5). The Plaintiff further alleges that he is a "natural person who at all relevant times resided in this District in Georgia." (Compl. ¶ 6).

Courts in the Eleventh Circuit have uniformly held that "venue will usually be proper in the district where the unlawful communication was received." *Northrup v. Innovative Health Ins. Partners, LLC*, No. 8:17-CV-1890-T-36JSS, 2018 WL 1726436, at *2 (M.D. Fla. Apr. 10, 2018) (citing *Lary v. Doctors Answer, LLC*, No. CV–12–S–3510–NE, 2013 WL 987879, at *3–4 (N.D. Ala. Mar. 8, 2013)). And there exists no other reason for the Court to transfer venue here, given that venue is proper. For example in *Estey v. ADT LLC*, this Court

refused to transfer a TCPA case to the Southern District of Florida, and noted that the Plaintiff both "filed his claim in his home forum" and "received the purportedly solicitous phone calls in Georgia." No. 1:16-CV-03141-AT, 2017 WL 4865460, at *3 (N.D. Ga. Apr. 28, 2017). Given that the Plaintiff has already pled just the same as in *Estey*, this Court should hold venue is proper and not otherwise transfer the case.

## **CONCLUSION**

This Court should deny Defendant's motion to dismiss in its entirety. Alternatively, it should permit the Plaintiff to amend to correct the deficiencies as necessary.

RESPECTFULLY SUBMITTED AND DATED this July 28, 2025

By: */s/ Anthony I. Paronich*
Anthony I. Paronich *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com