IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ROBERT LEWIS, JR., on behalf of himself and others similarly situated,<br><br>   Plaintiff,<br><br> vs.<br><br>KEY DIGITAL STRATEGIES LLC<br><br>   Defendant. | Case No. 1:25-cv-02757 |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

# INTRODUCTION

Defendant Key Digital Strategies, LLC ("Key Digital" or "Defendant") "shotgun pleading" Counterclaims are nothing more than a contrived attempt to intimidate and bully a consumer for daring to hold it to account for its illegal telemarketing. The most basic of details to support the fraud claim are entirely absent, in fact *naming another person entirely*, and as such the claim falls far short of alleging fraud with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. The other counterclaims, most of which rest on a non-existent contractual relationship, similarly fail on the law and the facts. They should therefore be dismissed under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Particularity is required to allege fraud in order to protect individuals like Mr. Lewis from the reputational harm that comes along with a public fraud allegation. The party alleging fraud must conduct a more thorough investigation than is typically required in order to ensure the claims have factual support. But here, Key Digital has lobbed this claim at Mr. Lewis by *admittedly* having *no evidence* that Mr. Lewis committed any fraud, let alone had any contractual relationship whatsoever with Key Digital. Key Digital's fraud counterclaims must be dismissed because they do not meet the requirements of Rule 9, let alone state a cognizable legal claim under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil

Procedure.

As Key Digital apparently did an investigation, but still doesn't have any facts to state a claim for any of its counterclaims, let alone meet the heightened pleading standard required by Rule 9, all the counterclaims are due to be dismissed, with prejudice, under Rule 12(b)(6). For similar reasons, Defendant's medley of other counterclaims are improper and legally insufficient, not the least of which because Defendant has made exactly *zero* allegations showing that the Plaintiff entered into a contract of *any sort* with the Defendant, warranting dismissal with prejudice under Rule 12(b)(6), as well as Rule 12(b)(1).

## LAW AND ARGUMENT

**I. Key Digital's contractual, slander and defamation, and abuse of process counterclaims fail as a matter of law.**

Apart from its fraud counterclaim, which Plaintiff will address separately, Defendant also lobs five additional counterclaims at Mr. Lewis. All fail as a matter of law under both Rules 12(b)(1) and 12(b)(6). A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted may operate as a challenge to the legal sufficiency of a complaint in the nature of a *demurrer* and must be granted if the moving party mounts a successful challenge to the legal sufficiency of a complaint. To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

The counterclaims must also be dismissed for lack of standing because, as will be articulated below, they either fail to allege a legally-cognizable injury-in-fact, let alone one that is fairly traceable to any action taken by the Plaintiff, and consequently, not likely to be capable of being redressed by any judgment against the Plaintiff. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Either the Defendant has failed to plead facts demonstrating entitlement to a legitimate or legally cognizable cause of action, or that the Plaintiff took any action fairly traceable to any arguably legally cognizable causes of actions.

*Abuse of Process*

Start with Defendant's second counterclaim for "abuse of process." Under Georgia law, the tort of abuse of process lies "for an improper use of the process after it is issued." *Carl v. Hansbury*, 21 S.E.2d 302, 304 (Ga. App. 1942). In order to state a claim for abuse of process, the Defendant must *first* allege the existence of an ulterior purpose in the litigation, and *second*, must allege an "act in the use of the process not proper in the regular prosecution of the proceedings." *Id.* The submission of documents in the normal course of the proceedings like complaints, and the averments thereto, as well as ancillary documents, even if false, is an action insufficient to state a claim for abuse of process. *Rothstein v. L.F. Still & Co.*, 351 S.E.2d 513, 514 (Ga. App. 1986). Simply put, "[b]ringing, or continuing to use legal process in the prosecution of a lawsuit does not satisfy the requirements for

4

the second element to a claim of malicious abuse of process." *Id.* If, as here, the Plaintiff has followed the proper procedures in obtaining and issuing process, there can be no abuse of process. *Id.* There is no evidence otherwise here. Indeed, despite the Defendant's contentions that the Plaintiff is allegedly trying to "force Defendant to settle with Plaintiff," the Plaintiff has made *no settlement offer*, despite Defendant asking for one, instead preferring to litigate on the merits.

