## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

**Robert Lewis Jr.,** *on behalf of himself and others similarly situated*,

**Plaintiff,**

**v.**

**Key Digital Strategies, LLC,**

**Defendants.**

**CASE: 1:25-cv-02757-SCJ**

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

COMES NOW, Key Digital Strategies, LLC ("Defendant"), by and through its undersigned counsel, and hereby files this *Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss*, thereby showing the Court the following:

### ARGUMENT

### I.     DEFENDANT'S MOTION TO DISMISS AND RESPONSIVE PLEADING CONFORM TO THE ELEVENTH CIRCUIT'S STRICT ADHERENCE TO RULE 12.

Defendant's Motion to Dismiss filed on June 24, 2025 ("Motion") adhered to the requirements of Rule 12(b), thereby permitting this Court to render a decision on the Motion without converting the Motion into a motion for summary judgment. Alternatively, in the event that this Court deems the Motion should not be considered under Rule 12(b) and that conversion of this Motion us appropriate, this Motion

1

ought be converted to a motion for judgment on the pleadings, not a motion for summary judgment.

**A.    Defendant's Motion to Dismiss Remains Ripe for this Court's Ruling Without Conversion to a Different Type of Motion.**

Defendant's Motion remains ripe for this Court's decision. When a defendant files a motion to dismiss and, soon after, subsequently files an answer that contains the grounds for the motion to dismiss as an affirmative defense, the Court is not required convert the motion to dismiss. Some courts convert the motion to dismiss into a motion for judgment on the pleadings. *Brisk v. City of Miami Beach, Fla.*, 709 F.Supp. 1146, 1147 (S.D. Fla. 1989). The Eleventh Circuit has not set binding precedent that a motion to dismiss filed first followed by a subsequently filed answer renders the motion to dismiss invalid. As a result, this Court's standard on this issue is ambiguous, as reflected by Plaintiff's citation to nonbinding cases and the *Brisk* Court. *Id.*

The Eleventh Circuit is clear that all "pleadings must conform to the Federal Rules of Civil Procedure." *Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002). Rule 12(b) expressly requires that a Rule 12(b) motion to dismiss must be filed prior to a responsive pleading. Fed. R. Civ. P. 12(b). Based on the *Skrtich* Court, when a responsive pleading, like an answer, is filed prior to a motion to dismiss on the basis of Rule 12(b), the Rule 12(b) motion to dismiss is improper and the courts will thus not consider it as a Rule 12(b) motion. *Skrtich*, 280 F.3d at 1306.

2

Here, Defendant filed its Motion prior to filing its responsive pleading. The court docket indicates that Defendant filed its Motion on June 24, 2025, as notated by Doc. No. 7, and subsequently filed its Answer also on June 24, 2025, as notated by Doc. No. 8. (ECF No. 7-8). Defendant filed its Motion first, then filed its responsive pleading, and the responsive pleading contains the grounds of the Motion as an affirmative defense. Defendant's filing sequence satisfies the *Skrtich* Court's hard and fast principle of a strict adherence to Federal Rules of Civil Procedure, since Defendant filed its motion to dismiss prior to a responsive pleading, as required by Rule 12. Therefore, because the Eleventh Circuit's only clear precedent is a strict adherence to Rule 12's sequence of filing the motion prior to the answer and Plaintiff's own response brief in contravention to Defendant's Motion fails to highlight any binding case on this Court, Defendant's Motion remains ripe for this Court's ruling without any conversion into a different motion.

