## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **Robert Lewis Jr.,** *on behalf of himself and others similarly situated*, | |
| **Plaintiff,** | **CASE: 1:25-cv-02757-VMC** |
| **v.** | **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM** |
| **Key Digital Strategies, LLC,** | |
| **Defendants.** | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

COMES NOW, Key Digital Strategies, LLC ("Defendant"), the named Defendant in the above-styled action, by and through the undersigned counsel, and hereby files this *Defendant's Response to Plaintiff's Motion to Dismiss Defendant's Counterclaim* ("Plaintiff's Motion"), thereby requesting this Court to deny Plaintiff's Motion by showing this Court the following:

### INTRODUCTION

Plaintiff has alleged that Defendant engaged in wrongful conduct concerning telephone solicitations pursuant to the Telephone Consumer Protection Act ("TCPA"). However, Plaintiff's filing of the above-styled action is predatory in nature. Either Plaintiff or Plaintiff's agent provided Defendant with Plaintiff's telephone number and consented to receiving telephone solicitations from Defendant and Defendant's vendors. This consent served as bait for Plaintiff to receive

1

telephone solicitations then bring an action against Defendant as a class action lawsuit with the hopes of using discovery as a fishing expedition to amass a large class action case against Defendant. Plaintiff not only consented to receiving telephone solicitations, but by his own evidence, refused to cancel or unsubscribe from solicitations until after five solicitations were sent to him.

Defendant filed its Defendant Key Digital Strategies, LLC's Answer, Defenses, and Counterclaim ("Answer") in response to Plaintiff's complaint. Plaintiff seeks to dismiss the counterclaims in Defendant's Answer.

In light of the deference given to a claimant on a motion to dismiss, Defendant's counterclaims surpass the threshold necessary to survive a motion to dismiss. Defendant pleaded sufficient facts supported by exhibits, such that when the facts are construed in favor of Defendant, Defendant's counterclaims for fraud, declaratory judgment for breach of contract, contractual attorney's fees, and bad faith attorney's fees survive a motion to dismiss. Additionally, Defendant intends to amend its Counterclaims concerning its remaining causes of action based on information that Defendant became aware of after its initial filing. Because of the foregoing, Defendant has viable claims against Plaintiff that Plaintiff cannot dismiss such claims on a motion to dismiss.

## ARGUMENT

### I.    Applicable Standard for Motion to Dismiss.

A Rule 12(b)(6) motion to dismiss is one of the highest thresholds for a counter-defendant to satisfy for the dismissal of the counter-plaintiff's claims. The plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The U.S. Supreme Court has further clarified that this standard does not require the claims to be probable but rather "it asks for more than a *sheer possibility* that a defendant has acted unlawfully." *Id*. (citations omitted) (emphasis added). In other words, the factual allegations need not be detailed but rather only provide notice of the claims and grounds of such claims. *Twombly*, 550 U.S. at 555 (citations omitted). Courts must accept as true all factual allegations in the complaint, and furthermore, must construe such allegations "in the light most favorable to the plaintiffs." *White v. Lemacks*, 183 F.3d 1253, 1255 (11th Cir. 1999).

Here, as detailed below, Defendant pleads sufficient facts to indicate that for Defendant's counterclaims of fraud, declaratory judgment for breach of contract, contractual attorney's fees, and bad faith attorney's fees, there exists enough facts to

give rise to more than a sheer speculation that Defendant has been wronged by Plaintiff as detailed in each claim.

## II.    Defendant's Counterclaims Satisfy the Requisite Standard.
### A. Defendant Properly Pleaded Fraud.

Defendant properly alleged fraud against Plaintiff, as all facts, when construed in favor of Defendant, reveal that Plaintiff submitted false statements and misrepresentations to Defendant when opting-in to receive telephone solicitations from Defendant. Under Georgia law,[1] fraud requires that "(i) a false representation or omission of a material fact; (ii) scienter; (iii) intention to induce the party claiming fraud to act or refrain from acting; (iv) justifiable reliance; and (v) damages." *TechBios, Inc. v. Champagne*, 301 Ga.App. 592, 594 (2009). Importantly, and relevant to the above-styled case, "[f]raudlent intent at the time of contracting can be inferred based on subsequent conduct of the defendant that is unusual, suspicious, or inconsistent with what would be expected from a contracting party who had been acting in good faith." *JTH Tax, Inc. v. Flowers*, 302 Ga.App. 719, 725 (2010) (quoting *BTL COM Ltd. V. Vachon*, 278 Ga.App. 256, 261 (2006)). Plaintiff argues that Defendant must plead extremely specific facts pertaining to fraudulent intent

---

[1] By arguing Georgia law, Defendant does not in any form waive its argument that this dispute is subject to solely an arbitration proceeding in Texas, as set forth in the Answer. Defendant argues Georgia law in the alternative event that this Court does not dismiss the case and finds that this Court is the proper venue for the above-styled action.

