IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ROBERT LEWIS, JR., on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KEY DIGITAL STRATEGIES LLC<br><br>Defendant. | Case No. 1:25-cv-02757-VMC |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiff Robert Lewis Jr. ("Plaintiff") and Defendant Key Digital Strategies LLC ("Defendant") and through undersigned counsel, hereby submit this Joint Preliminary Report and Discovery Plan.

1. **Description of Case:**

    (a) **Describe briefly the nature of this action.**

    Plaintiff's Statement:

    Mr. Lewis filed a class action complaint against Key Digital Strategies LLC through which is it asserted Defendant routinely violated the Telephone Consumer Protection Act ("TCPA") by delivering, or causing to be delivered, texts to cellular telephone numbers of individuals on the Do Not Call Registry who had no relationship with Defendant, despite that being required by the TCPA.

There are no pending or previously adjudicated related cases.

Defendant's Statement:

Defendant runs a marketing business which engages in lawful marketing and telemarketing strategies. Defendant received a confirmed sign-up request from what appears to be the same number as a number used by Plaintiff, but with a different name. Defendant contends that it followed all provisions of the TCPA. Defendant further contends on information and belief that Plaintiff conspired to create this case in bad faith either by using a false name or by having another individual sign up for the services on his behalf. Defendant also contends that it fully complied with the law when Plaintiff opted out of receiving further messages by immediately ceasing all communications with Plaintiff.

**(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff maintains that there was no prior relationship with Defendant, never signed up for any of their offerings or provided consent to be called. Nevertheless, it is alleged that text messages like the below we received:



Plaintiff alleges these calls were sent *en masse* to putative class members.

Defendant received a confirmed sign-up for the number that Plaintiff contends belongs to Plaintiff. Defendant believes that Plaintiff, or someone operating on Plaintiff's behalf signed up to receive the text messages. As a part of the sign-up, the user of the number entered a contract with Defendant, and Defendant contends that such terms are controlling. Defendant has logs indicating that the recipient of the text messages opened at least some of the links and engaged with the content. Once Defendant received a message to STOP messages, Defendant never sent another message. Defendant contends that it fully complied with the requirements of the TCPA and has rigorous processes and procedures to ensure compliance with TCPA.

3

**(c)    The legal issues to be tried are as follows:**

1. Whether Plaintiff or any similarly situated individuals can establish a claim under the TCPA (47 U.S.C. § 227(c)(5));

2. Whether this action should be certified as a class action;

3. Whether Plaintiff or any similarly situated individuals' claims are barred or limited by any defenses Defendant may have; and

4. Whether Plaintiff or any similarly situated individuals are entitled to damages, and if so, the amount of the damages.

5. Whether the contract that was entered into in the sign-up process binds the parties and governs this dispute.

6. Whether Plaintiff breached the contract that was entered into.

7. Whether Plaintiff engaged in fraud.

8. Whether Plaintiff engage in abuse of process by filing this present lawsuit.

9. Whether Defendant is entitled to attorney's fees either under a contract theory or under bad faith.

The parties reserve the right to amend, and/or add to this list of issue to be tried.

**(d)    The cases listed below (include both style and action number) are:**

(1)    Pending Related Cases:

None.

       (2)    Previously Adjudicated Related Cases:

None.

2. **This case is complex because it possesses one (1) or more of the features listed below (please check):**

   | | | |
   |---|---|---|
   | x | (1) | Unusually large number of parties |
   | ___ | (2) | Unusually large number of claims or defenses |
   | x | (3) | Factual issues are exceptionally complex |
   | x | (4) | Greater than normal volume of evidence |
   | x | (5) | Extended discovery period is needed |
   | ___ | (6) | Problems locating or preserving evidence |
   | ___ | (7) | Pending parallel investigations or action by government |
   | x | (8) | Multiple use of experts |
   | ___ | (9) | Need for discovery outside United States boundaries |
   | ___ | (10) | Existence of highly technical issues and proof |
   | x | (11) | Unusually complex discovery of electronically stored information |

3. **Counsel: The following individually-named attorneys are hereby designated as lead counsel for the parties:**

   Lead counsel for Plaintiff:    Anthony Paronich
   Paronich Law, P.C.

   Lead counsel for Defendant:    Blake W. Meadows
   Smith & Meadows, LLC

4. **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

Plaintiff does not contend that there is any issue of jurisdiction.

Defendant contends that there is a question of jurisdiction. Defendant only contacted the phone number in question after receiving an opt-in sign up, which explicitly consented to exclusive jurisdiction and venue in Tarrant County, Texas,

where Defendant is a resident. Forum selection clauses are generally enforceable in federal courts, and the burden is on the party opposing the forum selection clause to show that it should not be enforced. *P & S Business Machines, Inc. v. Canon USA, Inc.* 331 F.3d 804, 807 (11th Cir. 2003). Furthermore, Defendant has not taken the necessary acts to be subject to jurisdiction in Georgia. Defendant is not a resident of Georgia under O.C.G.A. § 9-10-90. There is no allegation that Defendant has sufficient minimum contacts to be subject to jurisdiction in this Court. At a minimum, a Defendant must purposefully avail itself of the privilege of conducting activities in Georgia, which is one of the requirements under the Georgia long-arm statute and the federal due process minimums. *HTL Sp. Z O.O. v. Nissho Corp.*, 245 Ga.App. 625, 626 (2000) citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Georgia has interpreted its long-arm statute consistent with due process minimums, which bind the federal courts and require minimum contacts to subject a defendant to jurisdiction. *See Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc.*, 593 F.3d 1249, 1260 N. 8 (11th Cir. 2010).

