## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

ROBERT LEWIS, JR., on behalf of himself
and others similarly situated,

       Plaintiff,

    vs.

KEY DIGITAL STRATEGIES LLC

      Defendant.

Case No. 1:25-cv-02757-VMC

## PLAINTIFF'S REPLY IN SUPPORT OF
## MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

## **INTRODUCTION**

Key Digital's fraud counterclaim remains a speculation first, facts second, pleading. It still does not allege who made a misrepresentation, what the misrepresentation was, when and where it was made, or how Key Digital justifiably relied on such unpled "misrepresentations." Instead, it alleges (or perhaps more accurately, speculates) that "Plaintiff or an individual using Plaintiff's number" submitted information, and pleads the elements of fraud solely on information and belief. Rule 9 does not permit that kind of either/or information and belief pleading, particularly where the pertinent data, facts, and evidence are and remain uniquely within Key Digital's possession.

Predictably, the counterclaim relies on vague allegations and conclusory allegations because the information in Key Digital's possession shows the *opposite*: someone else, not the Plaintiff, allegedly submitted the Plaintiff's telephone number to some random website Key Digital does not even own or operate. Here, it is just as plausible (if not more so) that Shirel Price submitted her information, without the Plaintiff's involvement, and simply used her old phone number.  Key Digital's opposition does not cure these defects. Rather, it confirms them, instead now asking the Court to infer fraud from some even more vague and unpled "subsequent conduct." That strategy is impermissible for two reasons. *First*, it is well established that a party may not amend its pleadings through an opposition. *Second*, even if this

Court were to credit the statements in Key Digital's opposition, they are even more hopelessly vague, conclusory, and impermissible than the basis for Key Digital's original counterclaims.

The Federal Rules demand more than rank speculation. Because Key Digital still has not pled sufficient facts for its fraud counterclaim, despite having the opportunity to do so, the motion should be granted and the counterclaims against Plaintiff dismissed with prejudice.

## LAW AND ARGUMENT

### I.     Key Digital's fraud counterclaim continues to fail.

Key Digital's fraud counterclaim remains untenable. As an initial matter, Key Digital applies the wrong legal standard because it fails to apprehend the interplay between Rule 8 and Rule 9. "Rule 9(b) must not be read to abrogate [R]ule 8,. . . and a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of [R]ule 9(b) with the broader policy of notice pleading." *Friedlander v. Nims*, 755 F.2d 810, 813 n.3 (11th Cir. 1985).  "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to

relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). It also bears mentioning that Defendant's pled alleged ulterior motive, to "commence discovery to sift through Defendant's practices in hopes of identifying class members, and work toward a class action settlement," Oppn. at 5-6, cannot possibly be true because the Plaintiff hasn't so much as tendered a settlement offer. But this is besides the point.

The endgame is this: there cannot even be a "possibility" that the Plaintiff acted unlawfully here because Defendant's *own evidence* demonstrates facts materially to the contrary: someone, who is not the Plaintiff, (allegedly) submitted the Plaintiff's phone number, and *no other information of the Plaintiff*, to some third-party website. Though the viability of the website's consent language is legally suspect as an initial matter, assuming the Defendant's facts are true for the purposes of this motion, it is just as plausible, if not more so, that someone else, likely Shirel Price herself, simply mis-entered her telephone number on the website. Thus, far from "Plaintiff or Plaintiff's agent inputting Plaintiff's telephone number," Oppn. at 5, another plausible, and indeed the most plausible explanation, is that the Plaintiff's telephone number only was erroneously submitted to the website. If true, that is certainly not fraudulent. It is also notable that Defendant has *not alleged* that the website operator verified the number input into it, such as by texting it and asking for a code, or by calling the number, and thus provided a plausible

explanation to refute the Plaintiff's typo theory.

Rule 9(b) requires detailed factual pleading for precisely this reason. Defendant's own authorities, including *Blue Cross* and *Wexner*, all flip the record and burden on Defendant. The IP logs, form fields, timestamps, and vendor lead records are within Key Digital's control, not Plaintiff's. Despite owning the data, Key Digital pleads no facts showing why the information submitted could just as easily have been a typo, particularly as Key Digital apparently undertook no measures to verify the accuracy of the data submitted. Persons cannot be subjected to a fraud counterclaim, together with all the weight that comes with such a counterclaim, when there are equally, if not more, plausible non-fraudulent explanations for the counterclaims. Rule 9(b) forbids equivocal "Plaintiff or an individual using Plaintiff's number" allegations. That is precisely what Rule 9(b) polices against.

