**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| **Robert Lewis Jr. et al** ) | |
| ) | |
|     **PLAINTIFF,** ) | |
| ) | |
| **V.** ) | **CASE:1:25-cv-02757-SCJ** |
| ) | |
| **Key Digital Strategies LLC** ) | **DEFENDANT'S ANSWER** |
| ) | **AFFIRMATIVE DEFENSES** |
| ) | **AND COUNTER CLAIMS** |
| ) | |
|     **DEFENDANT.** ) | |

**DEFENDANT KEY DIGITAL STRATEGIES LLC'S ANSWER, DEFENSES, AND COUNTERCLAIM**

COMES NOW Defendant Key Digital Strategies LLC ("Defendant"), by and through its undersigned counsel, and hereby files this *Defendant's Answer, Defenses, and Counterclaim*, thereby showing the Court the following:

1. Paragraph 1 contains legal conclusions which are thus denied.

2. Defendant denies both factually and because the assertions contain legal conclusions.

3. Denied, see Defendant's Affirmative Defenses Regarding Jurisdiction.

4. Denied, see Defendant's Affirmative Defenses Regarding Venue

5. Defendant lacks sufficient information to admit or deny the allegations in this paragraph which are thus denied.

6. Defendant lacks sufficient information to admit or deny the allegations in this paragraph which are thus denied.

7. Admitted.

8. Defendant lacks sufficient information to admit or deny the allegations in this paragraph which are thus denied.

9. Defendant lacks sufficient information to admit or deny the allegations in this paragraph which are thus denied.

10. Defendant lacks sufficient information to admit or deny the allegations in this paragraph which are thus denied.

11. Defendant lacks sufficient information to admit or deny the allegations in this paragraph which are thus denied.

12. Defendant admits to sending several messages to a telephone number ending in 4154, after a user with that number signed up for such messages.

13. Defendant admits that the screen shot appears to include messages sent by Defendant but cannot verify from the screenshot that they were sent to the number associated with Plaintiff.

14. Denied as stated. Defendant admits to sending messages to a number ending in 4154, after a user with the number registered to receive such messages and ceased sending such messages when Defendant received a message from that number opting out of such messages.

15. Defendant admits that 1-833-613-3169 is a phone number belonging to Defendant.

16. Defendant lacks sufficient information to admit or deny the allegations in this paragraph which are thus denied.

17. Admitted.

18. Denied.

19. Denied

20. Denied

21. Denied

22. Denied as containing a legal conclusion.

23. Denied as containing a legal conclusion.

24. Denied factually and as containing a legal conclusion.

25. Denied factually and as containing a legal conclusion.

26. Denied factually and as containing a legal conclusion.

27. Denied factually and as containing a legal conclusion.

28. Denied factually and as containing a legal conclusion.

29. Denied factually and as containing a legal conclusion.

30. Denied factually and as containing a legal conclusion.

31. Denied factually and as containing a legal conclusion.

32. Denied factually and as containing a legal conclusion.

33. Denied factually and as containing a legal conclusion.

34. Denied factually and as containing a legal conclusion.

35. Denied factually and as containing a legal conclusion.

36. Denied as containing a legal conclusion.

37. Denied as containing a legal conclusion.

38. Denied as containing a legal conclusion.

39. Denied factually and as containing a legal conclusion.

40. Denied factually and as containing a legal conclusion.

41. Denied as containing a legal conclusion.

42. Denied as containing a legal conclusion.

43. Denied as containing a legal conclusion.

44. Denied as containing a legal conclusion.

45. Denied as containing a legal conclusion.

46. Denied factually and as containing a legal conclusion.

47. Denied as containing a legal conclusion.

48. Denied as containing a legal conclusion.

49. Denied factually and as containing a legal conclusion.

50. Defendant incorporates all prior referenced responses.

51. Denied as containing a legal conclusion.

52. Denied as containing a legal conclusion.

53. Denied as containing a legal conclusion.

54. Denied as containing a legal conclusion.

55. Denied as containing a legal conclusion.

56. Denied factually and as containing a legal conclusion.

57. Denied factually and as containing a legal conclusion.

58. Denied factually and as containing a legal conclusion.

## DEFENSES AND COUNTERCLAIMS

### FACTS COMMON TO ALL DEFENSES AND COUNTERCLAIMS

1. Defendant is a company based out of Texas that performs a variety of digital marketing services, including text message services regarding services and promotions.

