IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT LEWIS JR., on behalf of himself and others similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>KEY DIGITAL STRATEGIES LLC,<br><br>　　　Defendant. | Civil Action No.<br>1:25-cv-02757-VMC |

**ORDER**

This matter is before the Court on Defendant/Counter Claimant Key Digital Strategies LLC's Motion to Dismiss (Doc. 7) and Plaintiff/Counter Defendant Robert Lewis, Jr.'s Motion to Dismiss Defendant's Counterclaim (Doc. 14). For the reasons given below, the Court will deny both motions.

**I.　Background**[1]

On May 16, 2025, Plaintiff initiated this putative class action against Key Digital Strategies, LLC. (Doc. 1). In the Complaint, Plaintiff alleges that he registered his cell phone number with the Do Not Call ("DNC") registry on November 21, 2024. (*Id.* ¶ 11). Despite being registered with the DNC registry,

---

[1] Because this case is before the Court on a motion to dismiss, the following facts are drawn from Plaintiff's Complaint and are accepted as true. *Cooper v. Pate*, 378 U.S. 546, 546 (1964).

Plaintiff alleges that he received "a total of five text messages" between April 15, 2025 and April 16, 2025. (*Id.* ¶ 12). The purpose of each of the five subject text messages was to advertise and market various goods, promotions, and services through Defendant's business. (*Id.* ¶ 17). Plaintiff alleges that he did not give Defendant prior express consent or permission "to deliver, or cause to be delivered, advertisement or marketing text messages" to his telephone number. (*Id.* ¶ 18). Nor did Plaintiff "request information or promotional materials" from Defendant. (*Id.* ¶ 19).

As a result of these solicitations, Plaintiff alleges that he suffered actual harm, "in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance." (*Id.* ¶ 20). In his sole cause of action, Plaintiff asserts that Defendant's conduct violated both 42 U.S.C. § 227(c)(5), a provision of the Telephone Consumer Protection Act ("TCPA"), and 47 C.F.R. § 64.1200, and as a result Plaintiff alleges that he, and the members of the class, are entitled to damages. (*Id.* ¶ 58).

On June 4, 2025, Defendant filed its Motion to Dismiss, arguing that the Court lacks jurisdiction over the action because the alleged phone number was used by a party who specifically consented to arbitration in the event of any dispute relating to the use of the user's data. (Doc. 7-1 at 4). Defendant also argues, albeit briefly, that venue is improper and that Plaintiff failed to state a claim. (Doc.

7-1 at 5). Additionally, Defendant filed an Answer asserting six counterclaims, including fraud, abuse of process, slander and defamation, breach of contract and breach of implied covenant of good faith and fair dealing, bad faith attorney fees, and contractual attorney fees. (Doc. 8 ¶¶ 18–53). Plaintiff has filed a corresponding Motion to Dismiss. (Doc. 14). The parties' motions have been fully briefed and are ripe for review.

## II.    Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this pleading standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading is plausible on its face when the claimant pleads factual content necessary for the court to draw the reasonable

inference that the defendant is liable for the conduct alleged. *United States v. Zak*, 550 F. Supp. 3d 1349, 1351 (N.D. Ga. 2021) (citing *Twombly*, 550 U.S. at 556).

For the purposes of a motion to dismiss, the court must accept all factual allegations in the complaint as true; however, the court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678; *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555.

"A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Zak*, 550 F. Supp. 3d at 1351 (quoting *Great Am. Assurance Co. v. Sanchuk, LLC*, No. 8:10-cv-2568, 2012 WL 195526, at *2 (M.D. Fla. Jan. 23, 2012)).

### III. Discussion

#### A. Whether Defendant's Answer Moots its Motion to Dismiss

Before addressing the merits of Defendant's Motion to Dismiss, the Court first considers Plaintiff's procedural argument that Defendant "has waived its right to seek dismissal under Rule 12(b)(6)" by filing an answer. (Doc. 12 at 7). Plaintiff contends that Federal Rule of Civil Procedure 12(g) operates as a bar to

4

the Court considering Defendant's Motion to Dismiss. (*Id.*). Defendant filed a reply, arguing that its Motion to Dismiss is not rendered moot by filing an answer because "Defendant filed its Motion prior to filing its responsive pleading." (Doc. 16 at 3). For support, Defendant points to the docket itself which indicates that Defendant filed its Motion on June 24, 2025 and subsequently filed its Answer on June 24, 2025. (*See* Docs. 7, 8). Alternatively, if the Court does find it appropriate to convert the Motion, Defendant argues that it should be converted to a motion for judgment on the pleadings, not a motion for summary judgment.

