# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **Robert Lewis Jr.,** *on behalf of himself and others similarly situated*, <br><br> **Plaintiff,** <br><br> **v.** <br><br> **Key Digital Strategies, LLC,** <br><br> **Defendants.** | **CASE: 1:25-cv-02757-VMC** <br><br> **DEFENDANT KEY DIGITAL STRATEGIES LLC'S FIRST AMENDMENT TO DEFENDANT KEY DIGITAL STRATEGIES' ANSWER, DEFENSES, AND COUNTERCLAIM** |

## DEFENDANT KEY DIGITAL STRATEGIES LLC'S FIRST AMENDMENT TO DEFENDANT KEY DIGITAL STRATEGIES' ANSWER, DEFENSES, AND COUNTERCLAIM

COMES NOW, Defendant Key Digital Strategies LLC ("Defendant"), by and through its undersigned counsel, and hereby files this *Defendant Key Digital Strategies LLC's First Amendment to Defendant Key Digital Strategies' Answer, Defenses, and Counterclaim* ("Answer"), thereby showing the Court the following:

Defendant hereby incorporates all Defendant's responses to Plaintiff's allegations and matters stated within Plaintiff's *Class Action Complaint*, as stated in Defendant's Answer, including all affirmative defenses stated therein. Except as otherwise stated below, Defendant's responses, affirmative defenses, and all other matters set forth in the Answer are incorporated:

1

## COUNTERCLAIMS

Defendant hereby shows the Court the following in connection with Defendant's counterclaims against Plaintiff. Subject to Defendant's affirmative defense contending that Defendant is a Texas company and any claim should have been brought in Texas and through an arbitration proceeding, Defendant states the following:

### Jurisdiction

1.      This Court has jurisdiction over Defendant's counterclaims through supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). The counterclaims stated below are directly related to Plaintiff's current pending claim pursuant to 47 U.S.C. § 277(c)(5).

2.      None of the claims stated below raise a novel or complex issue of Georgia law. None of the claims substantially predominate over Plaintiff's claim pursuant to 47 U.S.C. § 277(c)(5). All claims are directly related to facts alleged within Plaintiff's claim pursuant to 47 U.S.C. § 277(c)(5).

### Facts Common to All Defenses and Counterclaims

3.      Defendant is a company based out of Texas that performs a variety of digital marketing services, including text message services regarding services and promotions.

4.      Defendant has thorough opt-in and opt-out policies and procedures in

2

place to ensure compliance with laws and regulations, as well as the privacy of individuals.

5.      Defendant's policies and procedures include monitoring applicable do-not-call lists, training personnel on preventing contact to numbers that are listed in said lists, and maintaining internal do-not-call lists.

6.      One of the services Defendant supports is "Poll2Action.com," which allows individuals to sign up to receive promotional and prize-related offerings, in return for participation in various opinion polls.

7.      Plaintiff, or an individual using Plaintiff's phone number, opted-in to receive messages from Defendant ("Opt-in Form"). A true, accurate, and complete copy of the Opt-in Form is attached hereto as Defendant's Exhibit 1 ("Def. Ex. 1").

8.      In order to opt-in, Plaintiff, or an individual using Plaintiff's phone number, was required to provide information and agree to the terms of service ("Terms of Service"). A true, accurate, and complete copy of the Terms of Service is attached hereto as Defendant's Exhibit 2 ("Def. Ex. 2").

9.      In order to opt-in, Plaintiff or an individual using Plaintiff's phone number, was required to agree to Defendant's Privacy Policy ("Privacy Policy"). A true, accurate, and complete copy of the Privacy Policy is attached hereto as Defendant's Exhibit 3 ("Def. Ex. 3").

10.     Plaintiff received and opened offers in the messages Plaintiff admits to

3

receiving. Defendant's software tracks which of the offers and links are opened by recipients. A true, accurate, and complete copy of the report is attached hereto as Defendant's Exhibit 4 ("Def. Ex. 4").

11. Every message sent by Defendant contained the option of opting out by texting the word "STOP."

12. On or about April 29, 2025, Plaintiff texted "STOP" effectively opting out of receiving messages from Defendant. (*See Def. Ex. 4*).

