**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| ROBERT LEWIS, JR., on behalf of himself and others similarly situated,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>KEY DIGITAL STRATEGIES LLC<br><br>　　　Defendant. | Case No. 1:25-cv-02757-SCJ |

## PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIM

## **<u>INTRODUCTION</u>**

Defendant Key Digital Strategies, LLC ("Key Digital" or "Defendant") Counterclaims in its Amended Answer are nothing more than a contrived attempt to intimidate and bully a consumer for daring to hold it to account for its illegal telemarketing. The most basic of details to support the fraud claim are entirely absent, in fact *naming another person entirely*, and simply alleging on "information and belief" that the Plaintiff knows them. As, such the claim falls far short of alleging fraud with particularity under Rule 9(b). The other counterclaims, most of which rest on a non-existent contractual relationship, similarly fail on the law and the facts. They should therefore be dismissed under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Particularity is required to allege fraud in order to protect individuals like Mr. Lewis from the reputational harm that comes along with a public fraud allegation. The party alleging fraud must conduct a more thorough investigation than is typically required in order to ensure the claims have factual support. But here, Key Digital has lobbed this claim at Mr. Lewis by *admittedly* having *no evidence* that Mr. Lewis committed any fraud, pleading fraud only on "information and belief," let alone had any contractual relationship whatsoever with Key Digital. Key Digital's fraud counterclaims must be dismissed because they do not meet the requirements of Rule 9, let alone state a cognizable legal claim under Rules 12(b)(1)

and 12(b)(6) of the Federal Rules of Civil Procedure.

As Key Digital apparently now did an investigation, but still doesn't have any facts to state a claim for any of its counterclaims, only rank speculation that Mr. Lewis is related to his telephone number's previous owner on the basis that the Plaintiff (allegedly) shared a residence with an "Angela Price," who is allegedly a "possible relative of Shirel Price," the previous owner of Mr. Lewis' telephone number. Such rank speculation fails to meet ordinary pleading standards, let alone meet the heightened pleading standard required by Rule 9, all the counterclaims are due to be dismissed, with prejudice, under Rule 12(b)(6). For similar reasons, Defendant's medley of other counterclaims are improper and legally insufficient, not the least of which because Defendant has made exactly *zero* allegations showing that the Plaintiff entered into a contract of *any sort* with the Defendant, warranting dismissal with prejudice under Rule 12(b)(6), as well as Rule 12(b)(1).

## LAW AND ARGUMENT

### I.    Key Digital's contractual counterclaims fail as a matter of law.

Apart from its fraud counterclaim, which Plaintiff will address separately, Defendant also lobs three additional counterclaims at Mr. Lewis. All fail as a matter of law under both Rules 12(b)(1) and 12(b)(6). A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted may operate as a challenge to the legal sufficiency of a complaint in the nature of a *demurrer* and must be

granted if the moving party mounts a successful challenge to the legal sufficiency of a complaint. To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

The counterclaims must also be dismissed for lack of standing because, as will be articulated below, they either fail to allege a legally-cognizable injury-in-fact, let alone one that is fairly traceable to any action taken by the Plaintiff, and consequently, not likely to be capable of being redressed by any judgment against the Plaintiff. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Either the Defendant has failed to plead facts demonstrating entitlement to a legitimate or legally cognizable cause of action, or that the Plaintiff took any action fairly traceable to any arguably legally cognizable causes of actions.

### *Contractual Claims*

Defendant alleges three contractual counterclaims: seeking a judgment for breach of contract and breach of the implied covenant of good faith and fair dealing, "contractual attorney fees," and "statutory attorney fees."  Each fail because the *Defendant's own evidence* reveals that, if anyone contracted with the Defendant, it was "Shirel Price," not the Plaintiff. Start with the purely contractual claims. Under Georgia law, the elements of a breach of contract claim are (1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom.

*Norton v. Budget Rent A Car Sys., Inc.*, 705 S.E.2d 305, 306 (Ga. App. 2010).

In other words, if there is no contract, there is no claim, and Defendant has no standing to sue a non-party to a contract, warranting dismissal under both Rules 12(b)(1) and 12(b)(6). *Jumping Jack Retail II, Inc. v. 7-Eleven, Inc.*, No. 23-CV-60460, 2023 WL 2987666, at *2 (S.D. Fla. Apr. 18, 2023) ("Plaintiff lacks standing to sue for breach of contract when Plaintiff is not a party to the contract at issue."). It is hornbook law that "a person who is not a party to a contract is not bound by its terms." *Deverze v. McCalla Raymer, LLC*, No. 1:16-CV-2399-RWS-JCF, 2017 WL 9963557, at *4 (N.D. Ga. Oct. 13, 2017). Thus, since the Plaintiff is not a party to any contract, has sworn to the same in his Declaration to his first Motion to Dismiss by expressly denying having contracted with the Defendant, a contention *supported by Defendant's own evidence*, none of the alleged conduct is "fairly traceable" to the Plaintiff, and Defendant lacks standing to pursue breach of contract claims against Plaintiff. As with the other counterclaims, they also fail as a matter of law.

