IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ROBERT LEWIS, JR., on behalf of himself
and others similarly situated,

Plaintiff,

vs.

KEY DIGITAL STRATEGIES LLC

Defendant.

Case No. 1:25-cv-02757-SCJ

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO DISMISS DEFENDANT'S
AMENDED COUNTERCLAIM**

**INTRODUCTION**

Key Digital's opposition to Plaintiff's Renewed Motion to Dismiss confirms what was already apparent from the face of its Amended Counterclaim: Defendant has failed to cure the specific deficiencies this Court identified in its March 11, 2026 Order (ECF No. 30-1), and no amount of argumentation in its briefing can substitute for what is missing from the pleading itself. This Court dismissed Defendant's original counterclaims, among other grounds, because they constituted "an impermissible shotgun pleading" and failed to "contain a short, plain statement of the grounds for the court's jurisdiction in accordance with Rule 8(a)(1)." (*Id.* at 13, 14). The Court permitted amendment "*solely to address the deficiencies outlined above.*" (*Id.* at 14) (emphasis added).

1

Rather than heed this Court's admonition, Key Digital used the opportunity to pile on new speculative allegations, none supported by any evidence, while leaving the fundamental structural defects uncured. The Amended Answer remains a shotgun pleading. The fraud counterclaim remains devoid of the particularity required by Rule 9(b). The contractual counterclaims remain premised on a contract to which Plaintiff is not a party. And Key Digital's opposition brief, rather than grappling with these deficiencies, resorts to misstatements of law and circular reasoning that collapse under scrutiny.

## **LAW AND ARGUMENT**

### **I. The Amended Answer Fails to Comply with This Court's Order.**

As a threshold matter, Key Digital's opposition ignores what should be the central question on this motion: whether the Amended Answer actually cured the deficiencies this Court identified. It did not.

### **A. The Amended Answer Remains a Shotgun Pleading.**

This Court specifically found that the original counterclaims constituted "a shotgun pleading where each count incorporates all prior allegations." (ECF No. 30-1 at 13). The Eleventh Circuit has identified four categories of shotgun pleadings, including those that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which

acts or omissions, or which of the defendants the claim is brought against," and, most relevant here, those in which "each count adopts the allegations of all preceding counts." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321, 1321 n.11 (11th Cir. 2015). The vice of such pleadings is that they fail to give "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Despite this Court's explicit admonition, the Amended Answer commits this identical error and remains a shotgun pleading. Each counterclaim begins with the boilerplate "Defendant hereby incorporates all allegations in the previous paragraphs." (ECF No. 31 ¶ 30, 46, 60, 64). The First Counterclaim (fraud) incorporates all 29 preceding paragraphs. The Second Counterclaim (declaratory judgment) incorporates all preceding paragraphs, including the fraud allegations. The Third and Fourth Counterclaims each do the same, sweeping in every prior allegation regardless of relevance. This is precisely the type of "re-alleging" that the Eleventh Circuit has consistently condemned. *Weiland*, 792 F.3d at 1321-23. The result is that the Court cannot determine which facts support which claims, the very problem that prompted dismissal of the original counterclaims the first time.

Key Digital's opposition does not even acknowledge this problem, let alone explain how its pleading has been cured. That silence is telling. The Amended Answer remains an impermissible shotgun pleading and should be dismissed on

3

this basis alone. Moreover, this Court cautioned Key Digital that "failure to comply with Rule 8(a)(1) or the Court's Order will result in dismissal without prejudice." (ECF No. 30-1 at 14).

Key Digital has had its opportunity to replead and has squandered it.

**B. Key Digital Exceeded the Scope of the Permitted Amendment.**

This Court's Order permitted amendment "solely to address the deficiencies outlined above." (ECF No. 30-1 at 14). The identified deficiencies were: (1) shotgun pleading and (2) absence of a jurisdictional statement. Rather than confine itself to curing these structural defects, Key Digital used the amendment as a vehicle to inject entirely new substantive allegations, an elaborate conspiracy theory spanning over ten paragraphs in the amendment, alleging, impermissibly on information and belief, that Plaintiff "obtained Shirel Price's old telephone number and ultimately conspired with Shirel Price" to orchestrate a litigation scheme. (ECF No. 31 ¶ 28). These allegations were not in the original counterclaim and go far beyond the narrow leave this Court granted.

