**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| ROBERT LEWIS, JR., on behalf of himself and others similarly situated,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>KEY DIGITAL STRATEGIES LLC<br><br>　　　　Defendant. | Case No. 1:25-cv-02757 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF
UNDISPUTED MATERIAL FACTS AND PLAINTIFF'S STATEMENT
OF ADDITIONAL MATERIAL FACTS**

Pursuant to Local Rule 56.1(B) and the Court's Standing Order, Plaintiff

Robert Lewis, Jr. responds to each numbered paragraph of Defendant Key Digital

Strategies, LLC's Statement of Undisputed Material Facts (ECF No. 34-2)

("SUMF"), and submits his own Statement of Additional Material Facts. In so

doing, Plaintiff notes that Defendant has moved for summary judgment on a purely

legal issue, and moreover that Defendant expressly concedes that any dispute over

consent is immaterial. Plaintiff therefore objects to the SUMF as immaterial,

unsupported, and, where relevant, genuinely disputed.

1

## RESPONSES TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

**Defendant's Statement of Material Fact No. 1:** Robert Lewis Jr. ("Plaintiff") is a natural person who is a resident of Georgia. (Declaration of Robert Lewis, Jr. ("Decl."), ¶ 16; Doc. 14 ¶ 16).

**Response:** Admitted.

**Defendant's Statement of Material Fact No. 2:** Plaintiff claims to own the telephone number: (404) XXX-4154. (Decl., ¶¶ 4-6; Doc. 14 ¶¶ 4-6).

**Response:** Admitted that Plaintiff is the subscriber and customary user of the cellular telephone number ending in 4154. (Lewis Decl. ¶¶ 4-6, 7-9, 7-11.)

**Defendant's Statement of Material Fact No. 3:** KDS is a marketing company that sends text messages to individuals who directly consent to receiving text messages from KDS. Exhibit 1 ("Affidavit of John Graves with Key Digital Strategies, LLC") ¶ 9.

**Response:** Admitted only that KDS is a marketing company that sends text messages. The remainder, that KDS sends text messages only to "individuals who directly consent", is disputed as applied to Plaintiff and objected to as immaterial to the legal issue framed by Defendant's Motion. The assertion rests on the conclusory Graves Affidavit, is unsupported by admissible evidence, and is contradicted by

1

Plaintiff's declaration that he never consented to receive messages from KDS or Poll2Action. (Lewis Decl. ¶¶ 12-13, 18-29.)

**Defendant's Statement of Material Fact No. 4:** KDS does not purchase contact lists nor use any list-serve-based contact lists to identify potential recipients for KDS's text messages. Exhibit 1 ¶¶ 15-16. KDS does not utilize Automatic Telephone Dialing Systems ("ATDS") with random or sequential number generators. Exhibit 1 ¶ 17. KDS only contacts individuals who manually opt in to receive KDS's text messages. Exhibit 1 ¶ 17.

**Response:** Disputed and objected to as immaterial to the Motion as framed by Defendant, which concedes that any consent dispute is "immaterial." (ECF No. 34-1 at 4.) The assertions regarding contact lists and the non-use of an automatic telephone dialing system are also immaterial to a claim under 47 U.S.C. § 227(c), the Do-Not-Call provision, which does not turn on the use of an ATDS. To the extent the paragraph asserts that Plaintiff "manually opt[ed] in," it is unsupported by admissible evidence and is contradicted by the Lewis Declaration. (Lewis Decl. ¶¶ 12-13, 18-29.)

**Defendant's Statement of Material Fact No. 5:** A person opts in to receiving KDS's text messages by providing the person's first name, last name, telephone number, and email address. Exhibit 1 ¶ 36. Additionally, the person must click a box that expressly states the person is consenting to receiving KDS's text

1

messages. Exhibit 1 ¶ 36. The person also affirms and certifies that said person is the owner and authorized user of the telephone number submitted to KDS. Exhibit 1 ¶¶ 5-6.