Defendant fails to allege both elements, and the counterclaim is devoid of any factual allegations with regard to any abuse of process. All it has to say on the matter is that, "upon information and belief," and not upon the heightened pleading standard mandated by Rule 9, the Plaintiff has filed the lawsuit with an "ulterior motive of wrongfully creating leverage against Defendant to force Defendant to settle with Plaintiff despite Plaintiff having no legitimate claim against Defendant." That is plainly insufficient under well-established Georgia law. "Although appellant in his pleadings contends appellee initiated and pursued both actions to harass him, '[r]egular and legitimate use of process, though with a bad intention, is not a malicious abuse of process.'" *Id.* (citing *Davison-Paxon Co. v. Walker,* 174 Ga. 532, 537(2), 163 S.E. 212 (1932)).

And, with respect to dismissal for lack of standing, it is axiomatic that a plaintiff who does not plead a legally cognizable injury has not suffered one and therefore pleads no basis for recovery. "As a general matter, tangible injuries

qualify as concrete." *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 997 (11th Cir. 2020). But the counterclaim here pleads no tangible injury. Defendant makes no allegation that the Plaintiff has obtained and used anything other than the regular and legitimate uses of the court system. Plaintiff has not, for example, obtained a judgment improperly and then sought to execute upon it. *Contra Smith v. Nationwide Mut. Ins. Co.*, No. 2:17-CV-01373-SGC, 2018 WL 4635740, at *11 (N.D. Ala. Sept. 27, 2018), *aff'd*, 799 F. App'x 768 (11th Cir. 2020) (explaining that the tort of abuse of process requires a showing that the court's processes have been improperly used). Given that the Defendant has not stated a claim under either standard for having suffered a legally cognizable injury in fact, let alone give rise to any cause of action that is "concrete and particularized." *Lujan*, 504 U.S. at 560, Defendant has not pled a legally cognizable injury or its standing, mandating dismissal under both Rules 12(b)(1) and 12(b)(6).

### *Slander and Defamation*

Defendant's slander and defamation counterclaim fares no better. The only "statements" that the Plaintiff is alleged to have made are, presumably, in the context of the Plaintiff's complaint, presumably because the complaint "falsely allege[s] that Defendant violated the law and engaged in business practices that are both unprofessional and illegal." With respect to the complaint's allegations, such statements are "absolutely privileged." *Lockheed Martin Corp. v. L-3 Commc'ns*

*Corp.*, No. CIVA 105-CV-902-CAP, 2008 WL 4791804, at *17 (N.D. Ga. Sept. 30, 2008). That privilege further extends to communications made in contemplation of and preliminary to the proceedings, and "[a]ll doubts should be resolved in favor of the communication's relation to the proceeding." *Id.*

The counterclaim is further deficient in that it does not plead what the allegedly defamatory statements were nor give the Plaintiff (and the Court) a fair notice of the claims and the grounds upon which they rest. Defendant only states (or, rather, concludes) that "on information and belief" that the Plaintiff allegedly made "out-of-court statements" about the "professional standards governing the industry of Defendant" to unspecified "third parties." It then makes the conclusory allegation that such "statements" were "per se slanderous." This is nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation" that offers "labels and conclusions" and a "formulaic recitation of the elements of a cause of action" devoid of "further factual enhancement." *Iqbal*, 556 U.S at 678. Defendant has failed to provide any factual support for the unadorned conclusion that the Plaintiff (allegedly) made some (unspecified) out of court written statements to some (unspecified) third parties. Defendant fails to allege what these statements were or how they were slanderous.

Such ill-pled allegations fail to meet the bedrock pleading standards of *Twombly and Iqbal* and their progeny and cannot survive dismissal in any federal

case. Merely alleging that someone made some unspecified slanderous statements, upon information and belief, is insufficient to state a claim. *Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013) (holding that conclusory allegations made upon "information and belief" are not entitled to a presumption of truth, and allegations stated upon "information and belief" that do not contain any factual support fail to meet the *Twombly* standard). Nor do they support any finding of a "concrete and particularized" injury inflicted by the Plaintiff in this case. *Lujan*, 504 U.S. at 560. Based on these threadbare allegations, Defendant baldly concludes that the Plaintiff allegedly slandered the Defendant. The counterclaim plainly does not adequately allege *any* facts pled in accordance with federal pleading standards, as opposed to conclusions, mandating dismissal.

<u>*Contractual Claims*</u>

Defendant also alleges three contractual counterclaims: seeking a judgment for breach of contract and breach of the implied covenant of good faith and fair dealing, "bad faith attorney fees," and "contractual attorney fees." Each fail because the *Defendant's own evidence* reveals that, if anyone contracted with the Defendant, it was "Shirel Price," not the Plaintiff. Start with the purely contractual claims. Under Georgia law, the elements of a breach of contract claim are (1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom. *Norton v. Budget Rent A Car Sys., Inc.*, 705 S.E.2d 305, 306 (Ga. App. 2010).