**B. Alternatively, if this Court Converts the Motion, the Motion Must be Treated as a Motion for Judgment on the Pleadings, not a Motion for Summary Judgment.**

In the alternative event that this Court finds appropriate to convert the Motion, the Motion is converted to a motion for judgment on the pleadings, not a motion for summary judgment. In instances in which the motion to dismiss was filed after the responsive pleadings, courts in the Eleventh Circuit have treated such motions as motions for judgment on the pleadings. *Whitehurst v. Wal-Mart Stores East, L.P.*,

3

329 Fed.Appx. 206, 208 (2008) ("the court may construe the (untimely) Rule 12(b)(6) motion as one seeking judgment on the pleadings under Rule 12(c)"); *Brisk*, 709 F.Supp. at 1147 ("The Court finds, however, that the better-reasoned rule is that the proper vehicle for challenging a complaint after an answer has been filed is a motion for judgment on the pleadings, as permitted by Rules 12(c) and 12(h)(2)"). Based on the Eleventh Circuit's case precedent, conversion of the Motion must be to a motion for judgment on the pleadings, not a motion for summary judgment.

### C. This Court Should Consider All Exhibits Attached to Defendant's Answer When Deciding the Motion.

Regardless of whether this Court treats the Motion as a motion to dismiss or a motion for judgment on the pleadings, this Court can and should consider the exhibits attached to Defendant's Key Digital Strategies LLC's Answer, Defenses, and Counterclaims ("Answer") without converting the Motion to a motion for summary judgment. Plaintiff incorrectly argues that this Court cannot review Defendant's exhibits attached to the Answer without converting the Motion into a motion for summary judgment. (Pl.'s Opp'n to Mot. to Dismiss, 13-14). Plaintiff misrepresents the law.

The Eleventh Circuit has long permitted courts' review of attachments and exhibits to the pleadings when evaluating motions to dismiss and motions for judgment on the pleadings. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *Person v. Lyft, Inc.*, 542 F.Supp.3d 1342, 1350 (N.D. Ga. 2021) (citing *Horsley*, 304

at 1134). The Eleventh Circuit employs the "incorporation by reference" doctrine, "under which a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley*, 304 F.3d at 1134 (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802, n.2 (11th Cir. 1999)).  Notably, the "undisputed" component of the doctrine merely requires "that the authenticity of the document is not challenged," not whether a party contests the factual contents of the document. *Id*. at 1134. Furthermore, the incorporation by reference doctrine combined with Rule 10(c) permits exhibits, whether attached to the complaint or the answer, to be considered part of the pleadings, and allowable for the court to review such exhibits without converting the Motion to a motion for summary judgment. *Id*.

Here, the Court may consider the exhibits to the Answer because all exhibits are central to the facts underlying Plaintiff's claim and the veracity of the documents are undisputed. Defendant attached four exhibits to its Answer (Answer, ECF No. 8-1, 8-2, 8-3, 8-4). Each of the exhibits are critical to Plaintiff's claims because the exhibits clearly indicate the relationship of Plaintiff's purported phone number to Defendant's services. Plaintiff claims to be injured; however, based on the partial phone number pleaded in Plaintiff's complaint paired against Defendant's records, Plaintiff is not the exclusive user of the phone number at issue, rather Shirel Price

5

was also using the phone number. (Ex. 1, ECF No. 8-1). If Shirel Price is also using

the phone number and consented to receiving Defendant's services, as also shown

in the exhibits, Plaintiff cannot possibly be injured and thus, Plaintiff's claims fail.

Plaintiff has not disputed the authenticity of any of Defendant's exhibits.

While Plaintiff may dispute who owns the phone number, Plaintiff has not attacked

the authenticity of the exhibits. (Pl. Opp'n to Mot. to Dismiss, 1-17). Because

Plaintiff has not disputed the authenticity of the exhibits and Defendant's exhibits

are all central to Plaintiff's claims, the Eleventh Circuit's incorporation by reference

permits this Court to consider the exhibits without conversion of the Motion.

Therefore, regardless of whether this Court treats the Motion as a motion to dismiss

or a motion for judgment on the pleadings, this Court may consider the exhibits as

argued by the Motion without converting the Motion into a motion for summary

judgment.