4

because of Rule 9 of the Federal Rule of Civil Procedure, but Georgia law and the Northern District of Georgia do not impute Plaintiff's mischaracterized standard. "'Fraud may be proved by slight circumstances, and whether a misrepresentation is fraudulent and intended to deceive is generally a jury question.'" *Rosen v. Protective Life Ins. Co.*, 817 F.Supp.2d 1357, 1376 (N.D. Ga. 2011) (quoting *JTH Tax, Inc.*, 302 Ga. App. at 726) (other citations omitted)). This Northern District has even held that the intention to commit fraud is not required by Georgia law, but rather a finding of recklessness is sufficient. *Id.* at 1376.

Here, Defendant's fraud allegation against Plaintiff surpasses the requisite standard, especially in light of the deference given to Defendant on a motion to dismiss. Based on the facts contained within Defendant's counterclaim, Defendant has robust procedures and policies in place to avoid contact with anyone registered on the Do Not Call Registry. Defendant's counterclaim sets forth facts indicating that Defendant only received Plaintiff's contact information through Plaintiff or Plaintiff's agent inputting Plaintiff's telephone number and contact information into Defendant's system. Plaintiff or Plaintiff's agent used the false name of "Shirel Price," so Defendant could not match the name and number with the information on the Do Not Call Registry. While Plaintiff has not communicated with Defendant directly, Plaintiff intended to induce Defendant to send telephone solicitations to "Shirel Price," so Plaintiff could file this predatory lawsuit, commence discovery to

sift through Defendant's practices in hopes of identifying class members, and work toward a class action settlement. Defendant justifiably relied on the information provided it through Plaintiff; for example, Plaintiff provided a date of birth, address, and the matching telephone number as stated in Plaintiff's pleadings. Plaintiff or Plaintiff's agent entered in all the information necessary to consent to receiving Defendant's telephone solicitations and "check-marked" all boxes acknowledging consent to the terms. Defendant now suffers damages through the form of legal fees and court costs incurred in connection with defending a bad faith action.

Plaintiff argues that allegations of fraud relying on "information and belief" are inappropriate and thus must be dismissed. The law contradicts Plaintiff's argument. Neither Plaintiff nor Defendant dispute that Rule 9(b) of the Federal Rules of Civil Procedure require that averments of fraud or mistake are pleaded with particularity. However, when "factual information is peculiarly within the defendant's knowledge or control, Rule 9(b)'s requirement is relaxed somewhat." *U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Georgia*, 755 F. Supp. 1040, 1052 (S.D. Ga. 1990) (citations omitted)). When the factual information giving rise to the fraud allegation is peculiarly within the defendant's knowledge or control, a claimant can plead fraud on "information and belief," so long as the complaint includes specific facts giving a "'strong inference

of fraud.'" *Id.* (quoting *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2nd Cir. 1990) (other citations omitted)).

Here, Defendant can plead fraud using "information and belief," because the factual information is solely within Plaintiff's knowledge and control. When Plaintiff or Plaintiff's agent consented to receiving Defendant's services, the person entered in Plaintiff's telephone number, an address, and date of birth. After Plaintiff received Defendant's telephone solicitations and even interacted with the links sent to him, Plaintiff filed the above-styled action denying that he ever provided consent to Defendant's solicitations. Plaintiff attempts to allege that Defendant acted wrongfully because Plaintiff never consented to receiving the solicitations. However, Plaintiff never states his full telephone number or address, which are essential to confirming whether Plaintiff or Plaintiff's agent consented to receiving Defendant's services to Plaintiff's phone number. The only information that Plaintiff provides is (XXX) XXX-4145, or (404) XXX-XXXX. Plaintiff also does not provide his address at any time; rather, he merely asserts that he does not live in Villa Roca, which is where Shirel Price lives (based on the information Plaintiff or Plaintiff's agent provided to Defendant). By simply denying factual allegations but withholding information that is clearly within Plaintiff's knowledge and control, Defendant can plead all necessary facts using "information and belief."

**B. Defendant's Counterclaim for Abuse Of Process Should be Permitted to Continue or in the Alternative Defendant Should be Given Leave to Amend.**

Defendant has raised the argument that Plaintiff improperly used process by filing this present action pretextually for an improper purpose. Defendant's underlying factual allegations are sufficient to provide Plaintiff with notice of the underlying facts of the claim, namely that the suit was initiated pretextually and for an improper purpose. This is sufficient to sustain an initial cause of action in light of the fact that notice is all that is required, dismissal should not be granted as to this claim. *Twombly*, 550 U.S. at 555.