5. **The names of necessary parties to this action who have not been joined and any questions of misjoinder of parties and inaccuracies and omissions regarding the names of parties.**

    <u>**Parties to This Action**</u>**:**

    (a) The following persons are necessary parties who have not been joined:

<u>Plaintiff's Response</u>: To the extent Defendant used any vendor to send any of the subject text messages, Plaintiff may add the vendor to this matter as a party-defendant once Plaintiff learns, through discovery, of the identity of any vendor used by Defendant and the extent to which the vendor participated in sending the telemarketing calls at issue.

To the extent any other persons use Plaintiff's same telephone number or Plaintiff conspired with any other persons, Defendant may add such parties to this case. At this time, Shirel Price is the only other known individual and/or alias that Defendant intends to add.

(b)   The following persons are improperly joined as parties:

None.

(c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)   The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in Local Rule 15.**

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

Plaintiff intends no amendments at this time.

Defendant intends to amend its counterclaims to remove its counterclaim for slander and defamation and may amend its counterclaim for Abuse of Process.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times for Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

(a) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

8

**(b)** ***Summary Judgment Motions:*** within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

**(c)** ***Other Limited Motions:*** Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**(d)** ***Motions Objecting to Expert Testimony:*** Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

The parties propose and request the deadline by which Plaintiff must file a motion for class certification be eight months from the date of entry of this Scheduling Order.

The parties propose and request the deadline by which the parties must file dispositive motions should be sixty (60) days from the date the Court rules on Plaintiff's motion for class certification.

The parties propose and request the below expert disclosure schedule:

Plaintiff to disclose expert(s) by February 2, 2026;

Defendant to disclose expert(s) and/or any rebuttal expert(s) by March 4, 2026; and

Plaintiff to disclose any rebuttal expert(s) by April 2, 2026.

9

**Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection:**

None.

8. **Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Not applicable.

9. **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period. The Parties suggest that an eight (8) month discovery period would be appropriate given the complexity of the claims in this case.

**Please state below the subjects on which discovery may be needed:**

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support an anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose

any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto. Plaintiff intends to submit expert testimony relevant to class certification and that expert discovery prior to class certification will likely be necessary as a result.

Defendant intends to seek discovery from Plaintiff regarding Plaintiff's use of telephones, computers, electronic devices and other personal information; Plaintiff's ESI related to its electronic devices; and any information related to any other users of the telephone number used by Plaintiff.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties do not believe that discovery should be conducted in phases. The parties currently do not anticipate that additional time may be needed.

The parties agree and request the deadline to complete discovery should be eight (8) months from the date of entry of this Scheduling Order.

10. **Discovery Limitations:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

None.

(b) Is any party seeking discovery of electronically stored information?

☒ Yes   ☐ No

**If "yes,"**

**(1)** The parties have discussed the scope of the electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have discussed the scope of discovery and have agreed to limit the scope as follows: The parties have not reached a limitation agreement but will pursue such discussions in good faith. The parties agree however to exchange discovery electronically. If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

**(2)** The parties have discussed the format for the production of electronically stored information (TIFF or .TIF files), Portable Document Format (PDF) or native, method of production (e.g., paper or disk), and the inclusion or exclusion of the use of metadata, and have agreed as follows:

The parties have discussed the format of production for discovery. The parties agree however to exchange discovery electronically and will provide documents in

pdf, or other native format and/or searchable PDFs. If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

11. **Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties intend to seek a protective order of confidentiality specifically of Defendant's business practices and Plaintiff's personal information.

12. **Settlement Potential:**

**(a)    Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on August 15, 2025. The parties discussed settlement potential and agreed to have further discussion on this point.**

For Defendant:            */s/ Blake Meadows*

For Plaintiff:            */s/ Anthony Paronich*

**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

☐    A possibility of settlement before discovery.

☒    A possibility of settlement after discovery.

☐    A possibility of settlement, but a conference with the judge is needed.

☐    No possibility of settlement.

**(c)     Counsel ☐ do  ☒ do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

Defendant would be open to earlier settlement discussions but at this time there does not appear to be a likelihood of an early settlement.

**(d)     The following specific problems have created a hindrance to settlement of this case.**

None at this time.

**13. <u>Trial by Magistrate Judge</u>:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

The parties ☐ **do**  ☒ **do not** consent to having this case tried before a magistrate judge of this court.

Respectfully submitted in this 26th day of August, 2025

*/s/ Anthony I. Paronich*
Anthony I. Paronich (admitted *pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com
*Counsel for Plaintiff and the proposed class*

*/s/ Blake W. Meadows*
Blake W. Meadow

                                Georgia Bar No. 569729
                                Smith & Meadows, LLC
                                215 Greencastle Rd, Ste B
                                Tyrone, Georgia 30290
                                Tel: (404) 835-6506
                                blake@smithmeadowslaw.com
                                *Counsel for Defendant*