Rule 9(b) requires a party pleading fraud to *actually* plead fraud by discounting non-fraudulent alternative explanations for the conduct alleged, as well as affirmatively pleading who committed said fraud. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567 (2007). (holding that, as a factor in determining plausibility, a court may consider the fact that there is "an obvious alternative explanation," other than the defendant's liability, for the events alleged). Such detailed allegations, such as (if this is actually the case) the allegation that Key Digital somehow verified the

telephone number at issue as the Plaintiff's, are necessary to plead fraud and discount plausible alternatives, particularly when the evidence tends to show the same, such as a typo. Pleading those facts are completely and totally within Defendant's control. By failing to do so in the face of a plausible, lawful explanation, Key Digital has pled itself out of court, including for why it would seemingly have justifiable reliance on potentially inaccurate, unverified information submitted on a website. For that matter, relying on information submitted to a website, which is prone to typos and other errors, without so much as verifying the information submitted, guts any argument that Defendant's reliance on the website information was justified. Reliance on unverified webform data simply is unjustifiable, as a matter of law, at the pleadings stage.

What Key Digital pleads in its counterclaim and opposition is *precisely* what the Supreme Court warned against in *Twombly*, inferring a conspiracy when "the defendants' allegedly conspiratorial actions could equally have been prompted by lawful, independent goals which do not constitute a conspiracy." *Id.* at 566-67. "Rule 9(b) prevents speculative suits against innocent actors for fraud . . . and guards against 'guilt by association.'" *U.S. ex rel. Clausen v. Lab'y Corp. of Am.*, 290 F.3d 1301, 1308 (11th Cir. 2002). Neither *JTH Tax* nor *BTL COM* dictate a different conclusion: those cases require specific post-agreement conduct which is unusual, suspicious, or inconsistent with good faith. Defendant only points to the

6

fact that the Plaintiff did not immediately reply STOP and later sued to stop the calls. But that is neither unusual nor probative of prior fraudulent intent; it's consistent with a consumer who never assented in the first place and values his privacy. Importantly, *Twombly* makes clear that "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (citing *Twombly*). The Eleventh Circuit in *Am. Dental* affirmed dismissal of a similar counterclaim because it violated Rule 9(b)'s particularity requirement when there was an alternative innocent explanation for the misconduct alleged. That being the case here, dismissal of the fraud counterclaim is warranted.

## II.    Key Digital's remaining counterclaims fail as a matter of law.

### *Slander and Defamation*

As an initial matter, Defendant has not addressed its slander and defamation counterclaims and thus has conceded that they should be dismissed as abandoned. *Hudson v. Norfolk S. Ry. Co.*, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) (citing *Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (holding that issues not argued are abandoned)). This is particularly appropriate here as Defendant has no legitimate legal argument for why this lawsuit and the statements therein are not entitled to litigation privilege under O.C.G.A. § 51-5-8, and Key

Digital points to no other allegedly slanderous or defamatory statements made

outside the present litigation context. Those counterclaims should be dismissed

with prejudice.

### Abuse of Process and Attorneys' Fees

Defendant further concedes that its abuse of process is untenable and instead

contends that it should have asserted a counterclaim for malicious use of process.

As such, its abuse of process counterclaim should be dismissed with prejudice.

However, it is well established that a party may not amend its pleadings in its

response to a motion to dismiss. *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir.

2009). "Where a request for leave to file an amended complaint simply is

imbedded within an opposition memorandum, the issue has not been raised

properly." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999). If

Defendant feels it has a legitimate, nonfrivolous, and meritorious argument for a

malicious use of process counterclaim (it does not), it is free to seek leave to amend

its counterclaim, and the Plaintiff will respond appropriately in due course.

Relatedly, in Section E, Defendant attempts to add in new allegations and

plead a separate, non-contractual claim for attorneys' fees that was *not present in*

*its original counterclaim*, one under O.C.G.A. § 13-6-11. Notwithstanding the fact

that Defendant again pleads unpled claims in its response, any amendment as to

this claim would similarly be futile as there is no cause of action for a state

substantive law for a federal court sitting in federal question jurisdiction. *See F. D. Rich Co. v. U. S. for Use of Indus. Lumber Co.*, 417 U.S. 116, 127 (1974) (holding federal court applying federal question could not apply state substantive attorneys' fee hook); *Monessen Sw. Ry. Co. v. Morgan*, 486 U.S. 330, 336 (1988) (holding state law damage addons are unavailable because federal law controls the measure of relief).