2. Defendant has thorough opt-in and opt-out policies and procedures in place to ensure compliance with laws and regulations, as well as the privacy of individuals.

3. Defendant's policies and procedures include monitoring applicable do-not-call lists, training personnel on preventing contact to numbers that are listed in said lists, and maintaining internal do-not-call lists.

4. One of the services Defendant supports is "Poll2Action.com," which allows individuals to sign up to receive promotional and prize-related offerings, in return for participation in various opinion polls.

5

5. Plaintiff, or an individual using Plaintiff's phone number, opted-in to receive messages from Defendant. A true, accurate, and complete copy of the opt-in message is attached hereto as Defendant's Exhibit 1.

6. In order to opt-in, Plaintiff, or an individual using Plaintiff's phone number, was required to provide information and agree to the terms of service. A true, accurate, and complete copy of the Terms of Service is attached hereto as Defendant's Exhibit 2.

7. In order to opt-in, Plaintiff or an individual using Plaintiff's phone number, was required to agree to Defendant's Privacy Policy. A true accurate and complete copy of Defendant's Privacy Policy is attached hereto as Defendant's Exhibit 3.

8. Plaintiff or an individual using Plaintiff's number, received and opened offers on at the messages Plaintiff admits to receiving. Defendant's software tracks which of the offers and links are opened by recipients. A true, accurate, and complete copy of the report is attached hereto as Defendant's Exhibit 4.

9. Every message sent by Defendant contained the option of opting out by texting the word "STOP."

10. On or about April 29, 2025, Plaintiff or a person using Plaintiff's phone number texted "STOP" effectively opting out of receiving messages from Defendant. *See D. Ex. 4*.

11. After April 29, 2025, Plaintiff did not receive any additional messages from Defendant.

12. As a matter of law, affirmatively opting into receiving messages exempts a company from following the requirements of the National Do Not Call Registry.

13. Plaintiff's number opted into receiving messages and stopped receiving messages when Plaintiff opted out of receiving messages.

14. Defendant never violated any legal duty it owed to Plaintiff.

15. After Plaintiff filed this present action, it has come to the attention of Defendant on information and belief, that Plaintiff has filed at least one other similar action alleging similar violations of law on the part of other defendants related to the same telephone number.

16. On information and belief, Plaintiff intentionally signed up for the National Do Not Call Registry, then intentionally signed up to receive promotional information, to set the stage for Plaintiff to falsely claim violations of the law in order to wrongfully collect money from unwary defendants.

17. On information and belief Plaintiff has slandered and defamed Defendant by falsely alleging that Defendant violated the law and engaged in business practices that are both unprofessional and illegal.

## FIRST COUNTERCLAIM

## FRAUD

18. Defendant hereby incorporates all allegations in the previous paragraphs.

19. On information and belief, Plaintiff submitted false statements and misrepresentations to Defendant when opting in to Defendant's services.

20. On information and belief, Plaintiff's false statements and misrepresentations included statements of identity and other details of the opt-in procedure.

21. On information and belief, Plaintiff had full knowledge of the falsity of such statements and misrepresentations when they were made.

22. On information and belief, Plaintiffs false statements were intended to induce Defendant to send messages to Plaintiff.

23. Defendant relied on Plaintiff's statements and misrepresentations in sending messages to Plaintiff.

24. On information and belief, Plaintiff's false statements and misrepresentations were intended to provide a basis for this present suit and the attempt to wrongfully receive money from Defendant.