The Federal Rules make clear that "motions to dismiss become improper after a responsive pleading is filed." *Yarbough v. Kaiser Permanente Ga. Region*, No. 1:20-CV-4484-WMR-CCB, 2021 WL 3929570, at *2 (N.D. Ga. June 29, 2021) (citing *Gaby's Bags, LLC v. Mercari, Inc.*, No. 2:19-cv-785, 2020 WL 495215, at *6 (M.D. Fla. Jan. 30, 2020)). As Federal Rule of Civil Procedure 12(b) states: "A motion asserting any of these defenses [under Rule 12(b)] must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).

Here, Defendant filed its Motion to Dismiss (Doc. 7) and its Answer (Doc. 8) on the same day.[2] Because a motion under Rule 12(b) must be made before pleading, Defendant's Motion to Dismiss could technically be considered

---

[2] District courts in the Eleventh Circuit routinely deny motions to dismiss as moot when filed simultaneously with or after an answer is filed. *Walker v. Mead*, No. 6:13-cv-1894, 2014 WL 2778162, at *3 (M.D. Fla. June 18, 2014) (collecting cases).

untimely, however, untimeliness would not necessarily be detrimental to Defendant's Motion. *Brown v. Wells Fargo Bank, N.A.*, No. 3:17-cv-00044-TCB-RGV, 2018 WL 6694897, at *4 (N.D. Ga. Oct. 11, 2018) (internal citation and quotation omitted). Indeed, "as a matter of motions practice, such a motion may be properly considered as one for judgment on the pleadings under Fed. R. Civ. P. 12(c), and evaluated, nonetheless, under the standards for dismissal under Rule 12(b)(6)," since "[t]he principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing," with Rule 12(c) providing for the filing of a motion for judgment on the pleadings after an answer has been filed. *Id.* (quoting *Doe v. Sentech Emp't Servs., Inc.*, 186 F. Supp. 3d 732, 736 (E.D. Mich. 2016) and *Dutciuc v. Meritage Homes of Ariz., Inc.*, No. CV–09–866, 2009 WL 4827087, at *2 (D. Ariz. Dec. 10, 2009)).

Because Defendant's motion to dismiss pursuant to Rule 12 was filed the same day as its Answer, the Court could, as Defendant suggests, treat them as having been filed contemporaneously and analyze Defendant's motion raising Plaintiff's alleged failure to satisfy Rule 12(b)(6) as a Rule 12(c) motion for judgment on the pleadings for failure to state a claim. *Id.* (citing *E.E.O.C. v. SleeveCo, Inc.*, No. 2:08-CV-00106-SSC, 2008 WL 11334159, at *4 (N.D. Ga. Dec. 8, 2008) (internal citation omitted)).

Ultimately, however, the Court will decline Plaintiff's invitation to deny Defendant's Motion to Dismiss on this ground. And the Court need not decide whether Defendant's Motion to Dismiss should be analyzed pursuant to Rule 12(b)(6) or 12(c), because either way, Defendant's Motion to Dismiss is premature.

### B.  The Court Declines to Consider Matters Outside of the Pleadings

In its Motion to Dismiss, Defendant argues that Plaintiff's phone number belongs to an individual identified as "Sheril Price" ("Price"). (Doc. 7-1 at 2). The phone number, according to Defendant's record, was used in registering for Poll2Action. (*Id.*). Defendant asserts that Price's phone number "opted-in to receive advertising and marketing materials by check-marking the respective box." (*Id.*). After selecting the box, Defendant explains that "Price agreed to be subject to the terms and conditions of use, which were clearly, conspicuously, and conveniently stated after the checked box and links to the incorporated privacy policy and terms and conditions are also included on the website." (*Id.*). Thus, with Price's consent "to receipt of advertising and promotional materials," Defendant texted the registered number with messages beginning on April 15, 2025 and continuing until April 29, 2025 when a "STOP" message was sent from the number. (*Id.* at 3). For support, Defendant attached a number of exhibits to its Answer, filed the same day as the instant Motion to Dismiss. (*See* Docs. 8, 27). The Exhibits include the aforementioned opt-in message (Doc. 27-1), a copy of the