13. After April 29, 2025, Plaintiff did not receive any additional messages from Defendant.

14. As a matter of law, affirmatively opting into receiving messages exempts a company from following the requirements of the National Do Not Call Registry.

15. Plaintiff's number opted into receiving messages and stopped receiving messages when Plaintiff opted out of receiving messages.

16. Defendant never violated any legal duty it owed to Plaintiff.

17. Plaintiff has filed other lawsuits in the Northern District of Georgia, alleging similar violations of law on the part of other defendants related to the same telephone number.

18. On information and belief, Plaintiff intentionally signed up for the National Do Not Call Registry, then intentionally signed up to receive promotional

information, to set the stage for Plaintiff to falsely claim violations of the law in order to wrongfully collect money from unwary telemarketing companies.

19. On information and belief, Shirel Price was the previous owner of the telephone number in 2014.

20. On information and belief, Shirel Price did not own the telephone number after 2014.

21. On information and belief, Plaintiff obtained the telephone number in 2024.

22. On information and belief, Plaintiff and his ex-spouse, Shalandria Lewis, shared a residence with Angela Price in Atlanta, Georgia.

23. On information and belief, public records show an individual named, Angela Price, residing at the same address in Atlanta, Georgia, for overlapping periods of time.

24. On information and belief, Plaintiff is acquainted with Angela Price.

25. On information and belief, Angela Price is a possible relative of Shirel Price.

26. On information and belief, Plaintiff is acquainted with Shirel Price.

27. On information and belief, Plaintiff was aware of Shirel Price's previous ownership of his telephone number prior to filing the above-styled action.

28. On information and belief, Plaintiff obtained Shirel Price's old

telephone number and ultimately conspired with Shirel Price for her to opt-in to receiving telephone solicitations from telemarketers, thereby permitting Plaintiff to bring several lawsuits filed on the basis that he never consented to receiving said solicitations: 1:25-cv-02756-AT (Northern District of Georgia); 1:25-cv-02764-MLB (Northern District of Georgia); 1:25-cv-03763-SEG (Northern District of Georgia); and 1:25-cv-03927-SDG (Northern District of Georgia).

29.     Alternatively, on information and belief, after discovering prior instances of Shirel Price opting in to receive telephone solicitations, Plaintiff opted-in to Defendant's text message solicitations by providing Shirel Price's name as concealment for his allegation that he had not consented to the solicitations.

### FIRST COUNTERCLAIM
### FRAUD

30.     Defendant hereby incorporates all allegations in the previous paragraphs.

31.     On information and belief, Plaintiff submitted or authorized false statements and misrepresentations to Defendant when opting into Defendant's services through the Opt-in Form.

32.     More specifically, the Opt-in Form contains Plaintiff's alleged telephone number but contact information different from Plaintiff's. The Opt-in Form states the recipient's name as "Shirel Price," an address located in Villa Rica, Georgia, a corresponding email linked to Shirel Price, and a date of birth connected

6

to Shirel Price. (*Def. Ex. 1*).

33.    The Opt-in Form captured the IP address when the information was entered into the Opt-in Form. The IP address is connected with Villa Rica, Georgia. (*Def. Ex. 1*).

34.    Plaintiff has represented that Plaintiff resides in the Northern District of Georgia, which includes Villa Rica, Georgia.

35.    Importantly, Defendant received more than just Plaintiff's misrepresentations relating to Shirel Price's information. Defendant received Plaintiff's explicit consent to receive solicitations when Plaintiff check-marked the box next to a paragraph that states: (1) Plaintiff is the authorized user and owner of the telephone number, (2) Plaintiff agrees to the terms and conditions that govern the solicitations, (3) Plaintiff agrees to the privacy policy that governs the solicitations, and (4) Plaintiff's express consent to receiving telephone solicitations. (*Def. Ex. 1*).

36.    Plaintiff intended to state the misrepresentations. While most smartphones and devices have an "auto-fill" function that automatically populates personal contact information into various fields, the "auto-fill" function cannot check-mark the box authorizing consent. Only a natural person deliberately clicking the box can check-mark said box.

37.    Plaintiff had knowledge that the representations made were false.

38.    On information and belief, Plaintiff had the intention to induce

Defendant to send text messages to Plaintiff, with the intention of suing under the TCPA.