And here, the Defendant's own evidence shows that, if anyone, someone else named "Shirel Price," not Plaintiff, entered into a contractual relationship with the Defendant. Defendant now attempts to shore up these allegations by pointing to alleged "new" facts. Specifically, Defendant now alleges that the Plaintiff knows Ms. Price because she *shares the same last name* as a *resident* of one of the

Plaintiff's old addresses. Defendant further alleges that the Plaintiff is "acquainted with Angela Price," who is a "possible relative of Shirel Price." It then leaps to make the extraordinary allegation that the "Plaintiff obtained Shirel Price's old telephone number and ultimately conspired with Shirel Price." However, the Plaintiff has already disclaimed knowing anyone by the name of "Shirel Price" in a sworn declaration (ECF No. 14-1), which Plaintiff incorporates herein.

These allegations are absurd and do not come close to pleading the presence of a contractual relationship. The last name "Price" is among the top 100 last names in the United States. *See, e.g.*, *U.S. Rank for Price*, PROBABLY HELPFUL, https://probablyhelpful.com/data/pi/PRICE.html (citing 2000 Census Bureau data for the fact that "Price" is the 84th most common last name in the United States); *Don Taylor, Price – Surname Saturday,* DON TAYLOR GENEALOGY July 21, 2018, https://dontaylorgenealogy.com/2018/07/price-surname-saturday/ (noting that "Price" is the 82nd most common last name in the United States and the 26th most common in North Carolina). And Plaintiff's counsel has searched a national skip tracing database, TLO, which has revealed 6 people by the name of "Shirel Price" in Georgia *alone*. If anything, Defendant's alleged "conspiracy" is nothing more than a sheer coincidence that one of the previous residents of one of Plaintiff's addresses just happened to share the same last name as "Shirel Price."

Nor can the Defendant claim a breach of the implied covenant of good faith

and fair dealing, or any other express or implied contractual term, without the existence of a valid contract as an initial matter. *See AlphaStaff, Inc. v. Kronos Hotels, LLC*, No. 1:08-CV-1695-GET, 2008 WL 11336202, at *1 (N.D. Ga. Sept. 26, 2008). Being that there is no contract between the parties for the Court to enforce, Defendant's second and third counterclaims must fall.

### Statutory Claims

Finally, Defendant cannot seek statutory attorneys fees under O.C.G.A. § 13-6-11. Although there is no binding appellate authority on the issue, it is questionable as an initial matter if such a state law procedural counterclaim is even permissible in a federal court action proceeding on federal question jurisdiction. *Union Carbide Corp. v. Tarancon Corp.,* 682 F. Supp. 535, 545 (N.D. Ga. 1988) (holding that a procedural counterclaim for abusive litigation under Georgia state law was a procedural device unavailable in federal court under the *Erie* doctrine); *see E.-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Plan. & Zoning Comm'n*, 888 F.2d 1576, 1578 (11th Cir. 1989) (nothing that a state law procedural counterclaim for abusive litigation is, at best, a permissive counterclaim); *A.L. Williams Corp. v. Faircloth*, 120 F.R.D. 135, 137 (N.D. Ga. 1987) (holding that federal court sitting in federal question jurisdiction had no jurisdiction to hear permissive procedural counterclaim under Georgia state law). Here, Defendant has pleaded § 13-6-11 as its own counterclaim, merely reciting the statute's buzzwords,

which is not enough, as that counterclaim is procedural, not substantive.

What's more, § 13-6-11 "does not create an independent cause of action but merely permits in certain limited circumstances the recovery of expenses of litigation incurred as an additional element of damages." *Tri-State Consumer Ins. Co. v. LexisNexis Risk Sols., Inc.*, 858 F. Supp. 2d 1359, 1371 (N.D. Ga. 2012) Because § 13-6-11 is not a standalone cause of action, a party asserting it as a counterclaim must also plead at least one viable independent substantive counterclaim, and the § 13-6-11 claim is then tethered to that underlying claim as an additional element of damages. *Id.* Here, given that there is no contract, the § 13-6-11 counterclaim cannot properly attach to the second or third causes of action. And, given that the fraud counterclaim should be dismissed for failure to state a claim, as will be discussed below, there remains no hook for the statutory counterclaim, which must be dismissed as a result.