Where a court grants leave to amend for a limited purpose, a party that exceeds the scope of that leave acts without authorization, and the offending material may be stricken or the pleading dismissed. *The Cincinnati Ins. Co. v. Cochran*, No. 05-16867, 2006 WL 4495335, at *2–3 (11th Cir. Dec. 27, 2006) ("The district court was well within its discretion when it struck the malicious

prosecution counterclaim on the basis that it exceeded the scope of the original order."); *JTH Tax, LLC v. Gilbert*, No. 8:22-CV-625-CEH-AEP, 2022 WL 4818668, at *2 (M.D. Fla. Sept. 12, 2022) (collecting cases for the proposition that "[c]ourts in the Eleventh Circuit and throughout the country routinely strike amended claims (or counterclaims) that exceed the scope of a court's order granting leave to file the amended claims").

## II. Key Digital's Contractual Counterclaims Remain Legally Deficient.

Key Digital's opposition attempts to bootstrap a contractual relationship into existence through a chain of reasoning that contradicts its own evidence and defies basic contract principles. Its argument reduces to this: because Plaintiff owns the phone number, and because the phone number appears on the opt-in form, Plaintiff must have entered the contract. But that syllogism has a missing premise, and Key Digital's *own evidence* supplies the rebuttal.

The opt-in form does not bear Plaintiff's name. It bears the name "Shirel Price," an address in Villa Rica, Georgia, an email linked to Shirel Price, and a date of birth connected to Shirel Price. The *only piece* of Plaintiff's information Key Digital claims it has from Plaintiff is the Plaintiff's phone number. Under Georgia law, a valid contract requires "the assent of the parties to the terms of the contract." O.C.G.A. § 13-3-1. Key Digital has not alleged that *Plaintiff* Robert Lewis, Jr. assented to anything. It has alleged that someone identifying themselves

5

as "Shirel Price" assented. Even taken in the light most favorable to Key Digital, the pleading establishes that the contracting party was Shirel Price, not the Plaintiff. Defendant pleads itself out of Court.

Key Digital's argument that phone number ownership equals contractual privity is a *non sequitur*. Phone numbers are reassigned routinely. The Amended Answer itself acknowledges that Shirel Price was the previous owner of the number. The mere fact that Plaintiff subsequently acquired the number does not bind him to agreements entered into by the number's prior owner, just as purchasing a used car does not bind the buyer to the prior owner's parking garage membership. *See Deverze v. McCalla Raymer, LLC*, No. 1:16-CV-2399-RWS-JCF, 2017 WL 9963557, at *4 (N.D. Ga. Oct. 13, 2017) ("It is axiomatic that a person who is not a party to a contract is not bound by its terms.").

Key Digital's reliance on Plaintiff's interaction with text message links as evidence of contractual assent is equally unavailing. Clicking a link in an unsolicited text message does not constitute acceptance of contractual terms the recipient never saw, agreed to, or was a party to. If that were the law, any spammer could impose binding arbitration or oppressive terms on any recipient who accidentally tapped a hyperlink. Moreover, Plaintiff has submitted a sworn declaration denying that he entered into any agreement with Key Digital. Key Digital has offered no contrary evidence.

6

And Key Digital's position is internally contradictory. It simultaneously argues that this Court should enforce the contract's arbitration clause purportedly requiring disputes be resolved in Tarrant County, Texas, while itself filing counterclaims in this very Court. If Key Digital truly believed the contract was valid and enforceable, it would have moved to transfer and then to compel arbitration, not filed counterclaims in the forum it claims is improper. Key Digital cannot have it both ways by invoking the contract's terms to bind Plaintiff while simultaneously ignoring those same terms for its own litigation convenience.

Because no contract exists between the parties, the Second Counterclaim (breach of contract and implied covenant of good faith and fair dealing) and Third Counterclaim (contractual attorney's fees) necessarily fail. *See AlphaStaff, Inc. v. Kronos Hotels, LLC*, No. 1:08-CV-1695-GET, 2008 WL 11336202, at *2 (N.D. Ga. Sept. 26, 2008) ("Morais cannot raise a claim of breach of duty of good faith and fair dealing because Morais is not a party to the underlying agreement between AlphaStaff and Kronos.").

## III. Key Digital's Fraud Counterclaim Fails Under Any Standard.

### A. Key Digital Misstates the "Relaxed" Rule 9(b) Standard.

The centerpiece of Key Digital's opposition is its invocation of a supposedly "relaxed" Rule 9(b) standard that permits pleading fraud on information and belief

7

when the facts are "peculiarly within" the opposing party's knowledge. This argument fundamentally misconstrues the doctrine it cites.