**Response:**  Disputed and objected to as immaterial. The paragraph describes a generic process, not any action actually taken by Plaintiff. To the extent it implies that Plaintiff completed that process, it is unsupported by admissible evidence and is contradicted by Plaintiff's declaration that he never submitted his number to Poll2Action, never created a Poll2Action account, and never checked any consent box. (Lewis Decl. ¶¶ 12-13, 18-29.)

**Defendant's Statement of Material Fact No. 6:**  When an individual opts in and consents to receiving KDS's text messages, KDS captures the individual's consent using proprietary software developed by KDS ("Software"). Exhibit 1 ¶ 18. Once a person enters first name, last name, telephone number, and email address and clicks the box, thereby acknowledging consent to the text messages, the Software captures the information by generating a timestamp, IP address, and user-agent string. Exhibit 1 ¶¶ 15, 17-18, 49. The Software also flags such person as an eligible recipient for KDS's text messages and enters them into a database with other eligible recipients. Exhibit 1 ¶¶ 18-19. KDS then utilizes the contacts in the database of only eligible recipients to send text messages. Exhibit 1 ¶ 20.

1

**Response:**  Disputed and objected to as immaterial and for the reasons stated in the Response to Statement No. 5. The paragraph describes a generic process, not any action actually taken by Plaintiff. That the Software generated a "timestamp, IP address, and user-agent string" associated with a third party does not establish consent by Plaintiff or by any authorized user of his number. Plaintiff expressly disclaims the same. (Lewis Decl. ¶¶ 18-29.)

**Defendant's Statement of Material Fact No. 7:**  Whenever KDS sends a text message, the text message contains instructions on how to opt-out of receiving any further text messages. Exhibit 1 ¶ 29. The instructions require that the eligible recipient replies "Stop," and no further action is required. Exhibit 1 ¶ 29. When an eligible recipient sends "Stop," the Software places the eligible recipient on to the Software's suppression list. Exhibit 1 ¶ 31. The Software does not allow for any contact on the suppression list to receive any text messages. Exhibit 1 ¶ 31.

**Response:**  Disputed and objected to as immaterial both to the motion and the Planitff's cause of action. Whether KDS's messages contained opt-out instructions, and whether a recipient could later reply "Stop," is irrelevant to whether KDS's transmission of unsolicited text-message calls to a number on the National DNC and violated 47 U.S.C. § 227(c)(5). A defendant cannot cure an unlawful solicitation by offering a means to halt further violations.

1

**Defendant's Statement of Material Fact No. 8:**  In 2025, KDS conducted a marketing campaign known as "Poll2Action." Exhibit 1 ¶ 2. KDS obtained Plaintiff's telephone number through an opt-in to receive KDS's text messages. Exhibit 1 ¶ 5.

**Response:**  Disputed and objected to as immaterial. Admitted that the opt-in record KDS relies upon identifies "shirel price." Disputed in that Shirel Price is a person other than Plaintiff, and Plaintiff never submitted his number or authorized anyone to do so. (ECF 34-2, Ex. 2; Lewis Decl. ¶¶ 18-29.)

**Defendant's Statement of Material Fact No. 9:**  The Software captured consent from a user of Plaintiff's telephone number, thereby consenting to receiving KDS's text messages. Exhibit 2 (a screenshot of the Software's capture of the consent, which was shared in discovery).

**Response:**  Admitted only that KDS claims to have generated a record naming "shirel price" at the email address priceshirel35@gmail.com. (ECF 34-2, Ex. 2.) Disputed and objected to as immaterial that this record reflects consent "from a user of Plaintiff's telephone number" or from any authorized user of that number. Disputed in that the named individual is not Plaintiff, and Plaintiff neither consented nor authorized the submission. (Lewis Decl. ¶¶ 18-29.)

1

**Defendant's Statement of Material Fact No. 10:**  KDS sent text messages to Plaintiff's telephone number. Exhibit 1 ¶¶ 40, 46).

**Response:**  Admitted.

**Defendant's Statement of Material Fact No. 11:**  Plaintiff interacted with the text messages sent by KDS as Plaintiff clicked the links within the text messages. Exhibit 1 ¶ 46.