In other words, if there is no contract, there is no claim, and Defendant has no standing to sue a non-party to a contract, warranting dismissal under both Rules 12(b)(1) and 12(b)(6). *Jumping Jack Retail II, Inc. v. 7-Eleven, Inc.*, No. 23-CV-60460, 2023 WL 2987666, at *2 (S.D. Fla. Apr. 18, 2023) ("Plaintiff lacks standing to sue for breach of contract when Plaintiff is not a party to the contract at issue."). It is hornbook law that "a person who is not a party to a contract is not bound by its terms." *Deverze v. McCalla Raymer, LLC*, No. 1:16-CV-2399-RWS-JCF, 2017 WL 9963557, at *4 (N.D. Ga. Oct. 13, 2017). Thus, since the Plaintiff is not a party to any contract, has sworn to the same in his Declaration by expressly denying having contracted with the Defendant, a contention *supported by Defendant's own evidence*, none of the alleged conduct is "fairly traceable" to the Plaintiff, and Defendant lacks standing to pursue breach of contract claims against Plaintiff. As with the other counterclaims, they also fail as a matter of law.

And here, the Defendant's own evidence shows that, if anyone, someone else named "Shirel Price," not Plaintiff, entered into a contractual relationship with the Defendant. Nor can the Defendant claim a breach of the implied covenant of good faith and fair dealing, or any other express or implied contractual term, without the existence of a valid contract as an initial matter. *See AlphaStaff, Inc. v. Kronos Hotels, LLC*, No. 1:08-CV-1695-GET, 2008 WL 11336202, at *1 (N.D. Ga. Sept. 26, 2008). Being that there is no contract between the parties for the Court to

enforce, Defendant's fourth, fifth, and sixth counterclaims must fall.

Finally, to the extent that the Defendant is proceeding on some theory that it is entitled to some sort of "bad faith" attorney fees as a matter of law, apart from contractually, those requests are not founded in any valid cause of action. Federal courts that award attorney's fees, unless statutorily prescribed, follow the "American Rule" as set out in *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975). There, the Court stated the general rule that, absent a specific provision of Congress, a litigant may not recover attorney's fees. *Id.* at 245. Here, no such provision provides for the award of attorneys' fees in a TCPA action to a defendant, even if the action was found to be brought in bad faith (which it has not). This Court has not made any holding or finding of bad faith litigation conduct, the Plaintiff's claims are not patently frivolous, and none of the Defendant's conclusory allegations, even if true, rise to the level of bad faith, nor has the Defendant has not sought the appropriate remedies provided to obtain such a finding. As such, Defendant has no basis for a counterclaim and cause of action for "bad faith" attorneys fees, nor is such claim a legally cognizable injury-in-fact.

## II. Key Digital's fraud counterclaim also fails.

Defendant has not pled any adequate entitlement to relief to state a cognizable claim for relief under Rule 12(b)(6) or Rule 12(b)(1) for fraud, not least of which because Key Digital pleads no fraudulent statements made *by the*

*Plaintiff*. Where, as here, the pleading party has not pled any facts which would entitle him to any relief under any legal theory plausibly suggested by the facts alleged, a complaint is properly dismissed for legal insufficiency under Rule 12(b)(6). "Under Georgia law . . . the tort of fraud consists of five elements: (1) false representation by defendant; (2) scienter; (3) intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff." *Next Century Commc'ns Corp. v. Ellis*, 318 F.3d 1023, 1027 (11th Cir. 2003). A party pleading fraud must plead such fraud with particularity. Rule 9(b) of the Federal Rules of Civil Procedure states that a party who alleges fraud "must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). "The particularity requirement of Rule 9(b) is designed to discourage a 'sue first, ask questions later' philosophy." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011) (cleaned up).

The Southern District has explained the fourfold purpose of Rule 9(b): to ensure that the defendant has enough information to formulate a defense, to protect defendants from frivolous suits, to eliminate fraud actions subject to discovery, and to protect defendants from harm to their goodwill and reputation. *United States v. Blue Cross Blue Shield of Georgia, Inc.*, 755 F.Supp. 1055, 1056–57 (S.D.Ga.1990). One must plead with particularity the "who, what, when, where, and how of the allegedly false statements." *Mizzaro v. Home Depot, Inc.*, 544 F.3d

1230, 1237 (11th Cir. 2008). Conclusory statements about isolated allegedly fraudulent representations which do not name any specific person and are devoid of any information as to their date, time, or contents will plainly not do, and it is impermissible to allege fraud on "information and belief." *U.S. ex rel. Clausen v. Lab'y Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002). This is doubly so where, as here, knowledge of any alleged fraudulent statements are made upon the knowledge of the pleading party. *Id.* Rule 9(b) requires the entity asserting fraud to conduct a more detailed investigation and not merely rely on allegations based on information or belief. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1325 (Fed. Cir. 2009).