## II.  PLAINTIFF'S PLEADING CONTAINS INSUFFICIENT FACTUAL ALLEGATIONS TO SURPASS THE STANDARD FOR A MOTION TO DISMISS.

### A. The Same Standard of Review for a Motion to Dismiss Also Applies to a Motion for Judgment on the Pleadings.

The standard of review for a motion to dismiss is the same standard for a

motion for judgment on the pleadings. *Lyft, Inc.*, 542 F.Supp.3d at 1346 (quoting

*Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018)). Courts

must dismiss a complaint when "it appears that the facts alleged fail to state a 'plausible' claim for relief." *Id.* at 1346 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "In ruling on a motion for judgment on the pleadings, the Court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the nonmoving party." *Id.* (citing *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005)). Importantly, Courts are not required to assume legal conclusions as true. *Long v. Fulton County School Dist.*, 807 F.Supp.2d 1274, 1282 (N.D. Ga. 2011) (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)) (other citations omitted). Furthermore, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusion in the form of factual allegations." *Id.*

Here, as set forth in the section below, Plaintiff's claim constitutes mere recitations of each claim's elements and legal conclusions. The Complaint contains few factual allegations that altogether fail to meet the threshold for a motion to dismiss (or motion for judgment on the pleadings, as applicable).

### B. Plaintiff's Pleadings Contain Insufficient Factual Allegations to Surpass the Requisite Standard.

Plaintiff's pleadings contain insufficient factual allegations to surpass the requisite standard. The pleadings are mere recitals of the elements of the relevant cause of actions and contains legal conclusions without providing sufficient factual

allegations that indicate how Plaintiff could possibly be the individual that suffered an injury from Defendant's services.

### i. Plaintiff's Pleadings are Mere Recitals of the Elements of the Relevant Causes of Action.

Plaintiff's pleadings are mere recitals of the elements of its cause of action for a violation of 47 U.S.C. § 227(c)(5). Under "Count I" of Plaintiff's Complaint, Plaintiff provides the history of the enactment of 47 U.S.C. § 227(c)(5), then proceeds to state that Defendant violated 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c) using almost the exact same language from the statute and regulation. (Compl. ¶¶ 50-58).

These enumerated paragraphs list out only legal conclusions without any alleged facts. Notably, Plaintiff fails to fully identify the phone number from which Plaintiff claims its cause of action arose from. Plaintiff's pleading includes only a redacted phone number: (XXX) XXX-4145. (Compl. ¶ 8). By failing to do so, Plaintiff cannot demonstrate that he himself is a truly injured party. As shown by Defendant's Exhibit 1, the only telephone number that Defendant has matching those same last digits was used by Shirel Price, who is obviously not Plaintiff. Without providing the full phone number, Plaintiff cannot demonstrate that Plaintiff wrongfully received messages from Defendant. Therefore, Plaintiff's Complaint

fails to include sufficient factual allegations that support violations of 47 U.S.C. §

227(c)(5) and 47 C.F.R. § 64.1200(c).


### ii. Plaintiff Consented to Receiving Defendant's Telephone Solicitations.

In the event that Plaintiff is the owner of the phone number contained in

Exhibit 1, which Plaintiff does not dispute, Plaintiff is barred by the affirmative

defense of consent. Under the TCPA, prior express consent is an affirmative defense,

which upon Defendant making a showing thereof, Plaintiff's complaint fails. "A

defendant is not liable for making calls under the TCPA when the defendant received

the 'prior express consent of the called party.'" *Keim v. ADF MidAtlantic, LLC*, 238

F.R.D. 66, 681 (S.D. Fla. 2018) (citing 47 U.S.C. § 227(b)(1)(A)(iii) and *Van Patten*

*v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017)). "A district court

may dismiss a complaint for failure to state a claim if an affirmative defense appears

on the face of the complaint." *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d

1302, 1305 (11th Cir. 2015) (quoting *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th

Cir. 1993)).