This counterclaim was labeled "Abuse of Process" in the initial Counterclaim. Upon further review it may be that this claim is more accurately a claim for Malicious Use of Process.[2] Under either case, dismissal of the claim at this early junction would not serve justice. The Court should either find that Defendant met the minimum pleadings standard to survive a motion to dismiss based on the notice pleadings standard. *See Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 555. Or in the alternative the Court should order Defendant to either provide a more definite statement or amend the Pleadings on this point, pending instructions from this Court.

---

[2] *See U.S. v. Chatham*, 415 F.Supp. 1214, 1217-18 (N.D. Ga. 1976) discussing the nuances and overlap of claims for malicious use of process, abuse of process, and malicious prosecution.

8

The Federal Rules of Civil Procedure 15(a)(2) strongly favor permitting amendment of the pleadings instead of dismissal. Defendant would urge the Court to either wholesale deny Plaintiff's motion to dismiss on this point or in the alternative to order Defendant to Amend its pleadings on this point to address any concerns of the Court.

### C. Defendant's Counterclaim Seeking Declaratory Relief for Breach of Contract Survives a Motion to Dismiss Because Plaintiff or Plaintiff's Agent Entered into the Contract.

Defendant does not unlawfully or wrongfully intrude people's privacy by sending telephone solicitations to individuals who do not wish to receive the communications. For this reason, Defendant requires a person wanting to receive Defendant's services to enter in the person's date of birth, telephone number, email address, physical address, and "check-mark" boxes consenting to the terms and conditions and privacy statement relating to Defendant's services. The sheer amount of information required eliminates the possibility of someone accidentally entering information and thus mistakenly consenting to Defendant's services. Defendant's exhibits to its Answer highlight the information required and the steps necessary for someone to receive telephone solicitations from Defendant. However, Plaintiff asks this Court to believe that no contact ever occurred between Plaintiff and Defendant because someone Plaintiff allegedly does not know—Shirel Price—has Plaintiff's telephone number, provided Defendant with all the requested information, and

9

consented to receiving Defendant's services.

Defendant's counterclaim seeking declaratory relief for breach of contract survives a motion to dismiss because Plaintiff or Plaintiff's agent entered into a contract. "'The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken.'" *Bates v. JPMorgan Chase Bank, NA*, 768 F.3d 1126, 1130 (2014) (quoting *Norton v. Budget Rent A Car Sys., Inc.*, 307 Ga.App. 501, 502 (2010)).

Here, Plaintiff or an agent on behalf of Plaintiff entered into a contract with Defendant and subsequently breached the contract with Defendant. As shown in Exhibit 1 of the Answer, Plaintiff entered all the requisite personal information and check-marked the box consenting to receiving Defendant's services. Defendant, believing it had received all proper consent, proceeded to send the telephone solicitations Plaintiff agreed to receive. In each solicitation, Defendant included specific instructions to stop receiving further communications. Plaintiff did not elect to follow the instructions and received five total messages. On or around May 16, 2025, Plaintiff filed the above-styled action alleging that Defendant unlawfully sent him telephone solicitations. By filing the lawsuit, Plaintiff breached the contract with Defendant, as Plaintiff specifically agreed to resolve any dispute relating to Defendant's services through arbitration in Tarrant County, Texas. Plaintiff's filing

of this action caused Defendant damages in the amount of attorney's fees and court costs. Defendant has the right to assert a breach of contract action against Plaintiff, as Plaintiff, either by Plaintiff's own misrepresentation or Plaintiff's agent, entered a contract with Defendant then, upon receiving Defendant's services, proceeded to bring the above-styled action pursuing a class action lawsuit, despite agreeing to bring any dispute as an arbitration proceeding in Tarrant County, Texas.

### D. Defendant is Entitled to Contractual Attorney Fees.

Because Plaintiff agreed to Defendant's terms and conditions, Defendant is entitled to attorney's fees in the event that it prevails in its counterclaims against Plaintiff. Plaintiff argues that federal courts only award attorney's fees if such fees are allowed by statute. However, the Eleventh Circuit, when addressing a dispute governed by Georgia law, enforces attorney's fees provisions in contracts when the provisions require that the prevailing party in a lawsuit recover attorney's fees and court costs. *Cascade Crossings II, LLC v. RadioShack Corp.*, 131 Fed.Appx. 191, 184 (2005).

Section 19 of Defendant's terms and conditions, as set forth in Exhibit 2, permit Defendant to recover any and all attorney's fees and court costs due to Plaintiff's refusal to bring the dispute as an arbitration proceeding in Tarrant County, Texas. In light of *Cascade Crossings II*, Defendant can receive contractual attorney's

11

fees because both Plaintiff and Defendant agreed to an attorney's fees provision in the contract.