Defendant cannot simply amend its pleadings in a response and expect Plaintiff to respond to such unpled allegations. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief."). And the Eleventh Circuit has "rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend." *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018). Any proposed amendment would be futile because even the proposed malicious use of process counterclaim would be dismissed for much the same reasons as the original abuse counterclaim, *inter alia*, because there is no "process" to be maliciously used.

### *Contractual Claims*

Key Digital's contractual counterclaims fail at the threshold because they do not plausibly allege a contract with the Plaintiff. It is hornbook law that a contract must reasonably identify the parties to be bound, and one who is not a party to a

contract is not bound by its terms or entitled to enforce them.  Here, the only

purported "agreement" Key Digital invokes identifies "Shirel Price," not Mr.

Lewis, so there is no contract with Plaintiff on which to premise any declaratory,

implied covenant, arbitration, or attorney's fees claim. Key Digital's own Rule 8

pleading and exhibits doom its contractual claims in that they allege either (1) the

Plaintiff herself used a fake name, or that (2) someone else, presumably Ms. Price,

contracted with Key Digital. Defendant cannot possibly expect this Court to

impose contractual obligations when Key Digital itself cannot identify who is

bound. Defendant pleads no actual, non-conclusory *facts* to substantiate either

theory. If Plaintiff used a fake name, it must provide some evidence for that

contention. And if someone else contracted with Key Digital, Key Digital needs to

plead facts showing that this person was an agent of Plaintiff under an accepted

agency theory so as to impute that contracting to Plaintiff. But it does none of that.

        And in its opposition, Key Digital merely repeats these conclusory themes it

adopted in its pleadings, acknowledging it "could not match" the telephone number

at issue to DNC data while never tying any manifestation of assent to this Plaintiff

or undertaking any attempt to verify the information allegedly submitted. Oppn. at

4-7. To the contrary, no reasonable business or jury can contend that they

contracted with "person A" while simultaneously admitting, as here, that they

"could not match" the identity of the purportedly contracting party to the actual

party. That would be akin to attempting to enforce a financing contract against an individual who presented a driver's license from the state of Springfield and bearing the name "Homer Simpson." Online identity verification services exist to alleviate this precise issue when contracting online. That Defendant did not do so and is now unable to plead any evidence binding Plaintiff in contract is the Defendant's problem, not Plaintiff's. As a contracting party wanting the benefit of the bargain, it was incumbent on the Defendant to collect sufficient evidence of the purported signatory's identity, not the Plaintiff's.

Under Rule 8, allegations that are equally, or more, consistent with a non-contract explanation, such as a mistyped number by someone else, do not cross the plausibility line. *Twombly*, 550 U.S. at 566-67; *Am. Dental*, 605 F.3d at 1290-91. That is exactly what Key Digital pleads: facts at least equally consistent with lawful, independent conduct and a typo that does not amount to contract formation with this Plaintiff. Nor does Key Digital supply any of the missing particulars necessary to nudge any one of its contract theories over the line, no allegation that the website verified the number via text or call, no allegation that Plaintiff himself clicked through terms, no allegation that the Plaintiff submitted an ID or any personally identifying information at all, and no non-conclusory facts of agency.

Rule 8 works in tandem with Rule 9(b)'s demand for concrete particulars where fraud or "clickwrap" assent is the linchpin; unsupported conclusions of fact

11

"do not prevent a Rule 12(b)(6) dismissal." *See Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003). Having failed to allege facts that discount the obvious, non-contract alternative it itself admits occurred by not being able to verify any of the submitted information, Key Digital has not plausibly alleged contractual assent *by this Plaintiff*. The derivative claims therefore collapse. The implied covenant cannot exist without a valid contract between these parties, nor can an arbitration agreement, nor can a claim for "contractual attorneys' fees." *Cascade Crossings*, which Defendant fails to even cite appropriately, is irrelevant, as that case similarly assumes a valid contract with the party to be charged. As Plaintiff has explained, without a contract with Mr. Lewis, no fee clause in the contract can bind him as a non-party. That alone distinguishes this case from *Cascade Crossings*. All these remedies are remedies under a contract that Key Digital has not plausibly alleged bound Plaintiff. The contract-based counterclaims should be dismissed.

## CONCLUSION

For the foregoing reasons, Key Digital's Counterclaims should be dismissed with prejudice.

DATED this 9th day of September, 2025.

By: */s/ Anthony I. Paronich*
    Anthony I. Paronich
    anthony@paronichlaw.com
    PARONICH LAW, P.C.
    350 Lincoln Street, Suite 2400
    Hingham, Massachusetts 02043
    Telephone: (617) 738-7080
    Facsimile: (617) 830-0327

    *Attorney for Plaintiff and the putative Class*