25. Defendant has been damaged by the actions of Plaintiff.

26. Defendant hereby requests relief from this Court for the fraudulent actions of Plaintiff.

## SECOND COUNTERCLAIM

## ABUSE OF PROCESS

27. Defendant hereby incorporates all allegations in the previous paragraphs.

28. On information and belief, Plaintiff filed this present lawsuit with the ulterior motive of wrongfully creating leverage against Defendant to force Defendant to settle with Plaintiff despite Plaintiff having no legitimate claim against Defendant.

29. On information and belief, Plaintiff commenced this action with full knowledge of the falsity of Plaintiff's claims.

30. Plaintiff knew or should have known that any disputes would be governed by the Terms and Conditions of the opt-in agreement.

31. Plaintiff knew or should have known that they were bound by the forum selection clause.

32. On information and belief, Plaintiff intended the use of process in this court as pretext and leverage to wrongfully obtain leverage and money from Defendant.

33. This pretextual litigation is abuse of process because it uses the legal process of the courts, not to resolve genuine disputes, but rather to force Defendant into meritless situations that Defendant must pay to resolve.

## THIRD COUNTERCLAIM

### Slander and Defamation

34. Defendant hereby incorporates all allegations in the previous paragraphs.

35. Plaintiff, both in the contents of their Complaint in this present lawsuit, and on information and belief, in out-of-court statements, have made factual allegations both orally and in writing about Defendant.

36. Plaintiff's statements include allegations that Defendant violated the law.

37. Plaintiff's statements include allegations that violated professional standards governing the industry of Defendant.

38. On information, Plaintiff's statements were made and published to third parties.

39. Plaintiff's statements are per se slanderous, including allegations of violations of law and violations of professional standards of conduct.

40. Defendant engages in business where reputation for both legal compliance and professional conduct are essential.

41. Defendant is hired by third parties to conduct marketing campaigns and other text messaging campaigns.

42. Defendant's reputation for excellence in both following the law and complying with professional standards in this industry is critical to Defendant's ongoing success in this industry.

43. Plaintiff's allegations have the likelihood of and, on information and belief, have harmed the reputation of Defendant and caused Defendant damage.

## FOURTH COUNTERCLAIM

### Declaratory Judgment for Plaintiff's Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing

44. Defendant hereby incorporates all allegations in the previous paragraphs.

45. Plaintiff, or an individual using Plaintiff's phone number, entered into a contractual agreement with Defendant. *See D. Ex. 2.*

46. The terms of that agreement govern the relationship between Plaintiff and Defendant.

47. The terms of that agreement require that the parties arbitrate their claims. *See D. Ex. 2 at ¶ 19.*

48. The terms of that agreement require that any dispute be resolved in Tarrant County, Texas. *See D. Ex. 2 at ¶ 19.*

49. Implied in every contract is a duty of good faith and fair dealing.

50. Plaintiff's actions in pursuing this lawsuit violate both the explicit terms of the agreement and the duty of good faith and fair dealing.

## FIFTH COUNTERCLAIM

### Bad Faith Attorney Fees.

51. Defendant hereby incorporates all allegations in the previous paragraphs.

52. Plaintiff actions underlying this claim and Plaintiff's commencement of this action were done in bad faith knowing that Plaintiff had no basis for the relief sought.

53. Defendant requests this Court to award all attorney fees and costs associated with defending this action to Defendant on the basis of Plaintiff's bad faith conduct.

## SIXTH COUNTERCLAIM

### Contractual Attorney Fees

54. Defendant hereby incorporates all allegations in the previous paragraphs.

55. The agreement between the parties provides for attorney fees to be awarded to Defendant in the event of a dispute where Defendant is the prevailing party. *See D. Ex. 2 at ¶ 19.*

56. Defendant requests the Court award all attorney fees and costs associated with defending this action to Defendant on the basis of contract.