7

Terms of Service (Doc. 27-2), Defendant's Privacy Policy (Doc. 27-3), and a report indicating "received and opened offers" connected to Plaintiff's number. (Doc. 27-4). On the basis of these exhibits, Defendant argues that Plaintiff fails to state a claim under the TCPA because he consented to arbitration in the event of any dispute relating to the use of the user's data, agreed to resolve any such dispute in Tarrant County, Texas, authorized the use of the relevant data by opting in to receive texts like the ones at issue here, and failed to demonstrate "actual injury." (Doc. 7 at 3–9).

Plaintiff responds that Defendant's attempt to resolve a factual dispute at this stage is improper and that Defendant cannot contradict Plaintiff's well-pled allegations of "non-consent" by introducing purported evidence to the contrary without converting the Motion into a motion for summary judgment. (Doc. 12. at 10, 14). Additionally, Plaintiff argues that even if an arbitration clause existed, it would not be grounds for dismissal. (*Id.* at 14). Finally, Plaintiff asserts that venue is proper because he "received the text messages at issue to his cellular telephone in [the Northern] district." (*Id.* at 16).

The Court agrees with Plaintiff and finds that it cannot consider the exhibits attached to Defendant's Answer without converting the Motion to Dismiss into a motion for summary judgment. As a general rule, the district court must "limit its consideration to the pleadings and exhibits attached thereto" when ruling on a

8

Rule 12(b)(6) motion to dismiss. *Norwood v. Equifax Info. Servs., LLC*, No. 1:18-CV-3123-MHC-JSA, 2019 WL 11526907, at *2 (N.D. Ga. Feb. 25, 2019) (quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)). Rule 12(d) of the Federal Rules of Civil Procedure provides that:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given an opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). It is within the district judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court, or alternatively to exclude them. *Norwood*, 2019 WL 11526907, at *2 (citing *Jones v. Auto. Ins. Co. of Hartford,* 917 F.2d 1528, 1531–32 (11th Cir. 1990)). That is, the court may properly rule on a motion to dismiss if the court excludes or declines to consider any matters presented to it that fall outside the complaint and the exhibits thereto. *Id.* (citing *Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1232 (11th Cir. 2010)). If the court does consider matters outside the pleadings, the motion is converted into a motion for summary judgment, and the court must provide at least ten days' notice to the parties that the motion has been converted. *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 701 (11th Cir. 2016) (citing *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002)).

This rule is subject to a number of exceptions. For example, "the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, 'undisputed' means the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).

Defendant argues that the Court may consider the exhibits to the Answer because all exhibits are central to the facts underlying Plaintiff's claim. However, a document is not "central" merely because it is directly responsive to a factual allegation. *Adamson v. Poorter*, No. 06-15941, 2007 WL 2900576, at *3 (11th Cir. Oct. 4, 2007). As the Eleventh Circuit has explained, the principle undergirding a defendant's ability to introduce "central" documents at the motion to dismiss stage is that "when a plaintiff files a complaint based on a document but fails to attach that document to the complaint, the defendant may so attach the document, and therefore, the document, as one that could have or rather in fairness should have been attached to the complaint, is considered part of the pleadings and thus may be reviewed at the pleading stage without converting the motion into one for summary judgment." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 n.16 (11th Cir. 1999). The underlying premise is that "if the document was indeed so central

10

to the claim that it served as a basis for the complaint, then [the plaintiff] must have already been aware of it[.]" *Id.*

The centrality exception does not apply here. Defendant's exhibits are not those that "in fairness should have" been attached to Plaintiff's Complaint. *Id.* Rather, Defendant's exhibits, attached to the Answer but relied upon in its Motion to Dismiss, plainly seek to provide support for Defendant's contention that it received consent to contact Plaintiff. While Plaintiff does state that he did not give consent (Doc. 1 ¶ 18), the question of consent itself is not central to Plaintiff's Complaint. As such, the Court will not consider the documents attached to Defendant's Answer. And because this case is still in the early stages, the Court declines to convert this Motion to one for summary judgment. *Taylor v. Bruce Fink, D.D.S., P.C.*, No. 1:25-CV-3099-TWT, 2026 WL 290957 (N.D. Ga. Feb. 3, 2026).