39. On information and belief, Plaintiff's false statements and misrepresentations contained within the Opt-in Form were intended to provide a basis for this present suit and an attempt to wrongfully receive money from Defendant.

40. Plaintiff has filed four other cases based on the same set of facts—1:25-cv-02756-AT, 1:25-cv-02764-MLB; 1:25-cv-03763-SEG; and 1:25-cv-03927-SDG —all of which are filed in the Northern District of Georgia.

41. On information and belief, Plaintiff has filed his lawsuits on the same set of facts to induce marketing companies to send solicitations to Plaintiff, thereby allowing Plaintiff to file the lawsuits on the basis that Plaintiff is not Shirel Price and thus did not consent to receiving the solicitations.

42. Defendant justifiably relied on Plaintiff's representations contained in the Opt-in Form, as there is no indication that the information is improper.

43. Further, Defendant justifiably relied on Plaintiff's representations, as Plaintiff check-marked the box authorizing consent to receive the solicitations, which no "auto-fill" function on a device could perform on behalf of the user.

44. Defendant's damages include the cost of litigating the above-styled action.

45.     Defendant hereby requests relief from this Court for the fraudulent actions of Plaintiff.

## SECOND COUNTERCLAIM
### Declaratory Judgment for Plaintiff's Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing

46.     Defendant hereby incorporates all allegations in the previous paragraphs.

47.     On information and belief, Plaintiff or someone on Plaintiff's behalf entered into a contractual agreement with Defendant. (*See Def. Exs. 1* and *2*).

48.     On information and belief, Plaintiff or someone on Plaintiff's behalf registered for a campaign, known as "Poll2Action," which was operated by Defendant.

49.     On information and belief, Plaintiff or someone on Plaintiff's behalf registered for the campaign by entering Plaintiff's information into the Opt-in Form. (*Def. Ex. 1*).

50.     On information and belief, Plaintiff or someone on Plaintiff's behalf entered in the following information: (1) "Shirel," for the first name; (2) "Price," for the last name; (3) the telephone number at issue – (404) XXX-4154; (4) a corresponding email; and (5) check-marked the box indicating that said person is the authorized user of the telephone number and consents to receiving telephone solicitations regardless if the telephone number is listed on a Do Not Call Registry.

(*Def. Ex. 1*).

51.    On information and belief, Plaintiff or someone on Plaintiff's behalf by check-marking the box manifested consent to receiving telephone solicitations indicates that the information was intentionally placed in the Opt-in Form along with check-marking the box because no "auto-fill" function automatically check-marks boxes.

52.    Plaintiff's assent to receiving Defendant's telephone solicitations is further shown by Plaintiff's receipt of several text messages from Defendant. Defendant sent text messages to Plaintiff beginning on April 15, 2025, and Plaintiff did not respond with any request to stop the messages until April 29, 2025.

53.    Plaintiff received the benefit of Defendant's text message marketing, as Plaintiff interacted with Defendant's text messages by clicking the website links contained in Defendant's text messages.

54.    By filling out the Opt-in Form, Plaintiff agreed to be bound by the Terms and Conditions and Privacy Policy. (*Def. Exs. 1, 2,* and *3*).

55.    The terms and conditions require that the parties arbitrate their claims. (*Def. Ex. 2 at ¶ 19*).

56.    The terms of that agreement require that any dispute be resolved in Tarrant County, Texas. (*Def. Ex. 2 at ¶ 19*).

57.    Implied in every contract is a duty of good faith and fair dealing.

10

58.    Plaintiff breached the agreement with Defendant by filing the above-styled action in the Northern District of Georgia and refusing to submit to arbitration, among others.

59.    Plaintiff's actions in pursuing this lawsuit violate both the explicit terms of the agreement and the duty of good faith and fair dealing.

### THIRD COUNTERCLAIM
### Contractual Attorney Fees

60.    Defendant hereby incorporates all allegations in the previous paragraphs.

61.    The agreement between the parties provides for attorney fees to be awarded to Defendant in the event of a dispute where Defendant is the prevailing party. (*See D. Ex. 2 at ¶ 19*).

62.    The agreement between the parties provided notice of Defendant's right to recover attorney's fees in the event of a dispute that Defendant prevails upon. (*See D. Ex. 2 at ¶ 19*).