But even if § 13-6-11 applied in federal court (it does not), the Georgia Supreme Court has held that that the relevant "bad faith" must arise from the underlying transaction itself, not from conduct in the course of the litigation itself, and "stubborn litigiousness" or "unnecessary trouble and expense" likewise do not apply where there is a *bona fide* legal dispute. *David G. Brown, P.E., Inc. v. Kent*, 561 S.E.2d 89, 90 (Ga. 2002). Defendant's own pleading shows that its § 13-6-11 theory is aimed at Plaintiff's filing and pursuit of this action. It thus pleads itself

8

out of court on this very basis alone because it plainly fails to meet the legal requirements for this counterclaim. Moreover, there has been no finding of liability on any counterclaim and no predicate damages award to which § 13-6-11 could attach. This Court has not made any holding or finding of bad faith conduct preceding this dispute, the Plaintiff's claims are not patently frivolous, and none of the Defendant's conclusory allegations, even if true, do not plead any such conduct, nor has the Defendant has not sought the appropriate remedies provided to obtain such a finding.  As such, Defendant has no basis for a counterclaim and cause of action for statutory attorneys fees under § 13-6-11

## II.   Key Digital's fraud counterclaim also fails.

Defendant has not pled any adequate entitlement to relief to state a cognizable claim for relief under Rule 12(b)(6) or Rule 12(b)(1) for fraud, not least of which because Key Digital pleads no fraudulent statements made *by the Plaintiff*. Where, as here, the pleading party has not pled any facts which would entitle him to any relief under any legal theory plausibly suggested by the facts alleged, a complaint is properly dismissed for legal insufficiency under Rule 12(b)(6). "Under Georgia law . . . the tort of fraud consists of five elements: (1) false representation by defendant; (2) scienter; (3) intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff." *Next Century Commc'ns Corp. v. Ellis*, 318 F.3d 1023, 1027 (11th

Cir. 2003). A party pleading fraud must plead such fraud with particularity. Rule 9(b) of the Federal Rules of Civil Procedure states that a party who alleges fraud "must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). "The particularity requirement of Rule 9(b) is designed to discourage a 'sue first, ask questions later' philosophy." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011) (cleaned up).

The Southern District has explained the fourfold purpose of Rule 9(b): to ensure that the defendant has enough information to formulate a defense, to protect defendants from frivolous suits, to eliminate fraud actions subject to discovery, and to protect defendants from harm to their goodwill and reputation. *United States v. Blue Cross Blue Shield of Georgia, Inc.*, 755 F.Supp. 1055, 1056–57 (S.D.Ga.1990). One must plead with particularity the "who, what, when, where, and how of the allegedly false statements." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008). Conclusory statements about isolated allegedly fraudulent representations which do not name any specific person and are devoid of any information as to their date, time, or contents will plainly not do, and it is impermissible to allege fraud on "information and belief." *U.S. ex rel. Clausen v. Lab'y Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002). This is doubly so where, as here, knowledge of any alleged fraudulent statements are made upon the knowledge of the pleading party. *Id.* Rule 9(b) requires the entity asserting fraud to

10

conduct a more detailed investigation and not merely rely on allegations based on information or belief. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1325 (Fed. Cir. 2009).

Here, Defendant pleads all the allegations of an alleged "conspiracy" between Plaintiff, Angela Price, and Shirel Price, *all* on information and belief. (Am. Answer ¶ 19-29). As outlined above, those allegations, which, even if true, are more readily explained as coincidences and which thus fail to meet Rule 8's pleading standard, certainly fall short of Rule 9, which makes pleading fraud on "information and belief" *expressly impermissible*. What's more, the Plaintiff has affirmatively denied knowing anyone by the name of "Shirel Price" in a sworn declaration (ECF No. 14-1). When the Plaintiff makes a sworn declaration, as here, challenging the allegations that the Defendant is not even allowed to plead on information and belief, the remedy here is clear: the counterclaim for fraud must be dismissed. And because it is apparent that no amount of repleading will save Defendant, the appropriate solution at this juncture is a dismissal with prejudice.