The relaxed standard applies in narrow circumstances, typically in *qui tam* cases or securities fraud actions, where an outsider plaintiff alleges an internal corporate scheme to defraud a third party that it could not have witnessed firsthand. *See, e.g.*, *U.S. ex rel. Russell v. Epic Healthcare Mgmt. Grp.*, 193 F.3d 304, 308 (5th Cir. 1999), (abrogated on other grounds, *U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, (2009)). Even in those cases, the relaxation does not eliminate the particularity requirement. It merely permits a claimant to plead on information and belief if the allegations are *accompanied by factual allegations that make the theoretically viable claim plausible*. *See id.* The relaxed standard has *never* been understood to permit a party to plead an entire fraud claim on rank speculation, which is *precisely* what Key Digital has done.

Moreover, the "peculiarly within the defendant's knowledge" doctrine does not apply here for a more fundamental reason: Key Digital is alleging that *it was defrauded*. It is the purported *victim* of the fraud. A party claiming to have been directly defrauded ordinarily possesses the very communications, representations, and interactions upon which the fraud was perpetrated. For that matter, Key Digital has not even identified what information Mr. Lewis allegedly has that is solely within his control, nor are its counterclaims "accompanied by a statement of facts

upon which the allegations are based." *U.S. ex rel. Clausen v. Lab'y Corp. of Am.*, 290 F.3d 1301, 1314 n.25 (11th Cir. 2002). Key Digital can't, and for good reason.

Key Digital received the opt-in form. Key Digital has the purported submission data. Key Digital has the text message records. The facts of the alleged fraud are not "peculiarly within" Plaintiff's knowledge, they are within Key Digital's own records, and those records, by Key Digital's admission show that, if anyone, *Shirel Price*, not Plaintiff, submitted the information.

## B. Even Under the Relaxed Standard, the Fraud Claim Fails.

Even accepting Key Digital's preferred standard *arguendo*, the fraud counterclaim still fails because the "factual allegations" accompanying Key Digital's information and belief pleading do not make its claim plausible, they make it implausible. The entirety of Key Digital's "evidence" (which it wasn't even permitted to include) connecting Plaintiff to Shirel Price is that Plaintiff's *ex-spouse* once shared an address with someone named "Angela Price," who is a "possible relative of Shirel Price." From this, Key Digital leaps to the conclusion that Plaintiff "ultimately conspired with Shirel Price" to orchestrate a fraud.

This chain of inference is built entirely on a *shared surname* arising from a *shared address*. As Plaintiff has demonstrated, "Price" is the 84th most common last name in the United States, and a national skip tracing database reveals six individuals named "Shirel Price" in Georgia alone. The notion that sharing an

address with an "Angela Price," who is merely a "*possible* relative" of Shirel Price, establishes a conspiracy is the very definition of speculative pleading. Rule 9(b) was designed precisely to prevent this type of accusation by inference. *See Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008).

Key Digital's opposition also does not grapple with the fundamental problem identified in Plaintiff's opening brief. Key Digital does not even allege that any allegedly fraudulent statements were made *to it*. By Key Digital's own admission, the purported opt-in form was submitted to Poll2Action.com, which Key Digital admits is a "service" it "supports," not its own website. Key Digital's opposition is silent on this point, and for good reason. It cannot explain how a representation made to a third-party website constitutes a "false representation" *to Key Digital* as required under the first element of Georgia fraud law.

### C. Plaintiff's Sworn Declaration Affirmatively Disproves the Fraud Allegations.

Plaintiff has submitted a declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 denying that he submitted any information to Key Digital or Poll2Action.com, denying that he knows anyone named Shirel Price, and denying that he entered into any agreement with Key Digital. Key Digital has offered no controverting evidence linking Plaintiff to the opt-in submission. Instead, it relies exclusively on speculation and asks this Court to credit that speculation over Plaintiff's sworn testimony.

10

In the context of the factual challenge to subject matter jurisdiction under Rule 12(b)(1), this Court is empowered to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). No presumption of truthfulness attaches to Key Digital's allegations once Plaintiff has mounted a factual challenge, and the burden shifts to Key Digital to adduce facts establishing jurisdiction. *Id.* Key Digital has not met that burden. Its sole "evidence" is the opt-in form bearing *someone else's name* and a chain of surname-based speculation that Plaintiff has affirmatively denied under oath, explicitly stating he does not know Shirel Price.

## IV. Key Digital's Statutory Attorney's Fees Counterclaim Fails.

Key Digital contends that O.C.G.A. § 13-6-11 is a "substantive" law for *Erie* purposes, citing *McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001), and *Hammock v. Wal-Mart Stores, Inc.*, 2013 WL 11897800 at *3 (N.D. Ga. 2013). But this argument misses the mark in two respects.