**Response:**  Disputed and objected to as immaterial, both legally and as it pertains to the MSJ. The assertion that Plaintiff "clicked the links" is unsupported by competent admissible evidence and, in any event, is legally immaterial, since a recipient's interaction with a message after it is received cannot retroactively supply the prior express invitation or permission required for messages already sent. To the extent Plaintiff accessed any link, he did so only to identify the sender and to attempt to stop the unwanted calls. (Lewis Decl. ¶¶ 16-17.)

**Defendant's Statement of Material Fact No. 12:**  On April 29, 2025, Plaintiff replied "Stop." Exhibit 1 ¶ 46. KDS did not send any additional text messages to (404) XXX-4154. Exhibit 1 ¶ 50.

**Response:**  Admitted that Plaintiff replied "STOP" on April 29, 2025. (Lewis Decl. ¶ 15.) The remainder is immaterial to the Motion.

1

**Defendant's Statement of Material Fact No. 13:**   KDS interacted with Plaintiff only through text messages. Exhibit 1 ¶ 46. KDS never called Plaintiff. Exhibit 1 ¶ 13.

**Response:**  Admitted that KDS communicated with Plaintiff exclusively by text message calls and did not place a live, oral voice call. Disputed and objected to insofar as the paragraph implies that text messages are not "telephone calls" within the meaning of 47 U.S.C. § 227(c)(5). Objected to as immaterial and as a legal conclusion, not a material fact, and it is incorrect for the reasons set forth in Plaintiff's accompanying Opposition Brief.

To the extent the SUMF incorporates the unnumbered concluding paragraph on page 4, Plaintiff objects on the basis that it is unnumbered and that the paragraph states a contested legal conclusion, not a material fact, and is addressed in full in Plaintiff's Opposition Brief.

1

## PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS

Pursuant to Local Rule 56.1(B)(2), Plaintiff submits the following additional material facts, without conceding that any fact is material to the purely legal question the Motion presents:

1.      Plaintiff is the subscriber and customary user of the cellular telephone number ending in 4154, which he uses for personal, family, and household purposes and pays for from his personal accounts. (Lewis Decl. ¶¶ 4, 7-11.)

2.      Plaintiff's telephone number has been registered on the National Do-Not-Call Registry since well before April 2025. (Lewis Decl. ¶¶ 4-5.)

3.      The opt-in record on which KDS relies identifies "shirel price" at the email address priceshirel35@gmail.com, a person other than Plaintiff. (ECF 34-2, Ex. 2; Graves Aff. ¶¶ 5-6; Lewis Decl. ¶¶ 25-27.)

4.      Plaintiff is not Shirel Price, does not use the email address priceshirel35@gmail.com, does not know Shirel Price, never submitted his telephone number to Poll2Action, never created a Poll2Action account, and never authorized any third party to submit his number or consent on his behalf. (Lewis Decl. ¶¶ 18-29.)

5.      Between on or about April 15 and April 29, 2025, KDS sent at least six unsolicited marketing text message calls to Plaintiff's cellular telephone number on

1

the National Do Not Call Registry. (SUMF ¶ 10; Graves Aff. ¶¶ 4, 45-47; Lewis Decl. ¶¶ 4-5, 14, 35, 37.)

6.      KDS transmitted each of those messages as a text directed to Plaintiff's cellular telephone number; the messages were telephone-to-telephone communications addressed to a telephone number, and KDS placed no live voice call. (SUMF ¶ 13.)

Date: May 21, 2026.

*/s/ Anthony I. Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com
Attorney for Plaintiff

**CERTIFICATE OF COUNSEL**

I hereby certify that the foregoing was prepared, in accordance with L.R. 5.1(C), by a computer process on one side of the page only, was double spaced between lines, and was not materially defaced by erasures or interlineations. I further certify that the foregoing was prepared in Times New Roman, 14-point font.

Date: May 20, 2026

*/s/ Anthony I. Paronich*

1

Anthony I. Paronich

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a copy to all counsel of record.

Date: May 20, 2026

/s/ *Anthony I. Paronich*
Anthony I. Paronich

1