Here, Defendant fails to plead *any* of the elements of fraud with *any* degree of specificity, let alone with the requisite particularity demanded by Rule 9. It simply pleads the alleged fraud on information and belief, which the Eleventh Circuit has confirmed is impermissible under *Clausen*. It does not plead the "who, what, when, where, and how." As an initial matter, Defendant simply pleads, "on information and belief," the conclusory statements that the Plaintiff "submitted false statements and misrepresentations to Defendant," pleads no *scienter*, pleads no justifiable reliance, and simply makes the conclusory statement that the Defendant has been "damaged" by the actions of Plaintiff. In addition to failing to plead *scienter*, justifiable reliance, or specific damages, *at all*, the Defendant

simply makes conclusory statements that the Plaintiff somehow submitted some "false statements" without identifying who made them, their content, when they were made, where they were made, and how they were made. Key Digital does not plead the contents of any alleged fraudulent statements. It does not plead when or where they were uttered. It does not plead why or how they were uttered, let alone any of the required elements of fraud under Georgia law, such as the requisite intent or damages. Rule 9(b) was designed, among other things, to prevent persons facing fraud claims from guessing as to what they did that was allegedly fraudulent. But all Key Digital's complaint consists of is rank speculation as to purportedly fraudulent conduct that isn't even fraudulent.

Indeed, in its facts section, Key Digital can't even plead *who* made such statements, instead equivocating that "Plaintiff, or an individual using Plaintiff's phone number, opted-in to receive messages from Defendant." Clearly, if some "individual using Plaintiff's phone number" made some allegedly fraudulent statement to the Defendant, any fraud claims Key Digital may have (which is questionable as an initial matter), lie with the individual making the allegedly fraudulent statements, not the Plaintiff. In this case, Key Digital takes a classic "either/or" pleading approach that has been rejected by federal district courts across the country when evaluating the facial sufficiency of allegations complaints under Rule 12(b)(6), baldly concluding that the fraudulent statements were made <u>either</u>

13

(i) by "Plaintiff" or (ii) by some unspecified "individual using Plaintiff's phone number," which just as well could have been a typo. Such conclusory allegations not only fail to meet basic federal pleadings standards but also fail to state a plausible claim for fraud against Mr. Lewis, let alone with the requisite particularity demanded.

To add insult to injury, despite being the entity that was allegedly defrauded, Key Digital doesn't even state a claim for statements made *to it*; rather, any allegedly fraudulent statements would have been made to the operator of the "Poll2Action.com" website, which Defendant admits is *not its website* but instead a "service" that "Defendant supports". In this regard, the Defendant's pleading is contradictory as it is unclear how the Plaintiff (or anyone else) could have made "false statements and misrepresentations" to "Defendant" by making such statements to someone else. If Key Digital was a party to the allegedly fraudulent communications, it should be able to provide "greater detail," but has not. *Scruggs v. CHW Grp., Inc.*, No. 2:20CV48, 2020 WL 9348208, at *6 (E.D. Va. Nov. 12, 2020). Receiving and relying on allegedly fraudulent information provided to a third party is no different than picking up a discarded business card on the side of the road and then using such business card as consent to contact the party listed on it. Neither shows that the person whose information is on the card ever requested that some passerby call him, let alone give that passerby a cause of action for fraud

14

based on some inaccurate or purportedly bad information contained on the card. Key Digital has "steadfastly refused to offer specifics about the fraud claims [Mr. Lewis] made" to Key Digital, warranting dismissal under Rule 12(b)(6) for a lack of particularity. *Hendley v. Am. Nat. Fire Ins. Co.*, 842 F.2d 267, 269 (11th Cir. 1988).

As with the other counterclaims, Plaintiff also mounts a factual challenge to the Defendant's standing to bring a fraud counterclaim. As he was permitted to do, the Plaintiff submitted a declaration, made pursuant to the provisions of 28 U.S.C. § 1746, to support his contention that he did not commit any of the allegedly fraudulent conduct and thus that such conduct is not "fairly traceable" to him. In addition to the equivocating statements it has made, Key Digital's *own evidence* it has submitted shows that *someone else* submitted *their* information into the website (which Key Digital admits is not its website). Because Key Digital has not pled, let alone with particularity, any challenged conduct that is "fairly traceable" to Mr. Lewis, let alone any that is likely to be redressed by a favorable decision against him, it cannot therefore establish the essential elements of Article III standing. *Lujan*, 504 U.S. at 560-61.