Here, Defendant received prior express consent which bars Plaintiff from

seeking relief from Defendant. Plaintiff, or someone acting on behalf of Plaintiff,

entered Plaintiff's phone number into Defendant's system. Shown by Exhibit 3,

someone using Plaintiff's number entered into an address, date of birth, and

telephone number into Defendant's system. (ECF No. 8-3). Without Plaintiff putting in the information, Defendant has no way of contacting Plaintiff. Therefore, Plaintiff, Plaintiff's agent, or some other individual using the same phone number consented to being contacted by Defendant, which serves as an affirmative defense to a TCPA private right of action. Because Defendant received express consent to sending telephone solicitations to the number at issue, Plaintiff's claim is hereby barred.

### III.    ALL CLAIMS MUST UNDERGO ARBITRATION.

In the event that Plaintiff is the owner of the telephone number, Plaintiff, Plaintiff's agent, or a third party using the same phone number, consented to receiving Defendant's telephone solicitations, and thus also consented to the terms and conditions and privacy policy governing Defendant's services. As shown by Exhibit 2 of the Answer, any dispute against Defendant must be brought in the form of an arbitration proceeding in Tarrant County, Texas. (ECF No. 8-2). Because of Plaintiff's consent to the venue and arbitration, Plaintiff wrongfully and improperly brings this action against Defendant.

### CONCLUSION

Defendant's Motion to Dismiss remains ripe for this Court's ruling without conversion into an alternative motion. However, even if this Court finds that conversion of Defendant's Motion to Dismiss is necessary, said Motion must be converted into a motion for judgment on the pleadings, which is governed by the

same standard as a motion to dismiss. Regardless of whether this Court analyzes the Motion as a motion to dismiss or for judgment on the pleadings, this Court can and should consider all attachments to Defendant's Answer under the "incorporation by reference doctrine." The exhibits and attachments to the Answer reveal that either Plaintiff cannot possibly be the injured party because Plaintiff does not own the telephone number, or Plaintiff or his agent consented to receiving Defendant's services. In either case, Plaintiff lacks the standing to bring a case within the pleadings. For the foregoing reasons, Defendant requests this Court to grant its Motion and dismiss Plaintiff's case.

Dated: <u>August 11, 2025</u>

/s/ Blake W. Meadows

Blake W. Meadows
Georgia Bar No. 569729
Christopher J. Horton
Georgia Bar No. 316644
*Attorneys for Defendant*

SMITH & MEADOWS, LLC
215 Greencastle Road, Suite B
Tyrone, Georgia 30290
(404) 835-6506
blake@smithmeadowslaw.com
chris@smithmeadowslaw.com

## CERTIFICATE OF COUNSEL

I hereby certify that the foregoing has been prepared with Times New Roman,

14 Point font, one of the font point selections approved by the Court in L.R. 5.1C.

Dated: August 11, 2025

/s/ Blake W. Meadows
Blake W. Meadows
Georgia Bar No. 569729
Christopher J. Horton
Georgia Bar No. 316644
*Attorneys for Defendant*

SMITH & MEADOWS, LLC
215 Greencastle Road, Suite B
Tyrone, Georgia 30290
(404) 835-6506
blake@smithmeadowslaw.com
chris@smithmeadowslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing *Defendant's Reply to Plaintif's Opposition to Motion to Dismiss* and corresponding memorandum with the ECF System for the Northern District of Georgia, and served Plaintiff via electronic mail and first class mail with sufficient postage to ensure delivery upon counsel for Plaintiff:

Valerie Chinn
Chinn Law Firm, LLC
245 N. Highland Ave, Suite 230 #7
Atlanta, GA 30307
vchinn@chinnlawfirm.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

This 11th day of August, 2025.

/s/ Blake W. Meadows
Blake W. Meadows
Georgia Bar No. 569729
Christopher J. Horton
Georgia Bar No. 316644
*Attorneys for Defendant*

SMITH & MEADOWS, LLC
215 Greencastle Road, Suite B
Tyrone, Georgia 30290
(404) 835-6506
blake@smithmeadowslaw.com
chris@smithmeadowslaw.com

13