### E. Defendant is Entitled to Attorney's Fees for Plaintiff's Predatory, Bad Faith Litigation.

Plaintiff and Defendant agree that federal courts can award attorney's fees when prescribed by statute. Under O.C.G.A. § 13-6-11, Georgia law permits a claimant to recover the expenses of litigation when the claimant specifically pleaded such recovery and the defendant acted in bad faith. O.C.G.A. § 13-6-11.

Here, Plaintiff has acted in bad faith. First, Plaintiff received five telephone solicitations in total from Defendant. Each message contains the reply-back message to stop receiving any messages. Plaintiff did not send the reply-back message and, now, seeks recovery for each of the solicitations. If Plaintiff truly did not wish to receive the solicitations, Plaintiff could have easily sent the reply-back message; instead, Plaintiff continued to receive messages in hopes of bolstering Plaintiff's damages calculation. Second, Plaintiff acted in bad faith by bringing this dispute in the Northern District of Georgia. Plaintiff or Plaintiff's agent entered into a contract, which specifically required any and all disputes relating to Defendant's services to be brought in an arbitration proceeding in Tarrant County, Texas. Plaintiff brought this claim in federal court pursuant to TCPA as a class action lawsuit to use the discovery process as a way to identify possible class members and obtain a large class action settlement. Defendant contends that Plaintiff, at the time of filing this

Response, cannot and has not identified any person who allegedly wrongfully received Defendant's services. Because Plaintiff's conduct amounts to bad faith conduct, Defendant is entitled to attorney's fees under O.C.G.A. § 13-6-11.

## CONCLUSION

Defendant's counterclaims survive a motion to dismiss. Defendant's factual allegations in support of the counterclaims are construed in favor of Defendant. Defendant pleaded causes of action relating to fraud, breach of contract, contractual attorney's fees, and bad faith attorney's fees under Georgia law. Because Plaintiff either mispresented his identity intentionally when representing himself as Shirel Price or Shirel Price acted on behalf of Plaintiff, Plaintiff and Defendant had a contract in which Defendant received consent to send telephone solicitations to Plaintiff's telephone number. Plaintiff did not elect to send any message to Defendant requesting to cancel or unsubscribe from Defendant's telephone solicitations. Instead, Plaintiff communicated his belief that he never consented to the solicitations by wrongfully filing the above-styled action as a predatory, class action lawsuit in hopes of identifying other class members and obtaining a large settlement. For the foregoing reasons, Defendant's counterclaims remain standing and viable, and thus, this Court should not dismiss Defendant's counterclaims for

fraud, breach of contract, contractual attorney's fees, or attorney's fees for bad faith conduct under Georgia law.

Dated: August 25, 2025

/s/ Blake W. Meadows

Blake W. Meadows
Georgia Bar No. 569729
Christopher J. Horton
Georgia Bar No. 316644
*Attorneys for Defendant*

SMITH & MEADOWS, LLC
215 Greencastle Road, Suite B
Tyrone, Georgia 30290
(404) 835-6506
blake@smithmeadowslaw.com
chris@smithmeadowslaw.com

## CERTIFICATE OF COUNSEL

I hereby certify that the foregoing has been prepared with Times New Roman,

14 Point font, one of the font point selections approved by the Court in L.R. 5.1C.

Dated: August 25, 2025

/s/ Blake W. Meadows

Blake W. Meadows
Georgia Bar No. 569729
Christopher J. Horton
Georgia Bar No. 316644
*Attorneys for Defendant*

SMITH & MEADOWS, LLC
215 Greencastle Road, Suite B
Tyrone, Georgia 30290
(404) 835-6506
blake@smithmeadowslaw.com
chris@smithmeadowslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing *Defendant's Response to Plaintiff's Motion to Dismiss Defendant's Counterclaim* with the ECF System for the Northern District of Georgia, which shall automatically serve counsel for Plaintiff:

Valerie Chinn
Chinn Law Firm, LLC
245 N. Highland Ave, Suite 230 #7
Atlanta, GA 30307
vchinn@chinnlawfirm.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com
*Attorneys for Plaintiff*

This 25th day of August, 2025.

/s/ Blake W. Meadows
Blake W. Meadows
Georgia Bar No. 569729
Christopher J. Horton
Georgia Bar No. 316644
*Attorneys for Defendant*

SMITH & MEADOWS, LLC
215 Greencastle Road, Suite B
Tyrone, Georgia 30290
(404) 835-6506
blake@smithmeadowslaw.com
chris@smithmeadowslaw.com