## FIRST DEFENSE

### Lack of Jurisdiction

Defendant is a Texas company that does not regularly conduct business in the State of Georgia. When Plaintiff entered into the terms and conditions, Plaintiff agreed that Texas, not Georgia, would have jurisdiction over any disputes.

## SECOND DEFENSE

## Safe Harbor Under the TCPA

Plaintiff's case seeks to assert a claim under the Telephone Communication Protection Act "TCPA". However, the TCPA provides safe harbor exemptions in certain circumstances, several of which are applicable here. The TCPA protects companies from being sued for inadvertent errors in certain circumstances. Here, Defendant has adequate policies and procedures to prevent violations of TCPA, and Defendant monitors and trains employees to prevent violations of the National Do Not Call List. Thus, any incorrect contact would fall under acceptable accidental contact. Additionally, in this case, Defendant had an understandably mistaken belief that Plaintiff had consented to the contact.

## THIRD DEFENSE

## Consent

Plaintiff's case can only proceed in the absence of consent. However, as shown in Defendant's answer and counterclaims, Plaintiff or someone acting on Plaintiff's behalf consented to the contact which defeats Plaintiff's claims entirely. In fact, Plaintiff's accepted and actually clicked on multiple offers from the text sent, instead of simply replying with "Stop" to opt out as instructed.

## FOURTH DEFENSE

### Assumption of Risk

Because part of Plaintiff's claims can be characterized as torts claims, the doctrine of assumption of risk applies. Plaintiff voluntarily signed up to receive messages. Thus, to the degree that Plaintiff was contacted and suffered damages Plaintiff assumed the risk that they would be contacted by knowingly and voluntarily signing up to receive such text messages.

## FIFTH DEFENSE

### Estoppel

Plaintiff made false statements and provided incorrect information when signing up to receive messages from Defendant. Plaintiff now seeks damages from Defendant for receiving the very messages that Plaintiff signed up to receive and did in fact use to access content. Plaintiff had knowledge of all these facts, including the falsity of certain information provided to Defendant. Plaintiff should be equitably estopped from pursuing its claims.

## SIXTH DEFENSE

### Fraud

Plaintiff made knowingly false statements and provided incorrect information when signing up to receive messages from Defendant. Defendant reasonably relied on such statements in providing messages to Plaintiff. Defendant has now been

14

harmed by the actions of Plaintiff, and Plaintiff should not be permitted to pursue this action in light of Plaintiff's fraudulent actions.

## SEVENTH DEFENSE

### Laches and Waiver

Plaintiff admits that in all messages it received from Defendant there was an ability to opt-out. Plaintiff further admits that for the messages complained of here, Plaintiff never opted out. Moreover, once Plaintiff opted out, they never received any further messages. Plaintiff signed up to receive messages, had the option to opt out of further messages, which opt out was honored immediately when exercised. Thus, the Court should apply the doctrines of laches and waiver to bar any claims for messages where Plaintiff chose not to opt out of future messages.

## EIGHTH DEFENSE

### License

Even assuming that Plaintiff has properly listed its number on the National Do Not Call List, Plaintiff's action in signing up for the text messages constitute a license, which Defendant reasonably relied on.

## NINTH DEFENSE

### Defendant's Opposition to Certification of Class

Defendant strongly opposes the certification of any class on this subject. Moreover, given the facts unique to this case, there is no reason that a class can or

should be certified. Opposing counsel is simply looking for an opportunity for the equivalent of a fishing expedition into Defendant's records and has no evidence or reason to believe that such a class of litigants does exist. Defendant reserves all rights to oppose a class of litigants under Rule 23 and other applicable rules of Federal Civil Procedure.