Based on the pleadings the Court will consider at this stage, Defendant has not carried its burden of demonstrating that dismissal is warranted. As such, the Court must accept Plaintiff's version of the facts. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994–95 (11th Cir. 1983). Plaintiff has adequately alleged that he did not consent to, and suffered injury from, Defendant's contact. In the same vein, Defendant's truncated argument that Plaintiff consented to arbitration in Tarrant County, Texas is likewise unsupported

and therefore cannot trigger dismissal pursuant to Rule 12(b)(3). Accordingly, Defendant's Motion to Dismiss is denied.

### C. Defendant's Counterclaims Do Not Meet Federal Pleading Standards

Plaintiff moves to dismiss Defendant's six counterclaims pursuant to Rule 12(b)(1) and 12(b)(6). Specifically, he argues that Defendant's counterclaims lack the basic details to support its allegations and amount to "nothing more than a contrived attempt to intimidate and bully a consumer." (Doc. 14 at 2). Plaintiff further argues that the counterclaims must be dismissed for lack of standing because Defendant fails to assert a legally cognizable injury that is fairly traceable to any action taken by the Plaintiff.[3]

Defendant responds that Plaintiff's filing of the instant action "is predatory in nature" because Plaintiff "not only consented to receiving telephone solicitations, but by his own evidence, refused to cancel or unsubscribe from solicitations until after five solicitations were sent to him." (Doc. 21 at 2–3). The consent, Defendant argues, "served as bait for Plaintiff to receive telephone solicitations then bring an action against Defendant as a class action lawsuit with the hopes of using discovery as a fishing expedition to amass a large class action

---

[3] Motions to dismiss based on Rule 12(b)(1) may raise a facial or factual attack. *See McElmurray v. Consol. Gov't of Augusta – Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

case against Defendant." (*Id.*). Therefore, Defendant argues that its counterclaims satisfy the requisite pleading standards.

The Court finds that Defendant's counterclaims fail to meet federal pleading standards and are due to be dismissed. Among its many other deficiencies, the pleading (1) is a shotgun pleading where each count incorporates all prior allegations and relies on vague and unsupported allegations about Plaintiff's motives and alleged out of court statements, and (2) fails to contain a short, plain statement of the grounds for the court's jurisdiction in accordance with Rule 8(a)(1) of the Federal Rules of Civil Procedure. Because federal courts are of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). The Court's ability to examine its jurisdiction is hampered by Defendant's failure to meet Rule 8(a) pleading standards. Even if the Court were to assume that Defendant sought supplemental jurisdiction over its counterclaims pursuant to 28 U.S.C. § 1367, the Court's analysis would be greatly hindered because (1) Defendant's counterclaims do not contain a jurisdictional statement and (2) due to the shotgun nature of the allegations, the Court cannot determine whether the counterclaims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy" or

whether declining jurisdiction would be necessary under § 1367(c)(1) or (2). These failures require repleading at a minimum.

## IV.   Conclusion

For the reasons above, Defendant's Motion to Dismiss (Doc. 7) is **DENIED**. Plaintiff's Motion to Dismiss (Doc. 14) is also **DENIED**. Because the Court concludes, however, that Defendant's counterclaims are an impermissible shotgun pleading, the counterclaims are **DISMISSED WITHOUT PREJUDICE**. Defendant may file an amended Answer within **14 DAYS** of the entry of this order solely to address the deficiencies outlined above. Defendant is **CAUTIONED** that failure to comply with Rule 8(a)(1) or the Court's Order will result in dismissal without prejudice. *See* LR 16.5, NDGa.

**SO ORDERED** this 11th day of March, 2026.

_____
Victoria Marie Calvert
United States District Judge