63.    Defendant respectfully requests that this Court grant Defendant contractual attorney's fees.

### FOURTH COUNTERCLAIM
### Statutory Attorney's Fees

64.    Defendant hereby incorporates all allegations in the previous paragraphs.

65. Defendant seeks recovery of its expenses of litigation pursuant to O.C.G.A. § 13-6-11.

66. Defendant is entitled to recovery of its expenses of litigation pursuant to O.C.G.A. § 13-6-11.

67. Plaintiff acted in bad faith by filling out the Opt-In Form, receiving the benefits from Defendant's text messages, receiving multiple text messages to attempt to bolster the damages calculation, then filing the above-styled action alleging that Plaintiff never entered the agreement between the parties.

68. Plaintiff has been stubbornly litigious.

69. Plaintiff has caused Defendant unnecessary trouble and expense.

70. Because Defendant has specifically requested recovery of its litigation expenses, Plaintiff has acted in bad faith, Plaintiff has been stubbornly litigious, and Plaintiff has caused Defendant unnecessary trouble and expenses, Plaintiff is thus entitled to the recovery thereof.

## PRAYER FOR RELIEF

Wherefore Defendant prays for relief and judgment as follows:

a.  All of Plaintiff's Claims be dismissed with prejudice.

b.  That the Court Order all claims be arbitrated.

c.  That the Court Order all claims be brought in the proper venue in the Jurisdiction of Tarrant County, TX.

d.  If the case is not dismissed and ordered to be arbitrated in Tarrant County, TX, that the Court find that Plaintiff engaged in fraudulent behavior.

e.  If the case is not dismissed and ordered to be arbitrated in Tarrant County, TX, that the Court grants Defendant declaratory relief by finding that Plaintiff entered into a contractual agreement with Defendant for Defendant's services.

f.  If the case is not dismissed and ordered to be arbitrated in Tarrant County, TX, that the Court enter declaratory judgment that Plaintiff breached the contract and breached the implied covenant of good faith and fair dealing.

g.  If the case is not dismissed and ordered to be arbitrated in Tarrant County, TX, that the Court enter an order awarding all attorney fees and costs to Defendant.

h.  Appropriate sanctions against Plaintiff for their behavior towards the

Court.

i.  Any other relief the Court deem necessary and appropriate.

Respectfully submitted this 24th day of March 2026.

/s/ Blake W. Meadows
Blake W. Meadows
Georgia Bar No. 569729
Christopher J. Horton
Georgia Bar No. 316644

Smith & Meadows, LLC
215 Greencastle Road, Suite B
Tyrone, GA 30290
(404) 835 6506
blake@smithmeadowslaw.com
chris@smithmeadowslaw.com
*Attorneys for Defendant*

14

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing *Defendant Key Digital Strategies LLC's First Amendment to Defendant Key Digital Strategies' Answer, Defenses, and Counterclaim* with the ECF System for the Northern District of Georgia, and served Plaintiff via electronic mail with sufficient postage to ensure delivery upon counsel for Plaintiff:

Valerie Chinn
Chinn Law Firm, LLC
245 N. Highland Ave, Suite 230 #7
Atlanta, GA 30307
vchinn@chinnlawfirm.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com
*Attorneys for Plaintiff*

This 24th day of March 2026.

/s/ Blake W. Meadows
Blake W. Meadows
Georgia Bar No. 569729
Christopher J. Horton
Georgia Bar No. 316644

Smith & Meadows, LLC
215 Greencastle Road, Suite B
Tyrone, GA 30290
(404) 835 6506
blake@smithmeadowslaw.com
chris@smithmeadowslaw.com
*Attorneys for Defendant*

15

## CERTIFICATE OF COUNSEL

I hereby certify that the foregoing has been prepared with Times New Roman, 14 Point font, one of the font point selections approved by the Court in L.R. 5.1C.

Dated: March 24, 2026

/s/ Blake W. Meadows
Blake W. Meadows
Georgia Bar No. 569729
Christopher J. Horton
Georgia Bar No. 316644

Smith & Meadows LLC
215 Greencastle Road, Suite B
Tyrone, Georgia 30290
blake@smithmeadowslaw.com
chris@smithmeadowslaw.com
(404) 835-6506
*Attorneys for Defendant*

16