Here, Defendant fails to plead *any* of the elements of fraud with *any* degree of specificity, let alone with the requisite particularity demanded by Rule 9. It simply pleads the alleged fraud on information and belief, which the Eleventh Circuit has confirmed is impermissible under *Clausen*. It does not plead the "who, what, when, where, and how." As an initial matter, Defendant simply pleads, "on

11

information and belief," the conclusory statements that the Plaintiff "submitted false statements and misrepresentations to Defendant," and "ultimately conspired with Shirel Price," pleads no *scienter*, pleads no justifiable reliance, and simply makes the conclusory statement that the Defendant has been "damaged" by the actions of Plaintiff, including through the "cost of litigating the above-styled action". In addition to failing to plead *scienter*, justifiable reliance, or specific damages, *at all*, the Defendant simply makes conclusory statements that the Plaintiff somehow submitted some "false statements" without identifying who made them, their content, when they were made, where they were made, and how they were made.

Key Digital does not plead the contents of any alleged fraudulent statements with the specificity required of it under Rule 9. It doesn't even know who uttered the allegedly "false" statements, at times stating it was the "Plaintiff" who "submitted *or authorized* false statements" It does not plead why or how they were uttered, let alone any of the required elements of fraud under Georgia law, such as the requisite intent or damages. Rule 9(b) was designed, among other things, to prevent persons facing fraud claims from guessing as to what they did that was allegedly fraudulent. But all Key Digital's complaint consists of is rank speculation as to purportedly fraudulent conduct that isn't even fraudulent.

Indeed, in its facts section, Key Digital can't even plead *who* made such

12

statements, instead equivocating that "Plaintiff, or an individual using Plaintiff's phone number, opted-in to receive messages from Defendant." Clearly, if some "individual using Plaintiff's phone number" made some allegedly fraudulent statement to the Defendant, any fraud claims Key Digital may have (which is questionable as an initial matter), lie with the individual making the allegedly fraudulent statements, not the Plaintiff. In this case, Key Digital takes a classic "either/or" pleading approach that has been rejected by federal district courts across the country when evaluating the facial sufficiency of allegations complaints under Rule 12(b)(6), baldly concluding that the fraudulent statements were made either (i) by "Plaintiff" or (ii) by some unspecified "individual using Plaintiff's phone number," which just as well could have been a typo or a coincidence. Such conclusory allegations not only fail to meet basic federal pleadings standards but also fail to state a plausible claim for fraud against Mr. Lewis, let alone with the requisite particularity demanded.

To add insult to injury, despite being the entity that was allegedly defrauded, Key Digital doesn't even state a claim for statements made *to it*; rather, any allegedly fraudulent statements would have been made to the operator of the "Poll2Action.com" website, which Defendant admits is *not its website* but instead a "service" that "Defendant supports". In this regard, the Defendant's pleading is contradictory as it is unclear how the Plaintiff (or anyone else) could have made

13

"false statements and misrepresentations" to "Defendant" by making such statements to someone else through an "Opt-in Form" run by a third party. If Key Digital was a party to the allegedly fraudulent communications, it should be able to provide "greater detail," but has not. *Scruggs v. CHW Grp., Inc.*, No. 2:20CV48, 2020 WL 9348208, at *6 (E.D. Va. Nov. 12, 2020). Receiving and relying on allegedly fraudulent information provided to a third party is no different than picking up a discarded business card on the side of the road and then using such business card as consent to contact the party listed on it. Neither shows that the person whose information is on the card ever requested that some passerby call him, let alone give that passerby a cause of action for fraud based on some inaccurate or purportedly bad information contained on the card. Key Digital has "steadfastly refused to offer specifics about the fraud claims [Mr. Lewis] made" to Key Digital, warranting dismissal under Rule 12(b)(6) for a lack of particularity. *Hendley v. Am. Nat. Fire Ins. Co.*, 842 F.2d 267, 269 (11th Cir. 1988).

As with the other counterclaims, Plaintiff also mounts a factual challenge to the Defendant's standing to bring a fraud counterclaim. As he was permitted to do, the Plaintiff submitted a declaration, made pursuant to the provisions of 28 U.S.C. § 1746, to support his contention that he did not commit any of the allegedly fraudulent conduct and thus that such conduct is not "fairly traceable" to him. In addition to the equivocating statements it has made, Key Digital's *own evidence* it

14

has submitted shows that *someone else* (Shirel Price) allegedly submitted *their* information into the website (which Key Digital admits is not its website). Because Key Digital has not pled, let alone with particularity, any challenged conduct that is "fairly traceable" to Mr. Lewis, let alone any that is likely to be redressed by a favorable decision against him, it cannot therefore establish the essential elements of Article III standing. *Lujan*, 504 U.S. at 560-61. It is patently obvious that one needs to plead more than a coincidental relationship of last names, and that on information and belief, to meet traceability under Rule 9