*First*, Key Digital's own authority undermines its position. *McMahan* and *Hammock* both arose in *diversity* cases, where the *Erie* doctrine requires application of state substantive law. This case arises under *federal question* jurisdiction pursuant to the TCPA. In federal question cases, state law fee shifting provisions apply only where there is an independent basis for their application, such as a viable state law counterclaim to which they can attach. *See Tri-State*

11

*Consumer Ins. Co. v. LexisNexis Risk Sols., Inc.*, 858 F. Supp. 2d 1359, 1371 (N.D. Ga. 2012) (Section 13-6-11 "does not create an independent cause of action but merely permits in certain limited circumstances the recovery of expenses of litigation incurred as an additional element of damages").

Second, and dispositively, even if § 13-6-11 applies, it requires a predicate substantive claim to which it can attach as an element of damages. *Id.* If the fraud and contract counterclaims are dismissed, as they must be, there is no surviving hook for the statutory fee claim. Key Digital's opposition does not dispute this tethering requirement. It simply assumes the predicate claims will survive. They will not, and the § 13-6-11 claim falls with them.

Were that not enough, Key Digital's own pleading demonstrates that its "bad faith" theory is directed at Plaintiff's *litigation conduct*, filing and prosecuting this action, rather than any conduct in the underlying transaction. The Georgia Supreme Court has held that "bad faith" under § 13-6-11 must arise from the transaction itself, not from a *bona fide* legal dispute in litigation. *David G. Brown, P.E., Inc. v. Kent*, 561 S.E.2d 89, 90 (Ga. 2002). Key Digital's opposition does not address this authority, much less distinguish it.

## V. Key Digital's Local Rule Argument Is Meritless.

Key Digital's final argument, that Plaintiff's Motion should be denied for failure to include a font certification under L.R. 7.1(D), warrants little discussion.

12

Tellingly, Key Digital spends more of its opposition on this procedural footnote than on the threshold question of whether its pleading actually complied with this Court's Order, a question it does not address at all.

The Local Rules provide that the Court "may decline to consider" non-compliant briefs and expressly counsel that such action is discretionary. L.R. 7.1(F). The absence of a font certification is a ministerial deficiency that this Court may overlook, and Key Digital cites no authority for the proposition that a substantive motion to dismiss should be denied on this basis, particularly where the motion facially satisfies the typeface conventions of L.R. 5.1(C)[1] and length requirements of L.R. 7.1(D).

In any event, the undersigned certifies that the original Motion to Dismiss was prepared, in accordance with L.R. 5.1(C), was computer processed on one side of the page only, was double-spaced between lines, and was not materially defaced by erasures or interlineations. The undersigned further certifies that the original Motion to Dismiss was prepared in Times New Roman, 14-point font.

---

[1] The Local Rules themselves reference "the font and point selections approved by the Court in LR 5.1(B)." However, Local Rule 5.1(B) deals with paper size and quality requirements, not font and point selections, which are contained in Local Rule 5.1(C).

## **CONCLUSION**

This Court gave Key Digital one chance to fix its counterclaims. Key Digital squandered that chance. The Amended Counterclaim remains a shotgun pleading that incorporates all prior allegations into each successive count, the precise deficiency this Court identified. Rather than curing the structural defects, Key Digital used the opportunity for amendment to inject new, baseless conspiracy theories premised on nothing more than a coincidence of surnames, all pleaded on "information and belief," and all affirmatively contradicted by Plaintiff's sworn declaration. The fraud counterclaim continues to fail to satisfy Rule 9(b) under any standard. The contractual counterclaims fail because Key Digital's own evidence shows the purported contract was entered (if anyone) by someone else. The statutory fee claim has no predicate to attach to. And Key Digital has exceeded the limited scope of leave this Court granted.

For the foregoing reasons, Key Digital's counterclaims should be dismissed with prejudice.

Dated: May 12, 2026

/s/ *Anthony Paronich*
Anthony Paronich, *pro hac vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

*Attorney for Plaintiff and the putative Class*

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record.

*/s/ Anthony Paronich*
Anthony Paronich

## CERTIFICATE OF COUNSEL

I hereby certify that the foregoing reply was prepared, in accordance with L.R. 5.1(C), by a computer process on one side of the page only, was double-spaced between lines, and was not materially defaced by erasures or interlineations. I further certify that the foregoing was prepared in Times New Roman, 14-point font.

Date: May 12, 2026

*/s/ Anthony Paronich*
Anthony Paronich

15