The standards for 12(b)(1) challenges for a lack of subject matter jurisdiction are well-settled in this circuit. Notably, there exist two types of 12(b)(1) challenges, each with their corresponding standards: facial and factual challenges. *McElmurray*

*v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Here, Plaintiff submits an affidavit in order to support his contention that he did not commit any of the allegedly fraudulent conduct and thus that such conduct is not "fairly traceable" to him. *Lujan*, 504 U.S. at 560. Plaintiff also denies knowing "Shirel Price" or any of the accuracy of any of the other information submitted to the website, and denies having submitted it. In so doing, he mounts a factual challenge. Because in such a challenge, this Court is empowered to "weigh the evidence and satisfy itself as to the existence of its power to hear the case," it is free to dismiss on the basis of "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Critically here, no presumption of truthfulness attaches to Key Digital's claims, and it is incumbent on Key Digital to adduce facts showing that this Court has jurisdiction once the Plaintiff has adequately mounted such a challenge. *Id.*

As the former Fifth Circuit outlined in *Williamson* and its progeny, this Court may consider submissions by the parties–such as witness declarations like the one submitted by Mr. Lewis–that are relevant to the issue of subject matter jurisdiction without converting this motion to one for summary judgment under Rule 56(c). And here, the Plaintiff's affidavit shows that the Key Digital has failed to establish traceability and redressability and therefore has not established Article

III standing because Plaintiff denies ever having submitted anything he is alleged to have made any statements at all to the Defendant, let alone fraudulent ones, as confirmed by the information contained within Key Digital's *very own evidence*. Therefore, any alleged fraud counterclaim Defendant may have cannot be *traced* to Mr. Lewis' actions and a favorable decision has no likelihood of *redressing* Defendant's injuries.

Courts in the Eleventh Circuit and beyond have reached nearly identical conclusions when faced with 12(b)(1) motions challenging fraud allegations, just as here. *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1126-27 (11th Cir. 2019); *In re Estrategias en Valores, S.A.*, 628 B.R. 722, 732 (Bankr. S.D. Fla. 2021) (dismissing and finding no traceability where, as here, defendant's own evidence demonstrated that any fraud was perpetrated by a third party). *See also Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 465 (D.N.J. 2013) ("A thorough review of the Amended Complaint makes clear that Plaintiff has failed to allege any specific conduct by Sentara that is "fairly traceable" to her alleged injury."); *Storm v. Paytime, Inc.*, 90 F. Supp. 3d 359, 365 (M.D. Pa. 2015) (dismissing case on 12(b)(1) grounds when plaintiffs' fraud claims were based on a hypothetical, not actual, misuse of personal information); *McGowan v. CORE Cashless, LLC*, No. 2:23-CV-524, 2023 WL 8600561, at *5 (W.D. Pa. Oct. 17, 2023) (holding hypothetical future loss from identity fraud was insufficient to satisfy Article III

standing requirements). Here, not only does the Defendant fail to plead causation with respect to Mr. Lewis, it does the opposite: pleading facts which demonstrate causation with respect to another party entirely and *not* Mr. Lewis, as in *In re Estrategias en Valores*. Accordingly, Key Digital has failed to plead with specific causation such as to make the challenged fraudulent conduct fairly traceable to Mr. Lewis for Article III purposes.

And here, not only does the Defendant fail to plead causation with respect to Mr. Lewis, it does the opposite: pleading facts which demonstrate causation with respect to another party entirely and not Mr. Lewis. For the foregoing reasons, Key Digital has failed to plead with specificity multiple elements of its fraud counterclaim, including any facts, as demonstrated through Mr. Lewis' declaration, such as to make the challenged fraudulent conduct fairly traceable to Mr. Lewis for Article III purposes. Given Key Digital has not shown any of the elements of fraud, least among them *scienter*, what was allegedly fraudulent, how there was justifiable reliance or intent, or how there are any damages, the counterclaim for fraud must be dismissed. No amount of repleading will save Key Digital either, because that it could adequately replead the other elements of fraud, Key Digital's claims, by its own admission, lie against someone else entirely, not the Plaintiff. Its fraud counterclaim must be dismissed.

## CONCLUSION

For the foregoing reasons, Key Digital's Counterclaims should be dismissed with prejudice.

Dated: July 29, 2025

                                                    */s/ Anthony Paronich*
Anthony Paronich, *pro hac vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

*Attorney for Plaintiff and the putative Class*