## TENTH DEFENSE

### Plaintiff is Not an Appropriate Class Representative

Even assuming that a class would be appropriate for this dispute, which Defendant opposes, Plaintiff is not an appropriate class representative. As has been shown to the Court in Defendant's exhibits, Plaintiff's case at the very least is tainted by the consent that was given and the potentially fraudulent activity of Plaintiff. Thus, Plaintiff is subject to arguments and defenses that other putative class members, if such exist, would not necessarily be subject to.

## ELEVENTH DEFENSE

### Plaintiff's Failure to Comply with the Procedures of TCPA

Defendant reserves the right to challenge the Plaintiff's compliance with all procedures of the TCPA.

## RESERVATION OF FURTHER DEFENSES

Defendant hereby explicitly reserves the right to assert any and all defenses under Federal Rules of Civil Procedure 8 and other applicable defenses, as facts

emerge which merit the raising of such Defenses.

## PRAYER FOR RELIEF

Wherefore Defendant prays for relief and judgment as follows:

a. All of Plaintiff's Claims be dismissed with prejudice.

b. That the Court Order all claims be arbitrated.

c. That the Court Order all claims be brought in the proper venue in the Jurisdiction of Tarrant County, TX.

d. If the case is not dismissed and ordered to be arbitrated in Tarrant County, TX, that the Court find that Plaintiff engaged in fraudulent behavior.

e. If the case is not dismissed and ordered to be arbitrated in Tarrant County, TX, that the Court find that Plaintiff engaged in Abuse of Process.

f. If the case is not dismissed and ordered to be arbitrated in Tarrant County, TX, that the Court enter declaratory judgment that Plaintiff breached the contract and breached the implied covenant of good faith and fair dealing.

g. If the case is not dismissed and ordered to be arbitrated in Tarrant County, TX, that the Court enter an order awarding all attorney fees and costs to Defendant.

h. If the case is not dismissed and ordered to be arbitrated in Tarrant County, TX, that the Court find that that Plaintiff slandered and Defamed Defendant and caused damage to Defendant in an amount to be found at trial.

i. Appropriate sanctions against Plaintiff for their behavior towards the Court.

j. Any other relief the Court deem necessary and appropriate.

Respectfully submitted this 24th day of June, 2025.

/s/ Blake W. Meadows
Blake W. Meadows
Georgia Bar No. 569729
Christopher J. Horton
Georgia Bar No. 316644
Smith & Meadows, LLC
215 Greencastle Road, Suite B
Tyrone, GA 30290
(404) 835 6506
blake@smithmeadowslaw.com
chris@smithmeadowslaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing *Defendant's Answer, Defenses, and Counterclaims* with the ECF System for the Northern District of Georgia, and served Plaintiff via electronic mail and first class mail with sufficient postage to ensure delivery upon counsel for Plaintiff:

Valerie Chinn
Chinn Law Firm, LLC
245 N. Highland Ave, Suite 230 #7
Atlanta, GA 30307
vchinn@chinnlawfirm.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com
*Attorneys for Plaintiff*

This 24th day of June, 2025.

/s/ Blake W. Meadows
Blake W. Meadows
Georgia Bar No. 569729
Christopher J. Horton
Georgia Bar No. 316644
Smith & Meadows, LLC
215 Greencastle Road, Suite B
Tyrone, GA 30290
(404) 835 6506
blake@smithmeadowslaw.com
chris@smithmeadowslaw.com
*Attorneys for Defendant*

## CERTIFICATE OF COUNSEL

I hereby certify that the foregoing has been prepared with Times New Roman, 14 Point font, one of the font point selections approved by the Court in L.R. 5.1C.

Dated: June 24, 2025.

/s/ Blake W. Meadows
Blake W. Meadows
Georgia Bar No. 569729
Christopher J. Horton
Georgia Bar No. 316644
**Smith & Meadows LLC**
215 Greencastle Road, Suite B
Tyrone, Georgia 30290
blake@smithmeadowslaw.com
chris@smithmeadowslaw.com
(404) 835-6506
*Attorneys for Defendant Key Digital Strategies, LLC*