The standards for 12(b)(1) challenges for a lack of subject matter jurisdiction are well-settled in this circuit. Notably, there exist two types of 12(b)(1) challenges, each with their corresponding standards: facial and factual challenges. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Here, Plaintiff has submitted (at ECF 14-1) an affidavit in order to support his contention that he did not commit any of the allegedly fraudulent conduct and thus that such conduct is not "fairly traceable" to him. *Lujan*, 504 U.S. at 560. Plaintiff also denies knowing "Shirel Price" or any of the accuracy of any of the other information submitted to the website, and denies having submitted it. In so doing, he mounts a factual challenge. Because in such a challenge, this Court is empowered to "weigh the evidence and satisfy itself as to the existence of its power to hear the case," it is free to dismiss on the basis of "the complaint supplemented

15

by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Critically here, no presumption of truthfulness attaches to Key Digital's claims, and it is incumbent on Key Digital to adduce facts showing that this Court has jurisdiction once the Plaintiff has adequately mounted such a challenge. *Id.*

As the former Fifth Circuit outlined in *Williamson* and its progeny, this Court may consider submissions by the parties–such as witness declarations like the one submitted by Mr. Lewis–that are relevant to the issue of subject matter jurisdiction without converting this motion to one for summary judgment under Rule 56(c). And here, the Plaintiff's affidavit shows that the Key Digital has failed to establish traceability and redressability and therefore has not established Article III standing because Plaintiff denies ever having submitted anything he is alleged to have made any statements at all to the Defendant, let alone fraudulent ones, as confirmed by the information contained within Key Digital's *very own evidence*. Therefore, any alleged fraud counterclaim Defendant may have cannot be *traced* to Mr. Lewis' actions and a favorable decision has no likelihood of *redressing* Defendant's injuries.

Courts in the Eleventh Circuit and beyond have reached nearly identical conclusions when faced with 12(b)(1) motions challenging fraud allegations, just as here. *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1126-27 (11th Cir. 2019); *In re*

16

*Estrategias en Valores, S.A.*, 628 B.R. 722, 732 (Bankr. S.D. Fla. 2021) (dismissing and finding no traceability where, as here, defendant's own evidence demonstrated that any fraud was perpetrated by a third party). *See also Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 465 (D.N.J. 2013) ("A thorough review of the Amended Complaint makes clear that Plaintiff has failed to allege any specific conduct by Sentara that is "fairly traceable" to her alleged injury."); *Storm v. Paytime, Inc.*, 90 F. Supp. 3d 359, 365 (M.D. Pa. 2015) (dismissing case on 12(b)(1) grounds when plaintiffs' fraud claims were based on a hypothetical, not actual, misuse of personal information); *McGowan v. CORE Cashless, LLC*, No. 2:23-CV-524, 2023 WL 8600561, at *5 (W.D. Pa. Oct. 17, 2023) (holding hypothetical future loss from identity fraud was insufficient to satisfy Article III standing requirements). Here, not only does the Defendant fail to plead causation with respect to Mr. Lewis, it does the opposite: pleading facts which demonstrate causation with respect to another party entirely and *not* Mr. Lewis, as in *In re Estrategias en Valores*. Accordingly, Key Digital has failed to plead with specific causation such as to make the challenged fraudulent conduct fairly traceable to Mr. Lewis for Article III purposes.

And here, not only does the Defendant fail to plead causation with respect to Mr. Lewis, it does the opposite: pleading facts which demonstrate causation with respect to another party entirely and not Mr. Lewis. For the foregoing reasons, Key

17

Digital has failed to plead with specificity multiple elements of its fraud counterclaim, including any facts, as demonstrated through Mr. Lewis' declaration, such as to make the challenged fraudulent conduct fairly traceable to Mr. Lewis for Article III purposes. Given Key Digital has not shown any of the elements of fraud, least among them *scienter*, what was allegedly fraudulent, how there was justifiable reliance or intent, or how there are any damages, the counterclaim for fraud must be dismissed. No amount of repleading will save Key Digital either (despite having been given the opportunity to do so), because, despite having had the opportunity to investigate these assertions, all it has been able to come up with is a theory, premised on information and belief, that the Plaintiff somehow knows Shirel Price, despite his sworn declaration to the contrary, and despite Key Digital's only evidence on this point being rank speculation based on a shared coincidence of last names. Its fraud counterclaim must be dismissed.

**CONCLUSION**

For the foregoing reasons, Key Digital's Counterclaims should be dismissed with prejudice.

Dated: April 7, 2026

/s/ *Anthony Paronich*
Anthony Paronich, *pro hac vice*

18

Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

*Attorney for Plaintiff and the putative Class*